UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| KLEEN PRODUCTS LLC, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:10-cv-05711 (Related case: 10-cv-06797) |
| Plaintiff, | ) ) | Honorable Milton I. Shadur |
| vs. | ) ) | |
| PACKAGING CORPORATION OF AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

PLAINTIFF THULE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
APPOINT ROBBINS GELLER RUDMAN & DOWD LLP AS INTERIM
LEAD COUNSEL AND MILLER LAW LLC AS INTERIM LIAISON COUNSEL

586360_1

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND ..................................................................................................................1

II. THE COURT SHOULD APPOINT ROBBINS GELLER RUDMAN & DOWD LLP AS INTERIM LEAD COUNSEL BECAUSE SUCH AN ORDER WILL BEST SERVE THE INTERESTS OF THE CLASS ..........................................................2

    A. Robbins Geller's Lawyers Are Experts in Antitrust Law and Complex Class Action Litigation ................................................................................3

    B. Robbins Geller Is Committed to Devoting Its Considerable Resources to Litigating this Case ...............................................................................6

    C. Counsel Have Performed Substantial Work Investigating Plaintiffs' Claims ...........................................................................................................7

    D. Miller Law LLC Will Serve as Able and Experience Local Counsel ......................7

III. APPOINTING A SINGLE FIRM AS LEAD COUNSEL IS EFFICIENT ........................8

IV. A MOTIVATED AND INVOLVED PLAINTIFF WILL KEEP COSTS IN CHECK AND WILL AID IN THE EFFICIENT PROSECUTION OF THE LITIGATION .........................................................................................................................9

V. CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

*In re Currency Conversion Fee Antitrust Litig.*,
  263 F.R.D. 110 (S.D.N.Y. 2009) ..................................................................................3

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*,
  529 F. Supp. 2d 644 (S.D. Tex. 2006) ..........................................................................3

*In re Reliant Sec. Litig.*,
  No. 02-1810, 2002 U.S. Dist. LEXIS 27777
  (S.D. Tex. Aug. 27, 2002) ............................................................................................9

*Schriver v. Impac Mortg. Holdings, Inc.*,
  No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607
  (C.D. Cal. May 1, 2006) ...............................................................................................9

*In re Telesphere Int'l Sec. Litig.*,
  753 F. Supp. 716 (N.D. Ill. 1990) ................................................................................7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §1 ..................................................................................................................................1

Federal Rules of Civil Procedure
  Rule 23(g) .................................................................................................................1, 2
  Rule 23(g)(1)(A)(i) .......................................................................................................2
  Rule 23(g)(1)(A)(ii) ......................................................................................................2
  Rule 23(g)(1)(A)(iii) .....................................................................................................2
  Rule 23(g)(1)(A)(iv) .....................................................................................................2
  Rule 23(g)(1)(B) ...........................................................................................................2

**SECONDARY AUTHORITIES**

*Manual for Complex Litigation* (Fourth),
  §21.272 (2005) .........................................................................................................2, 9

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, plaintiff Thule, Inc. ("Thule") requests that this Court enter an order appointing Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as interim lead counsel.[1]

## I.   BACKGROUND

On October 21, 2010, Thule filed an antitrust class action complaint alleging that defendants conspired to fix the prices of containerboard in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

Plaintiffs allege that defendants,[2] the top manufacturers in the containerboard industry, violated Section 1 of the Sherman Act by agreeing to coordinate reductions in containerboard production.[3] Defendants agreed to decrease output at operating containerboard mills and agreed to idle some mills altogether despite increased or steady demand.[4] ¶¶66, 72, 75, 84, 94, 109, 117, 121, 151, 152, 160. The resulting decrease in the supply of containerboard enabled defendants to raise prices to *supra*-competitive levels. *Id*. In fact, defendants engaged in a series of steady price increases during the class period, including three in 2010 alone. Those increases have resulted in record price levels. ¶¶9, 161-163.

---

[1]   Plaintiff also requests Miller Law LLC be appointed liaison counsel.

[2]   Defendants named in the Consolidated and Amended Complaint for Violation of the Sherman Act, filed November 8, 2010 ("Consolidated Complaint"), are Packaging Corporation of America, International Paper, Weyerhaeuser Company, Georgia Pacific LLC, Temple-Inland, Inc., Cascades Canada, Inc., Norampac Holdings U.S. Inc. and Smurfit-Stone Container Corp. Plaintiff Thule does not assert a claim against Smurfit-Stone.

[3]   Containerboard is the principal raw material used to manufacture corrugated products, including packaging. Containerboard is made up of corrugated medium and linerboard. Defendants and their co-conspirators manufacture and sell linerboard, corrugated medium, containerboard and corrugated boxes, and other corrugated packaging.

[4]   All references to "¶" and "¶¶" are to the Consolidated Complaint.

Defendants' anticompetitive conduct cannot be explained away as independent parallel behavior. In fact, defendants confirm that market demand for containerboard remained stable or was expected to increase during the period of coordinated production capacity restriction. Similarly, no changes in production costs could account for defendants' substantial and repeated price increases. Indeed, during the class period, price increases outpaced cost increases by over 50%. ¶¶7, 66.

As a result of defendants' illegal agreements, plaintiffs and members of the class paid higher prices for containerboard than they would have in a competitive market.

## II. THE COURT SHOULD APPOINT ROBBINS GELLER RUDMAN & DOWD LLP AS INTERIM LEAD COUNSEL BECAUSE SUCH AN ORDER WILL BEST SERVE THE INTERESTS OF THE CLASS

This Court should appoint Robbins Geller as interim lead counsel because they are best able to represent the interests of the Class. In appointing class or interim counsel under Rule 23(g) of the Federal Rules of Civil Procedure, the Court must consider:

- counsel's experience in handling class actions;
- counsel's knowledge of antitrust law;
- the resources that counsel will commit to representing the class; and
- the work counsel has done in identifying or investigating potential claims in the action.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Court's task is to select the applicant or applicants best able to represent the interests of the Class. *Manual for Complex Litigation* (Fourth), §21.272 (2005); Fed. R. Civ. P. 23(g)(1)(B).

Robbins Geller easily satisfies all the requirements of Rule 23(g). Robbins Geller's lawyers are antitrust and class action experts, are committed to devoting their unmatched resources to representing the Class, and have performed substantial work investigating and identifying antitrust claims on behalf of Thule and the proposed Class.

- 2 -

586360_1

### A. Robbins Geller's Lawyers Are Experts in Antitrust Law and Complex Class Action Litigation

Robbins Geller's lawyers are recognized experts in complex class action litigation, including antitrust class actions. Their extensive experience and achievements on behalf of class members demonstrates that they are best suited to serve as lead counsel for the Class.

Courts have repeatedly praised Robbins Geller's lawyers for the results they have achieved for class members. In a recent decision approving an antitrust class action settlement in which Robbins Geller served as co-lead counsel, the court praised counsel for providing "extraordinarily high-quality representation" and for litigating with "enormous attention to detail and unflagging devotion to the cause." *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 129 (S.D.N.Y. 2009). In approving the $336 million settlement, the presiding judge said the attorneys "represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar." *Id.* Attorney Bonny E. Sweeney, who will take the lead in representing the class if the Court appoints Robbins Geller as lead counsel, served as co-lead counsel in that case.

Similarly, in the *Enron* case, Robbins Geller lawyers recovered more than $7 billion for class members as sole lead counsel. The presiding judge praised "[c]ounsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal." *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

In recognition of its expertise in antitrust class action litigation, Robbins Geller has been appointed as lead counsel in numerous significant federal antitrust class actions, and has achieved some of the largest recoveries on behalf of antitrust plaintiffs.[5] For example:

- *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.). Co-lead counsel (with two other firms). Pending.

- *In re Aftermarket Automotive Lighting Prods. Antitrust Litig.*, MDL No. 2007 (C.D. Cal.). Co-lead counsel (with three other firms). Pending.

- *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 (S.D.N.Y.). Co-lead counsel (with one other firm). Settled for $336 million.

- *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.). Co-lead counsel (with three other firms). Settled for $1.027 billion.

- *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.* (Carbon Fiber Antitrust Litigation), No. CV-99-7796 (C.D. Cal.). Co-lead counsel (with one other firm). Settled for $67.5 million.

- *In re Carbon Black Antitrust Litig.*, MDL No. 1543 (D. Mass.). Co-lead counsel (with three other firms). Settled for $20 million.

- *Hall v. NCAA* (Restricted Earnings Coach Antitrust Litigation), No. 94-2392-KHV (D. Kan.). Lead counsel for one of three classes of coaches. After successful jury trial, settled for more than $70 million.

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486 (N.D. Cal.). Served on executive committee. Settled for more than $325 million.

- *Microsoft I-V Cases*, J.C.C.P. No. 4106 (Cal. Super. Ct., San Francisco Cty.). Served on executive committee. Settled for $1.1 billion worth of relief for the business and consumer class members.

In addition to the outstanding recoveries in the antitrust arena, Robbins Geller has obtained many significant recoveries—including the largest class action recovery in history—for its investor clients. For example:

- *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.). Sole lead counsel in securities class action. Settled for more than $7.3 billion, the largest aggregate class action settlement in history.

---

[5] *See* Declaration of Bonny E. Sweeney in Support of Motion to Appoint Robbins Geller Rudman & Dowd LLP as Interim Lead Counsel ("Sweeney Decl.") filed concurrently herewith, Ex. 1 (Robbins Geller firm resume).

- *AOL Time Warner Cases I & II*, J.C.C.P. Nos. 4322 & 4325 (Cal. Super. Ct., Los Angeles Cty.). Represented dozens of opt-out plaintiffs. Settled for more than $629 million in aggregate.

- *In re WorldCom Sec. Litig.* (*Alaska Electrical Pension Fund v. CitiGroup, Inc.*), No. 03-CV-8269 (S.D.N.Y.). Represented more than 50 opt-out plaintiffs. Settled for more than $650 million in aggregate.

Ms. Sweeney, Robbins Geller's senior antitrust partner, serves as co-lead counsel in several national antitrust class actions, including *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y), *In re Aftermarket Automotive Lighting Products Antitrust Litigation*, MDL No. 2007 (C.D. Cal.) and *In re Currency Conversion Fee Antitrust Litigation*, MDL No. 1409 (S.D.N.Y.). A former Chair of the California Antitrust and Unfair Competition Law Section, and a Member of the Advisory Boards of the American Antitrust Institute and the Institute for Consumer Antitrust Studies, Ms. Sweeney has published numerous articles and book and treatise chapters on antitrust and unfair competition law, and is a frequent lecturer on these topics. Ms. Sweeney was one of the trial counsel in *Hall v. NCAA*, No. 94-2392-KHV (D. Kan.), an antitrust class action which resulted in a plaintiffs' verdict after a four-week jury trial. In 2007, Ms. Sweeney was recognized by *Competition Law 360* in its "Outstanding Woman in Antitrust" series.

Robbins Geller's lawyers are also experienced in bringing cases to trial and obtaining favorable jury verdicts. Several partners at the firm are former Assistant United States Attorneys with extensive criminal and civil trial experience and the firm includes more than 25 former federal and state judicial clerks. Robbins Geller also boasts a strong appellate department, with Supreme Court experience.[6]

---

[6] *See* Sweeney Decl., Ex. 1 at 42-89 (Robbins Geller attorney resumes).

### B. Robbins Geller Is Committed to Devoting Its Considerable Resources to Litigating this Case

Robbins Geller's resources are unmatched. With nearly 180 attorneys in eight offices nationwide, San Diego-based Robbins Geller is by far the largest firm in the United States specializing in complex class-action litigation on behalf of plaintiff classes. Supporting the attorneys are dozens of trained paralegals, in-house forensic accountants, investigators and litigation support specialists with access to the most cutting-edge information technology resources. Robbins Geller's technological capabilities far exceed those of most other plaintiffs' firms. In fact, the firm boasts an unparalleled high speed disk system that currently hosts more than 50 terabytes of data. The secure system is highly scalable and can host, onsite, a nearly limitless amount of data. The firm also uses the most advanced document review platforms. Combined with Robbins Geller's disk storage capabilities, the firm is able to host extremely large document productions and reduce dramatically the cost paid to outside vendors. In an antitrust case like this one, with several defendants and a long class period, there is a high likelihood that millions of documents will be produced. With its extensive resources, Robbins Geller can most effectively and efficiently prosecute this case.

Robbins Geller is among the best capitalized plaintiffs' law firm in the country, having recovered billions of dollars for consumers, businesses and shareholders over the years. The importance of selecting a well-capitalized law firm to represent plaintiffs and the proposed Class is especially important considering the resources and representation of the litigants on the other side of the bar. The defendants in this action are all large, publicly-held corporations represented by well-known national law firms. In order to ensure plaintiffs are best represented against these formidable adversaries, the class needs an aggressive, well-capitalized advocate willing to litigate this case effectively to its conclusion, up to and including trial, if necessary. Robbins Geller is uniquely qualified to fulfill this important role.

### C. Counsel Have Performed Substantial Work Investigating Plaintiffs' Claims

Lawyers at Robbins Geller have conducted a significant investigation into the claims alleged by Thule. They have reviewed thousands of pages of documents, conducted legal research, and consulted with a highly respected expert. Robbins Geller and its expert have, among other things, examined the structure and characteristics of the relevant market, reviewed analyst reports covering the industry, reviewed pricing trends and conducted research into the various trade association groups which facilitated the illegal price-fixing scheme. Counsel additionally investigated past allegations of certain defendants' anticompetitive conduct through research, including court filings. Robbins Geller is continuing its investigation into this case and will continue to do so. Robbins Geller lawyers and their expert performed substantial work on the Consolidated Complaint, working together with other plaintiffs' counsel.

### D. Miller Law LLC Will Serve as Able and Experience Liaison Counsel

Appointment of Miller Law LLC as liaison counsel will provide able and experienced local counsel in this case. The attorneys at Miller Law LLC, a litigation boutique law firm in Chicago, have many decades of experience in complex civil litigation, including antitrust actions, in this District.[7] The skill and experience of Miller Law LLC's attorneys has been recognized by numerous courts which have appointed the firm to leadership positions in complex antitrust and securities litigation. Two decades ago, this Court commented on Marvin Miller's skills and said that he is "an experienced securities law class action litigator and who also has 20 years [now 40 years] of practice under his belt. This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate." *In re Telesphere Int'l Sec. Litig.*, 753 F. Supp. 716, 719 (N.D. Ill. 1990) (Shadur, J.) Those

---

[7]     *See* Sweeney Decl., Ex. 2 (Miller Law LLC Resume).

same qualities continue and have been recognized by other courts in this District and across the country.[8]

In addition to their individual accomplishments, Robbins Geller and Miller Law LLC's lawyers have been appointed to serve together as lead and liaison counsel in numerous complex class actions in this District and by this Court. *See, e.g.*, *Jones v. Corus Bankshares, Inc.*, No. 09-1538 (N.D. Ill. 2009) (Bucklo, J.); *Plumbers and Steamfitters Local No. 7 Pension Fund v. Walgreen Co.*, No. 08-2162 (N.D. Ill. 2008) (Gottschall, J.); *Silverman v. Motorola, Inc.*, No. 07-4507 (N.D. Ill. 2007) (St. Eve, J.); *Takara Trust v. Molex Inc.*, No. 05-1245 (N.D. Ill. 2005) (Castillo, J.); *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, No. 05-7097 (N.D.Ill. 2005) (Aspen, J.); *Roth v. OfficeMax Inc.*, No. 05-236 (N.D. Ill. 2005) (Gottschall, J.); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Guzman, J.). They worked closely together in the prosecution and recent trial to jury verdict in the *Jaffe* case.

### III.  APPOINTING A SINGLE FIRM AS LEAD COUNSEL IS EFFICIENT

The appointment of a single firm as lead counsel provides important efficiencies that will be lost if the Court appoints multiple firms in a cumbersome class counsel leadership structure. A single firm, working with a sophisticated plaintiff who suffered significant losses, will result in streamlined litigation, with no duplication of effort among firms.

---

[8]  *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85 (D. Mass. 2005) (in granting final approval of $75 million settlement in which Marvin Miller served as co-lead counsel, the court noted that "Class counsel here exceeded my expectations in these respects [*i.e.*, experience, competence, and vigor] in every way"); *In re Evanston NW. Healthcare Corp. Antitrust Litig.*, No. 07-4446 (N.D. Ill. 2007) (Miller Law approved as co-lead counsel); *In re Flonase Antitrust Litig.*, No. 08-3301 (E.D. Pa. 2008) (Miller Law approved as Interim co-lead counsel for the Indirect Purchasers); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Miller Law approved as liaison counsel); *Makor Issues & Rights Ltd. v. Tellabs, Inc.*, No. 02-4356 (N.D. Ill. 2002) (same); *In re Sears Roebuck & Co. Sec. Litig.*, No. 02-7527 (N.D. Ill. 2002) (same).

Indeed, every aspect of the litigation can be streamlined with the appointment of Robbins Geller. "Although appointment of multiple law firms as lead counsel in certain circumstances may be beneficial to the litigation of a class action, appointment of co-counsel more commonly will create needless complications, administratively and otherwise, substantial multiplicity of effort, and materially increased litigation costs and expenses." *In re Reliant Sec. Litig.*, No. 02-1810, 2002 U.S. Dist. LEXIS 27777, at *10-*11 (S.D. Tex. Aug. 27, 2002).[9]

Costs will necessarily be reduced if a single firm manages the litigation. Moreover, Robbins Geller, because of its size and nationwide presence, can obtain volume discounts with numerous vendors, further cutting down on expenses.

### IV. A MOTIVATED AND INVOLVED PLAINTIFF WILL KEEP COSTS IN CHECK AND WILL AID IN THE EFFICIENT PROSECUTION OF THE LITIGATION

Appointment of Robbins Geller as interim lead counsel will promote the efficient and effective litigation of the case because the firm's client suffered significant losses as a result of defendants' unlawful conduct and is highly motivated to seek redress on its own behalf and on behalf of absent Class members. Thule is the world's leading manufacturer of sport racks, which are shipped and packed using containerboard products. On an annual basis, Thule purchases well over $1 million in containerboard products from defendants for use in its United States facilities.

The *Manual for Complex Litigation* counsels that an "'empowered plaintiff' approach to appointment of counsel in a securities class actions [may provide] a useful analogy for similar class actions brought by sophisticated plaintiffs with large losses or sizable claims." *Manual*, §21.272.

---

[9] *See also Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *27 n.10 (C.D. Cal. May 1, 2006) (courts should be "concerned that this multiplicity of counsel could impede the progress of the litigation, complicate discovery and communication among the parties, and increase the potential for conflict among the plaintiff class").

Because Thule likely purchased more containerboard than other plaintiffs that have filed suit, the *Manual's* analogy to securities cases where the plaintiff with the largest financial interest in the litigation is presumptively the lead plaintiff is especially apt. Moreover, as a large corporation, Thule is familiar with the requirements of complex litigation and will work closely with counsel to manage costs and efficiently prosecute the action.

## V. CONCLUSION

For the above reasons, Thule respectfully requests that this Court appoint Robbins Geller Rudman & Dowd LLP as interim lead counsel and Miller Law LLC as interim liaison counsel. Robbins Geller has the expertise, resources and commitment to litigate this case aggressively and successfully on behalf of the Class. Further, a leadership structure comprised of one large law firm serving as lead counsel together with liaison counsel will efficiently serve the needs of both the class and the Court.

DATED: November 12, 2010  Respectfully submitted,

By: /s/ *Marvin A. Miller*
Marvin A. Miller
Matthew E. VanTine
Lori A. Fanning
MILLER LAW LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)
mmiller@millerlawllc.com

- 10 -

Bonny E. Sweeney
Alexandra S. Bernay
Paula M. Roach
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Samuel H. Rudman
ROBBINS GELLER RUDMAN
 & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Jonathan P. Whitcomb
DISERIO MARTIN O'CONNOR
 & CASTIGLIONI LLP
One Atlantic Street
Stamford, CT 06901
Telephone: 203/358-0800
203/348-2321 (fax)

Attorneys for Plaintiff

- 11 -

586360_1