```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3     KLEEN PRODUCTS, LLC,           )  No. 10 C 5711
                                      )
 4                  Plaintiff,        )  Chicago, Illinois
                                      )  October 18, 2010
 5                                    )  9:15 o'clock a.m.
       -vs-                           )
 6                                    )
                                      )
 7     PACKAGING CORPORATION OF       )
       AMERICA, et al.,               )
 8                                    )
                    Defendants.       )
 9

10            TRANSCRIPT OF PROCEEDINGS - MOTION
             BEFORE THE HONORABLE MILTON I. SHADUR
11
       APPEARANCES:
12
       For the Plaintiff:     FREED KANNER LONDON & MILLEN LLC
13                            2201 Waukegan Road
                              Suite 130
14                            Bannockburn, Illinois 60015
                              BY:  MR. MICHAEL J. FREED
15                                 MR. STEVEN A. KANNER

16     For Defendant          NEAL GERBER & EISENBERG LLP
       International Paper:   Two North LaSalle
17                            Suite 2200
                              Chicago, Illinois 60602
18                            BY:  MR. SCOTT J. FISHER

19

20

21

22

23     Court Reporter:        ROSEMARY SCARPELLI
                              219 South Dearborn Street
24                            Room 1412
                              Chicago, Illinois  60604
25                            (312) 435-5815
```

| | |
|---|---|
| 1 | THE CLERK: 10 C 5711, Kleen Products versus |
| 2 | Packaging Corporation. |
| 3 | MR. FREED:  Good morning, your Honor, Michael |
| 4 | Freed, my partner Steven Kanner, we are representing the |
| 5 | plaintiff Kleen Products LLC. |
| 6 | MR. KANNER:  Good morning, your Honor. |
| 7 | MR. FREED:  We are here on a motion for |
| 8 | reassignment on relatedness pursuant to Rule 40.4.  The |
| 9 | defense counsel have filed a statement of nonopposition to |
| 10 | the motion.  So -- |
| 11 | THE COURT:  Well, I really hadn't meant for the |
| 12 | troops to get marshaled.  Sandy asked me do people have to |
| 13 | show up.  I told her people don't have to show up because of |
| 14 | the substance of the motion.  Obviously, it is going to get |
| 15 | granted. |
| 16 | The reason is a somewhat different one, and that |
| 17 | has to do with what I know had been loosely referred to |
| 18 | earlier on as consolidation.  And the -- the concept that I |
| 19 | gather is intended, and that is that a single complaint would |
| 20 | be substituted for the package of clients and so we end up |
| 21 | with one lawsuit. |
| 22 | But the very fact that all of you are assembled |
| 23 | here is one of the reasons for my asking that people show up, |
| 24 | because all of you know that I am one of the mavericks who |
| 25 | some years ago, as a result of inheriting a case with a |

1  gaggle of requests for fees, said -- dropped a footnote
2  saying, you know, if this comes before me again, I am going
3  to consider the possibility of bidding, which is not an
4  auction, I emphasize, to decide who counsel would be to
5  handle the case.  And I have done that on a couple of
6  occasions.
7         The first one actually was an antitrust action.
8  And my experience had been that the result of the bidding
9  process, in which I emphasize is not an auction because
10 quality is one of the key considerations in deciding counsel
11 as well, not just who is a bargain-basement bidder.  The
12 result has been in each instance in which I have employed it
13 a fee that was much less than what has been thought of as the
14 norm, the norm being based on the false analogy to our
15 egalitarian economy when PI cases used to carry an automatic
16 one-third in the 19th Century.
17        So all of this is a prelude to my just asking
18 whether counsel have talked about or thought about the
19 question of if we end up with a single lawsuit, how is it
20 contemplated that the lawsuit is going to be handled on the
21 plaintiffs' side?
22        MR. FREED:  Your Honor, I think we are the only
23 plaintiffs from here.  I don't know if that is the case, but
24 I don't recognize any of the other gentlemen and ladies who
25 are here.  And I happen to have been one of the counsel who

1  was involved in the first case which you sent out for bidding
2  which was the antitrust case.
3         THE COURT:  I know that.
4         MR. FREED:  And I know you know that.  So as a
5  result of that we intend to operate this case very
6  efficiently.  If you notice, although there are separate
7  cases filed because there were lawyers who had individual
8  clients, it is essentially the same law firms who are
9  involved in almost all these cases.  And the intent would be
10 here, if at the time of filing of an individual complaint, to
11 operate it very efficiently, to operate it with a minimum
12 number of lawyers involved.  And everybody whom has filed
13 through our firm is aware of that and has agreed to that and
14 understands that.  So that is the commitment we would make to
15 the Court in terms of handling this case.
16        THE COURT:  Because you were here, I trust you will
17 remember that when -- when the issue first came up in the
18 case in which I said, you know, I am considering the
19 possibility of -- of bidding -- and, as I say, it was an
20 antitrust action -- Mel Weiss who was a part of the assembly
21 of plaintiffs' lawyers at that time -- I don't know, there
22 was a whole host of plaintiffs' lawyers -- said, well, Judge,
23 is it okay if we confer among ourselves about this?  And I
24 said, well, wait a minute, you are asking in an antitrust
25 lawsuit whether you can engage in a conspiracy in restraint

1   of trade?  And I said, no, you may not.  So I required
2   individual approaches, as you may remember.
3           MR. FREED:  I do recall, your Honor.
4           THE COURT:  But, look, I -- as I said, I simply
5   wanted -- and I guess maybe the only thing that I will say up
6   front is that I -- that experience for me at least has been
7   that what had been a kind of traditional norm really doesn't
8   -- doesn't fit, and it is not a matter of one size fits all.
9   So I am perfectly happy to have the -- these cases before me.
10  I am perfectly happy to have a single case before me, if that
11  is the way in which it is going to be done.  And so I am
12  granting the motion.
13          So let me then ask the next question, and that is
14  do you contemplate doing whatever you need to to provide a
15  single action and then dismiss out the other three, or how do
16  you plan to do that?
17          MR. FREED:  There will be a single action.  We will
18  voluntarily dismiss out the other three.  There may be one
19  more than one plaintiff in the single action.
20          THE COURT:  I understand that, of course.
21          MR. FREED:  This case, like any --
22          THE COURT:  Actually, you know, after all Kleen
23  products filed it essentially as a putative class action.
24          MR. FREED:  Correct.  Correct.
25          THE COURT:  And I -- I assume the others probably

1  have comparable allegations.
2       MR. FREED: They are very -- yes, almost identical
3  allegation, except for the nature of the business of the
4  individual plaintiffs.
5       THE COURT: Yeah. Good.
6       MR. FREED: And we will probably be doing that
7  within 45 days, thereabouts, your Honor.
8       THE COURT: Okay. Well, then --
9       MR. FREED: Unless you would prefer a faster
10 schedule, but that is sort of what we all --
11      THE COURT: Well, I would think the earlier the
12 better because that way defendants are going to know in terms
13 of their responsive pleadings. And I don't see any point in
14 compelling them to respond basically to the ones that are
15 sitting here, to the extent that those are going to go away.
16      MR. FREED: We have agreed with that, your Honor.
17 We have actually had agreements with the defendants. They
18 are not obliged to respond. And I think that was in the
19 papers last time we were before you.
20      THE COURT: So your best judgment is you are going
21 to have a complaint on file and -- are you going to use the
22 lowest numbered one as the case number for that?
23      MR. FREED: We are, your Honor, because there is no
24 MDL number.
25      THE COURT: Right.

1    MR. FREED:  All the cases are before you.
2    THE COURT:  Well, that is the other question I was
3    going to ask.  Are there, to your knowledge, people coming
4    out of the woodwork who might somehow create the MDL?
5    MR. FREED:  We were aware of other lawyers.  A case
6    like this does generate interest from other lawyers.  To my
7    knowledge -- perhaps defendants have information on this as
8    well -- we don't see any other filings --
9    THE COURT:  Okay.
10   MR. FREED:  -- or any other jurisdiction which
11   would cause an MDL filing.
12   THE COURT:  Okay.
13   MR. FREED:  So to the best of our knowledge, the
14   case will be here in this district.
15   THE COURT:  Okay.  So I come back to my earlier
16   question, and that is what is your best guess as to when you
17   are going to get a single pleading on issues so that -- on
18   file so that counsels' time for response would be geared to
19   that?
20   MR. FREED:  I would say to the Court we could do it
21   within 30.  I mean if the Court -- I understand you feel that
22   there is a benefit to getting the defense counsel to consider
23   the response earlier, so let's say 30 days, if that is okay
24   with the Court.
25   THE COURT:  Okay.  But if it is going to take that

1   long, I expect that the parties will engage, pending that, in
2   the necessary advance disclosures under Rule 26 so that that
3   will facilitate any paper follow-up discovery because, as all
4   of us know, you no longer have to ask for everything from the
5   beginning of the world to the date of these presents, one of
6   the few positive aspects of the Rule 26 advance disclosures,
7   which our District entered into kicking and screaming, is
8   that aspect of it.  So I expect that will be done.  So you
9   will be doing that.
10          I will -- now, have you talked about how long after
11  this amended complaint is going to be filed the defendants
12  would be responding?  Anybody discuss that yet?
13          MR. FISHER:  Your Honor, Scott Fisher for
14  International Paper Company.  We have not yet had those
15  discussions.
16          THE COURT:  My guess is that it is not going to
17  depart materially from what you have here.  So I would think
18  that it should not take very long, after you have gotten the
19  thing, in order to get the responsive pleadings in.  I would
20  think no more than two or three weeks at the outside.
21          MR. FISHER:  Your Honor, I -- just on behalf of
22  International Paper Company, I -- I am not in a position to
23  guess, your Honor, about what it will say.  So --
24          THE COURT:  I tell you what I am going to do,
25  rather than guessing:  We are going to have an answer.  So

1   what we are going to get is this:  I will give 21 days to
2   file the single pleading.  I won't call it consolidated
3   pleading, but it is single pleading, which would mean
4   November 8th for that.  And then I will give -- I will give a
5   little more than three weeks after that because you have got
6   the Thanksgiving holiday intervening.  So I will give you
7   until, let's say, December 3rd for the responsive pleading.
8   And then -- make a note here.
9           And then I think it would make sense for us to have
10  a status very shortly after that, maybe in the following
11  week, to find out what everybody has done in terms of the
12  questions of advance disclosures.  I don't set, as I think
13  everybody knows, a schedule at the beginning of a case
14  because I have yet to see the schedule that is set at the
15  beginning of the case that didn't get vacated.  I mean, you
16  know, especially in a complex case such as this one.  The
17  idea of saying, okay, here is my crystal ball and here is
18  when you have to file dispositive motions is when you -- is
19  silly.  So I would try to cheerfully amend Rule 16 if I
20  could, but I can't.  Okay?
21          So that is in the following week, the -- maybe the
22  8th.  If I get the hard copy on December 3rd or by
23  December 3rd, I could give you either the 8th which is
24  Wednesday, or the 9th, Thursday, or the 10th which is Friday,
25  any of those days.

1  MR. FREED: Your Honor, I don't mean to interfere,
2 but you had already set a status for the 13th of 9:00 a.m.
3  THE COURT: 13th of?
4  MR. FREED: Of December.
5  THE COURT: Oh, so let's keep that.
6  MR. FREED: So, yes.
7  THE COURT: Okay. That is fine.
8  All right. I think that is all, unless anybody
9 else has something.
10  Okay. Thank you all.
11  MR. FISHER: Thank you, your Honor.
12  MR. KANNER: Thank you, your Honor.
13  MR. FREED: Thank you, your Honor.
14  (Which were all the proceedings heard.)
15                     CERTIFICATE
16  I certify that the foregoing is a correct transcript
17 from the record of proceedings in the above-entitled matter.
18
19 s/Rosemary Scarpelli/          Date: October 18, 2010
20
21
22
23
24
25