IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
KLEEN PRODUCTS LLC, et al.,      )   No. 10 C 5711
                                 )
                  Plaintiffs,    )   Chicago, Illinois
                                 )   November 9, 2010
                                 )   10:15 o'clock a.m.
 -vs-                            )
                                 )
                                 )
PACKAGING CORPORATION OF         )
AMERICA, et al.                  )
                                 )
                  Defendants.    )
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

```
For the Plaintiffs:        FREED KANNER LONDON & MILLEN LLC
                           2201 Waukegan Road
                           Suite 130
                           Bannockburn Illinois 60015
                           BY:  MR. WILLIAM H. LONDON

For Plaintiff Thule:       MILLER LAW LLC
                           115 South LaSalle Street
                           Suite 2910
                           Chicago, Illinois 60603
                           BY:  MR. MARVIN A. MILLER

For the Defendant          KIRKLAND & ELLIS LLP
Packaging Corporation      300 North LaSalle Street
of America:                Chicago Illinois 60654
                           BY:  MR. DANIEL E. LAYTIN




Court Reporter:            ROSEMARY SCARPELLI
                           219 South Dearborn Street,
                           Room 1412
                           Chicago, Illinois  60604
                           (312) 435-5815
```

1    APPEARANCES:   (Continued)

2    For Defendant              GIBSON DUNN & CRUTCHER LLP
     International              555 Mission Avenue
3    Paper:                     Suite 3000
                                San Francisco California 94105
4                               BY:  MR. GEORGE A. NICOUD, III
                                          and
5                               EIMER STAHL KLEVON & SOLBERG LLP
                                224 South Michigan Avenue
6                               Suite 1100
                                Chicago, Illinois 60604
7                               BY:  MR. NATHAN P. EIMER

8    For Defendants             K&L GATES LLP
     Cascades, Inc. and         70 West Madison Street
9    Norampac Industries:       Suite 3100
                                Chicago Illinois 60602
10                              BY:  MR. SCOTT M. MENDEL

11   For Defendant              McDERMOTT WILL & EMERY
     Weyerhaeuser Company:      227 West Monroe Street
12                              Suite 4400
                                Chicago Illinois 60606
13                              BY:  MS. JENNIFER A. DIVER

14   For Defendant              FIGLIULO & SILVERMAN
     Georgia Pacific:           Ten South LaSalle Street
15                              Suite 3600
                                Chicago, Illinois 60603
16                              BY:  MR. JAMES R. FIGLIULO

17   For Defendant              MAYER BROWN LLP
     Temple-Inland:             71 South Wacker Drive
18                              Chicago, Illinois 60606
                                MR. ANDREW S. MAROVITZ
19
     For Defendant              WINSTON & STRAWN LLP
20   Smurfit-Stone:             35 West Wacker Drive
                                Chicago, Illinois 60601
21                              BY: MR. R. MARK McCAREINS
                                    MR. JAMES F. HERBISON
22

23

24

25

1             THE CLERK:  10 C 5711, Kleen Products versus

2   Packaging Corporation.

3             THE COURT:  Sandy filled out -- figured out a way

4   to fill up the courtroom I see.  And I shudder to think of

5   the hourly rates, so I am going to talk fast.

6             Anyway, would you identify yourselves maybe from

7   our left to our right, so that -- so that we can get them

8   right.

9             MR. NICOUD:  Good morning, your Honor, Trey Nicoud

10   on behalf of International Paper.

11             MR. EIMER:  Good morning, your Honor, Nate Eimer on

12   behalf of International Paper.

13             MR. FIGLIULO:  Good morning, your Honor, Jim

14   Figliulo on behalf of Georgia Pacific.

15             MR. LONDON:  Good morning, your Honor, William

16   London on behalf of the plaintiffs.

17             MR. MILLER:  Good morning, your Honor, Marvin

18   Miller on behalf of Thule, Inc.

19             MR. McCAREINS:  Mark McCareins on behalf of

20   Smurfit-Stone.

21             MR. MAROVITZ:  Andy Marovitz on behalf of

22   Temple-Inland.

23             MR. HERBISON:  Jim Herbison on behalf of

24   Smurfit-Stone.

25             MR. MENDEL:  Scott Mendel on behalf of Cascades and

1   Norampac.

2           MS. DIVER:  Jennifer Diver on behalf of

3   Weyerhaeuser Company.

4           MR. LAYTIN:  And good morning, Dan Laytin for

5   defendant PCA.

6           THE COURT:  Good morning.  Well, as you know, this

7   case was brought on by a motion, but I wanted to ask a

8   preliminary question because of the notification that I have

9   gotten in connection -- as all of us have gotten in

10  connection with Smurfit-Stone, and that has to do with

11  whether the stay that is involved as to them impacts on the

12  ability to go forward with the other cases.  I know that

13  nobody else is entitled to a stay, but, on the other hand, I

14  am always concerned about discovery that gets taken and may

15  have to be redone because the party that is not involved

16  might have other ideas about what ought to take place.  And

17  sometimes that is not -- that is not a cost efficient way to

18  approach litigation.  So maybe I ought to ask that of counsel

19  for plaintiff in those terms.

20          MR. MILLER:  Your Honor, on behalf of Thule we

21  voluntarily dismissed, pursuant to Rule 41, the claims

22  against Smurfit-Stone.

23          THE COURT:  Okay.  And that applies to all the

24  cases that are before me?

25          MR. MILLER:  No, that is just -- as a matter of

1    fact, yesterday there was a consolidated amended complaint

2    that was filed.

3             THE COURT:  Oh really.

4             MR. MILLER:  I don't know if your Honor received

5    it.  I didn't file it.

6             THE COURT:  I did not, because that was going to be

7    my next question.

8             MR. MILLER:  Right.  And in that we also indicated

9    on behalf of Thule that we had dismissed against

10   Smurfit-Stone.

11            THE CLERK:  Okay.  Great.  Thank you.  There you

12   go.

13            MR. MILLER:  I don't believe that applies to the

14   remaining plaintiffs in the other cases.

15            MR. LONDON:  That is correct, your Honor.

16   Smurfit-Stone is still listed.

17            THE COURT:  Okay.  So here is what we are going to

18   do:  First, because this is necessary in order to get Thule

19   -- is that how you pronounce it, Thule?

20            MR. MILLER:  Thule.

21            THE COURT:  Yeah -- into the case I am granting

22   that motion for reassignment on relatedness grounds.  Okay.

23   So then all the cases come before me.

24            The second thing is that with the consolidated and

25   amended complaint having been tendered as had been promised

1    previously, I gather that the thing to do with respect to the

2    other constituent cases is to dismiss them without prejudice,

3    unless there is something about the consolidated complaint

4    that says don't do that.

5            MR. LONDON:  Well, we -- we tendered a consolidated

6    complaint for the purpose of bringing everything into that

7    one complaint, so I don't think we have any problem at all.

8            THE COURT:  Could I -- could I move to strike that

9    as nonresponsive?  That gets -- that either gets a yes or a

10   no answer I think.

11           MR. LONDON:  Could you re-ask the question then.

12           THE COURT:  The question is, do all the other cases

13   get dismissed without prejudice, the other higher-numbered

14   cases?

15           MR. LONDON:  Yeah, everything should be now into

16   the consolidated case.

17           THE COURT:  Okay.  So that is the second order of

18   business.

19           Now, the next order of business has to do with the

20   need on the part of the defendants to respond to the

21   consolidated and amended complaint.  And in that respect I

22   don't know if you have had enough opportunity to take a look

23   at it to see whether -- or what kind of time frame you may

24   need for that purpose.  And I should ask relatedly whether

25   anybody anticipates, at least at this point, that the

1    responsive pleading may be a motion rather than an answer.

2    So I guess I would like maybe each of the counsel for each of

3    the defendants to respond.  That way I can get a handle on

4    setting a time for the response and also see whether I ought

5    to have a two-part order, one for any motions attacking

6    sufficiency of the complaint and another one for an answer,

7    because the latter is something that may require, for

8    example, more involvement internally in order to get the

9    facts for the answer.

10                So why don't we go down the road, if we may.

11                MR. NICOUD:  Thank you, your Honor.  Trey Nicoud

12    for International Paper.  We have had only a limited time to

13    review the complaint.  It came in late last night.

14                THE COURT:  Yeah.

15                MR. NICOUD:  I do believe, your Honor, the

16    defendants for a couple reasons would appreciate extending

17    the time frame that we currently have.  I do think there is

18    some new allegations in the complaint.  The class definition

19    I believe has changed.

20                THE COURT:  Yeah.

21                MR. NICOUD:  There is some additional plaintiffs

22    and in addition -- and counsel for Smurfit-Stone can address

23    this in greater detail -- we are -- we are all trying to

24    assess what do we do with the status of Smurfit-Stone in

25    light of the bankruptcy pleadings.  Thule has dismissed

1   Smurfit-Stone.  The other plaintiffs have not.  They have

2   said that they are limiting the claims.  But I am just giving

3   you a very, very -- what I gather from the very quick review

4   of the amended complaint.

5           There are hearings scheduled before the Bankruptcy

6   Court for later this month.  I think the defendants -- and we

7   have raised this with plaintiffs' counsel.  They have

8   indicated --

9           THE COURT:  I know there are reasons.  You don't

10  have to detail them.  Just give me a time, a date.  Okay?

11          MR. NICOUD:  Your Honor, what defendants thought

12  would make sense, in light of proceedings in the Bankruptcy

13  Court, is to leave on the calendar the status conference that

14  you have set for December 13 and for the parties to appear

15  before you then.

16          THE COURT:  In other words, not to order anything

17  now in terms of responsive pleading but see what the thing --

18  how it has played out until the December 13th date?

19          MR. NICOUD:  Yes, your Honor.

20          THE COURT:  Is that true as to all the defendants?

21          MR. FIGLIULO:  Yes, your Honor, George Pacific

22  joins.

23          THE COURT:  All except for Smurfit-Stone?

24          MR. McCAREINS:  Well, I would even -- on behalf of

25  Smurfit-Stone I would join in that too and to amend --

1        THE COURT:  Okay.

2        MR. McCAREINS:  We sent you a scheduling order from

3  Judge Shannon.  At plaintiffs' request that hearing date in

4  Delaware has now been moved to November 22nd.  So how quickly

5  he will rule, I don't know.  But hopefully by December 13th

6  we will have some closure on those issues.

7        THE COURT:  Okay.  So the answer is then I will not

8  not now set a schedule with respect to the responsive

9  pleading.  And I will, as indicated, see you at 9:00 o'clock

10  I think it is -- right, 9:00 o'clock on December 13th.  Okay?

11        MR. MILLER:  I think, your Honor, there is a date

12  already December 3rd for response --

13        THE COURT:  I will vacate that --

14        MR. MILLER:  -- that probably should be stricken.

15        THE COURT:  -- obviously.  That had to do with

16  prior pleadings.

17        Okay, everybody?  Thank you.

18        MR. McCAREINS:  Thank you.

19        MR. FIGLIULO:  Have a good day.

20        THE COURT:  You too.

21        (Which were all the proceedings heard.)

22

23

24

25

1        CERTIFICATE

2        I certify that the foregoing is a correct transcript

3    from the record of proceedings in the above-entitled matter.

4

5    s/Rosemary Scarpelli/        Date:  November 15th, 2010

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25