IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KLEEN PRODUCTS LLC; R.P.R. ENTERPRISES, INC.; MIGHTY PAC, INC., FERRARO FOODS, INC.; FERRARO FOODS OF NORTH CAROLINA, LLC; DISTRIBUTORS PACKAGING GROUP, LLC; RHE HATCO, INC.; THULE, INC.; and CHANDLER PACKAGING, INC., individually and on behalf of all those similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>PACKAGING CORPORATION OF AMERICA; INTERNATIONAL PAPER COMPANY; NORAMPAC INDUSTRIES INC.; CASCADES, INC.; DOMTAR CORPORATION; WEYERHAEUSER COMPANY; GEORGIA PACIFIC LLC; TEMPLE-INLAND INC.; and SMURFIT-STONE CONTAINER CORPORATION<br><br>      Defendants. | Case No. 10-cv-05711<br>Honorable Milton I. Shadur |

**SMURFIT-STONE CONTAINER CORPORATION'S
MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT**

  Defendant Smurfit-Stone Corporation ("Smurfit"), by its attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss the claim in the Consolidated and Amended Complaint ("Complaint") against Smurfit.[1] In support thereof, Smurfit states as follows:

  1.  Plaintiffs filed their Complaint against Smurfit and other containerboard manufacturers on November 8, 2010, alleging a single count under Section 1 of the Sherman

---

[1] Concurrent with the filing of this individual Motion, Smurfit also partially joins Defendants' Joint Memorandum of Law in Support of Defendants' Motions to Dismiss the Consolidated and Amended Complaint to the extent it addresses common issues and legal standards that are applicable to those allegations directed at Smurfit.

Act, 15 U.S.C. § 1.  Plaintiff Thule, Inc., unlike the other Plaintiffs, has not made any claim against Smurfit in the Complaint.  (*See* Compl. ¶ 22).  The Complaint alleges that Defendants entered into a conspiracy to "artificially raise, fix, maintain, and/or stabilize prices for Containerboard Products in the United States."  (*Id.* ¶ 197).

2. Although Plaintiffs allege a class period from August 2005 through the present, Plaintiffs claim that Smurfit first "joined the conspiracy" on July 1, 2010 – immediately after it was discharged from Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware.  (*Id.* ¶ 22).  As Plaintiffs allege that Smurfit joined the alleged conspiracy "[a]fter its discharge" from bankruptcy, the Complaint makes clear that Plaintiffs "seek[] to recover damages from Smurfit-Stone for post-discharge conduct only."  (*Id.*)

3. This Court should dismiss Smurfit from this case.  First and foremost, Plaintiffs failed to allege *any* of the factual predicates necessary to plausibly suggest that Smurfit joined the alleged conspiracy only hours after emerging from bankruptcy.  Furthermore, Plaintiffs alleged that Smurfit conducted only three acts in furtherance of the conspiracy after it was discharged from bankruptcy, but none of those acts plausibly suggests that Smurfit entered into an illegal conspiracy.  Accordingly, Plaintiffs' claim against Smurfit should be dismissed with prejudice.

WHEREFORE, for the foregoing reasons and as set forth in further detail in Smurfit-Stone Container Corporation's Memorandum in Support of its Motion to Dismiss attached hereto and Defendants' Joint Memorandum of Law in Support of Defendants' Motions to Dismiss the Consolidated and Amended Complaint, Smurfit respectfully requests that this Court dismiss Plaintiffs' Complaint against it.

Dated: January 14, 2011

Respectfully submitted,

SMURFIT-STONE
CONTAINER CORPORATION

By: /s/ R. Mark McCareins
    One of its Attorneys

R. Mark McCareins
Michael P. Mayer
James F. Herbison
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
rmccareins@winston.com
mmayer@winston.com
jherbison@winston.com

*Attorneys for Defendant*
*Smurfit-Stone Container Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January, 2011, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

/s/ R. Mark McCareins
One of the Attorneys for Defendant
Smurfit-Stone Container Corporation