**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KLEEN PRODUCTS LLC; R.P.R. ENTERPRISES, INC.; MIGHTY PAC, INC.; FERRARO FOODS, INC.; FERRARO FOODS OF NORTH CAROLINA, LLC; DISTRIBUTORS PACKAGING GROUP, LLC; RHE HATCO, INC.; THULE, INC.; and CHANDLER PACKAGING, INC., individually and on behalf of all those similarly situated, | |
| Plaintiffs, | Case No. 10-cv-05711 |
| v. | Honorable Milton I. Shadur |
| PACKAGING CORPORATION OF AMERICA; INTERNATIONAL PAPER; CASCADES CANADA, INC.; NORAMPAC HOLDINGS U.S. INC.; WEYERHAEUSER COMPANY; GEORGIA PACIFIC LLC; TEMPLE-INLAND INC.; TIN INC.; and SMURFIT-STONE CONTAINER CORPORATION, | |
| Defendants. | |

**PACKAGING CORPORATION OF AMERICA'S
MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT**

Defendant Packaging Corporation of America ("PCA"), by its attorneys, respectfully moves this Court to dismiss with prejudice Plaintiffs' Consolidated and Amended Complaint ("Complaint") against PCA pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of its motion, PCA states as follows:

1. On November 8, 2010, Plaintiffs filed their Complaint against PCA and other containerboard manufacturers, alleging a conspiracy to restrict supply and increase prices in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

2. Defendants today have filed a Joint Memorandum of Law in Support of Defendants' Motions to Dismiss the Consolidated and Amended Complaint, explaining why plaintiffs' Complaint should be dismissed as to all defendants for failure to state a claim under the requirements the Supreme Court set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and this Circuit's authorities applying those requirements. PCA refers to and incorporates by reference Defendants' Joint Memorandum of Law.

3. As further explained in PCA's Supplemental Memorandum in Support of this motion, dismissal is particularly appropriate as to PCA for several reasons.

4. *First*, the Complaint does not allege that PCA entered into any express agreement with any other containerboard manufacturer to restrict supply or fix prices of containerboard.

5. *Second*, none of the Complaint's well-pled allegations supports a plausible claim of a conspiracy involving PCA. Rather, the well-pled allegations of the Complaint and the facts set forth in the documents the Complaint references establish that PCA's actions are consistent with independent, legitimate business conduct and thus fail to raise any plausible inference of PCA's participation in a conspiracy:

- PCA's containerboard production and downtime decisions cannot raise any plausible inference of conspiracy. PCA increased containerboard production both before and during the alleged conspiracy, and the Complaint allegations and documents it cites set forth the legitimate reasons for any alleged PCA mill downtime.

- Under well-settled case law, PCA's matching or following of containerboard price increases announced by others cannot raise any inference of conspiracy. *See, e.g., Reserve Supply Corp. v Owens-Corning Fiberglass Corp.*, 971 F.2d 37 (7th Cir. 1992).

- None of the Complaint's other allegations raises any inference of an unlawful agreement involving PCA.

WHEREFORE, for the foregoing reasons, and as set forth in further detail in the Supplemental Memorandum in Support of Packaging Corporation of America's Motion to

Dismiss the Consolidated and Amended Complaint, and in Defendants' Joint Memorandum of Law in Support of Defendants' Motions to Dismiss the Consolidated and Amended Complaint, PCA respectfully requests that the Court dismiss the Complaint, with prejudice, as to PCA.

Dated: January 14, 2011

                                                Respectfully submitted,

*/s/ Douglas J. Kurtenbach, P.C.*
Douglas J. Kurtenbach, P.C.
Daniel E. Laytin
Barack S. Echols
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
douglas.kurtenbach@kirkland.com
daniel.laytin@kirkland.com
barack.echols@kirkland.com

*Attorneys for Packaging Corporation of America*

## CERTIFICATE OF SERVICE

I, Douglas J. Kurtenbach, hereby certify that on January 14, 2011, I caused a copy of the foregoing, **PACKAGING CORPORATION OF AMERICA'S MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT**, to be served on all counsel of record via the Court's CM/ECF system, which will send a notice of electronic filing to all parties registered in this case with the Court's electronic filing system..

                                                  _/s/ Douglas J. Kurtenbach, P.C._
                                                  Attorney for Defendant
                                                  Packaging Corporation of America