# Exhibit 16 FILED UNDER SEAL

Exhibit 17 FILED UNDER SEAL

Exhibit 18 FILED UNDER SEAL

Exhibit 19 FILED UNDER SEAL

Exhibit 20 FILED UNDER SEAL

Exhibit 21 FILED UNDER SEAL

Exhibit 22 FILED UNDER SEAL

**Exhibit 23**

# K&L|GATES

K&L Gates LLP
70 West Madison Street
Suite 3100
Chicago, IL 60602-4207

т 312.372.1121    www.klgates.com

January 25, 2012

Scott M. Mendel
D  312.807.4252
F  312.827.8131
scott.mendel@klgates.com

**VIA EMAIL**

Daniel J. Mogin
The Mogin Law Firm
707 Broadway, Suite 1000
San Diego, California  92101
Kleen Products, Plaintiff

Michael J. Freed
Freed Kanner London & Millen LLC
2201 Waukegan Road, Suite 130
Bannockburn, Illinois  60015
Kleen Products, Plaintiff

Steven A. Kanner
Freed Kanner London & Millen LLC
2201 Waukegan Road, Suite 130
Bannockburn, Illinois  60015
Kleen Products, Plaintiff

Re:    **Kleen Products LLC et al. v. Packaging Corporation of America, et al., Case No.
        1:10-cv-05711**

Dear Dan, Mike and Steve:

I write on behalf of all Defendants, in response to your letters of January 23
seeking to schedule 30(b)(6) depositions.

As you know, after receiving 30(b)(6) deposition notices last fall, Defendants had
suggested that written responses on the 30(b)(6) topics would be a more efficient means
than a deposition to provide the information sought.  While Plaintiffs reserved their rights
to pursue depositions, Plaintiffs agreed to receive and review written responses in good
faith to determine whether they would be sufficient.  All of the defendants have provided
you with their written responses.

Your letters of January 23, with very limited exception, do not address the
specific content of Defendants' written responses, and instead simply assert that Plaintiffs

CI-9269896 v1

K&L | GATES

Daniel J. Mogin
Michael J. Freed
Steven A. Kanner
January 25, 2012
Page 2


have determined that depositions are needed on the 30(b)(6) topics. We are concerned that the January 23 letters are not consistent with the process to which the parties agreed.

Therefore, we ask that you advise each Defendant which aspects of its written responses, if any, Plaintiffs consider deficient and why, so that each Defendant can determine whether supplemental information can be promptly provided in writing. Defendants are prepared to move forward expeditiously.


Sincerely,

Scott M. Mendel


SMM/jau

**Exhibit 24**



FREED KANNER LONDON & MILLEN LLC

direct dial:  224.632.4501
mfreed@fklmlaw.com

January 27, 2012

**<u>Via Electronic Mail</u>**
Scott M. Mendel
K & L Gates
70 W. Madison Street
Suite 3100
Chicago, IL  60602-4207

> Re:  *Kleen Products LLC, et al. v. Packaging Corporation of America, et al.*
>       **Case No. 10-cv-5711**

Dear Scott:

This letter responds to your letter of January 25, 2012 regarding the 30(b)(6) depositions Plaintiffs noticed on November 2, 2011.

First, we refer you to Plaintiffs' Statement of Position filed in connection with the December 15, 2011 status conference where we advised the Court of our repeated requests for information covered by the designated 30(b)(6) topics.  Plaintiffs expected that such the information would have been provided to us during the meet-and-confers with each Defendant that took place in February and March of last year, but it was not.  Plaintiffs' First Request for Production of Documents, served on May 3, 2011, also sought information covered by the designated 30(b)(6) topics.  (*See, e.g.*, RPD Nos. 2, 77-80).

Second, when Plaintiffs agreed to Defendants' proposal to provide responsive information in writing, we did not discuss, much less agree, to the process of follow-up letter writing Defendants now demand.  Moreover, Plaintiffs specifically reserved all rights to take the noticed depositions.

Third, the specific content of each Defendant's initial letter response to the 30(b)(6) notice was carefully considered on its own merits.  Some Defendants have been asked to provide follow-up information prior to a deposition and have agreed to do so.

Your letter states that "Defendants are prepared to move forward expeditiously."  Accordingly, we expect Defendants to provide dates for depositions to take place shortly.  Any Defendant with legitimate scheduling issues should advise the Plaintiffs' counsel with whom they have been

Scott M. Mendel
January 27, 2012
Page 2


conferring on this issue. If any Defendant is unwilling to comply, we ask to be notified promptly so that we can address the issue with the Court.


Very truly yours

*/s/ Michael J. Freed*

Michael J. Freed


cc: Defense Counsel (via e-mail)
Daniel J. Mogin (via e-mail)



**Exhibit 25**

1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger&Montague,P.C.
ATTORNEYS AT LAW

| | |
|---|---|
| **CHARLES PEARSALL GOODWIN** | ALSO ADMITTED IN NJ |
| WRITER'S DIRECT DIAL | 215/875-4615 |
| WRITER'S DIRECT FAX | 215/875-4604 |
| WRITER'S DIRECT E-MAIL | cgoodwin@bm.net |

January 23, 2012

**<u>Via Email</u>**
Marc L. Greenwald, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

RE:     *Kleen Prods. LLC, et al. v. Packaging Corp. of Am., et al.,*
        No. 10-cv-5711 (N.D. Ill.) (Shadur, J)

Dear Marc:

We write on behalf of Class Plaintiffs in the above matter with reference to Plaintiffs' Notice of Rule 30(b)(6) Depositions.  Plaintiffs are in receipt of your correspondence of January 12, 2012, on behalf of Georgia-Pacific LLC and the prior letters to which that letter refers.

Plaintiffs greatly appreciate your and your client's efforts to meet Plaintiffs' Rule 30(b)(6) inquiries in that correspondence.  Plaintiffs have given this correspondence careful study.  Your letter is helpful.

Nonetheless, it remains necessary to follow through with Plaintiffs' notice of Rule 30(b)(6) deposition as to Georgia-Pacific LLC to obtain the information Plaintiffs requested.

We propose to take such deposition between February 7 and 10, 2012 (inclusive), at a location convenient to your client, presumably Atlanta, Georgia.  Please inform us immediately of your client's availability and we will promptly set the deposition.  If we do not hear from you by 5:00 PM eastern on Thursday, we will schedule the deposition for 10:00 AM on February 9, 2012 at a location in Atlanta.

Yours truly,

Charles P. Goodwin

**Exhibit 26**

1622 LOCUST STREET ! PHILADELPHIA, PA 19103-6305 | *phone* 215/875-3000 | *fax* 215/875-4604 ! *www.bergermontague.com*

## Berger&Montague,P.C.
### ATTORNEYS AT LAW

CHARLES PEARSALL GOODWIN   *ALSO ADMITTED IN NJ*

WRITER'S DIRECT DIAL | 215/875-4615
WRITER'S DIRECT FAX | 215/875-4604
WRITER'S DIRECT E-MAIL | *cgoodwin@bm.net*

February 2, 2012

**Via Email**

Sami H. Rashid, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

RE:   *Kleen Prods. LLC, et al. v. Packaging Corp. of Am., et al.,*
      No. 10-cv-5711 (N.D. Ill.) (Shadur, J)

Dear Sami,

During our call yesterday to discuss issues relating to Plaintiffs' Rule 30(b)(6) deposition notice, Plaintiffs identified a number of questions that remain pending after, or were generated as a result of, Georgia Pacific's January 12, 2012 and prior letters. You requested, and Plaintiffs agreed, to provide a summary of those topics in written form so you could better discuss them with your client, Georgia Pacific, as it considered whether it would appear for a Rule 30(b)(6) deposition and to prepare for that deposition should it so agree. You also asked if Plaintiffs would identify the questions from the Rule 30(b)(6) notice to which the topics related.

Plaintiffs greatly appreciate Georgia Pacific's efforts in preparing the January 12, 2012 and prior letters describing Georgia Pacific's search for documents responsive to Plaintiffs' requests. Those efforts have narrowed and focused the outstanding questions. At this point, Plaintiffs believe that a Rule 30(b)(6) deposition in the next two weeks would wrap up all issues in the most efficient and least time consuming manner. On review of the topics listed below, Plaintiffs believe that Georgia Pacific will be able to identify one or two, though perhaps more, individuals – presumably technical staff – who will be able to answer the outstanding questions during what Plaintiffs hope will be a brief deposition. Plaintiffs are available to take such deposition in Atlanta (if your client so desires) on February 7, 8, 9, 13, 15 (starting late), or 16. New York availability is generally similar, though there is more flexibility for New York in view of the ease of travel.

Sami H. Rashid, Esq.
Page 2
February 2, 2012

**Berger&Montague,P.C.**
ATTORNEYS AT LAW

       The topics, in outline form, are listed below.  In the interests of proceeding expeditiously, and of giving you and your client a candid view of the information Plaintiffs seek, the topics are stated less formally and more colloquially than they ordinarily would be.

I.     <u>Electronic Document Issues</u>

    A.    <u>"h:" Drives</u>

        **1.**    <u>Physical Organization (Topics 6, 7, 8)</u>

        how are h: drives physically organized
        how does that structure relate to business units (departments, functions, etc.)
        how does that structure relate to business location
        what makes an individual the "custodian" of something/files on an h: drive
        how does physical organization relate to corporate organization

        **2.**    <u>Sharing  "h:" drives are "group or shared" (Topics 6, 7, 8)</u>

        what group
        how shared
        who can access what
        how does sharing and/or grouping relate to corporate organization

        **3.**    <u>Logical Organization how is data organized on h: drives (Topics 6, 7, 8)</u>

        in folders
        personal folder
        job/function folder
        business unit folders
        some combination of the above
        who can access what (folders)
        how does logical organization relate to corporate organization.

        **4.**    <u>Contacts management software/address books (Topics 6, 7, 8)</u>

        do personnel use outlook or other programs
        are contact lists maintained by individual
        by business unit
        by location
        company wide

Sami H. Rashid, Esq.
Page 3
February 2, 2012

# Berger&Montague,P.C.
### ATTORNEYS AT LAW

**5.** <u>Other (Topics 6, 7, 8)</u>

what happens to documents when custodians leave the company
what happens when people change jobs/functions
GP is searching "main active servers" are there active servers that are non-main
Why aren't they being searched

II.  <u>Custodian Issues[1]</u>

A.  <u>General (Topics 4, 5)</u>

what makes an individual the "custodian" of something/files on an h: drive
what makes an individual the "custodian" of other ESI
is there a definition of "custodian" if so, what is it
what is the definition of a custodian how is that person related to the documents.

B.  <u>"Key Decision Makers" (Topics 4, 5)</u>

the selected custodians are "key decision makers."

what is the definition of a "key decision maker"

are there non-key decision makers

are key decision makers people who would attend trade association meetings
    or participated in trade association matters generally
    or have contact with personnel from other defendants

are there others who attended trade association meetings  if so, who are they
    or participate in trade association matters generally  if so, who are they
    or had contact with personnel from other defendants  if so, who are they

---

[1]By inquiring about custodians and Georgia Pacific's search of their documents, Plaintiffs are not
conceding that a custodian-based approach for document search satisfies Georgia Pacific's
discovery obligations.

# Berger&Montague, P.C.
#### ATTORNEYS AT LAW

C.     Identified Custodians (Topics 3, 4)

how do the selected custodians fit into the company
        to whom did they report
        who reported to them
        what are the job functions they had (we've got titles)
        what companies did they work for in the GP constellation of companies
        dates in current and prior position, history of prior positions with GP, employment
            outside GP
        are there successors for formers
        predecessors for currents

is GP searching ESI files of custodians **plus predecessors, plus electronic and hard copy of assistants** to "senior" management

    who are the assistants

    what defines "senior management"

D.     Documents at Home, on Personal Equipment or Mobile Devices (Topics 4, 5)

has GP asked the custodians for all relevant files contained on home/personal
        computers/devices

are personal email accounts being searched (e.g., gmail, yahoo, home ISP accounts)

E.     Litigation Hold (Topics 2, 4)

        the litigation hold was extended to "others" besides custodians

what other individuals received the litigation hold notice
have their files been captured/snapshotted/held
how was it determined who would get a hold notice
 have there been or are there audits to make sure personnel are complying with
        preservation policies
How often How conducted

Sami H. Rashid, Esq.
Page 5
February 2, 2012

# Berger&Montague,P.C.
#### ATTORNEYS AT LAW

F.      <u>Backup tapes  (Topics 1, 9)</u>

why wouldn't back-up tapes contain responsive info not on active data

have any archives or back-up tapes been searched
     is GP planning to search any

have the backup tapes been "snapshot"

backup tapes are "generally" in Wisconsin – where else are they

is information on back-up practices based on
     company policy or
     interviews with IT staff  or
     something else

has GP investigated whether actual backup practices followed the stated practice (e.g., did IT staff sometimes save backup tapes other than as described)

have backup practices changed over the relevant period?  if so, what were the former backup practices.


G.      <u>Other Issues Relating to Electronic Materials (Topic 1, 6, 7)</u>

why were local PST disallowed
what happened to existing local PST files at that time
where are email account files stored generally?

is there autodelete for emails
is there a way to avoid autodeletion

how are electronic documents that must be kept (e.g., contracts, employee records) maintained.

Sami H. Rashid, Esq.
Page 6
February 2, 2012

**Berger&Montague,P.C.**
ATTORNEYS AT LAW

III.    <u>Hard Copy Issues (Topics 3, 4, 5)</u>

GP interviewed custodians about hard copy files and potentially responsive materials are being reviewed
    what hard copy files are being searched
    what is in those files generally
    where are they located (physically, by business unit, by corporate entity)

GP's search was based on interviews with custodians and "other personnel (who did not have key roles)" to collected various business and other reports
    who was interviewed
    what (specific) files did the reports come from

where is non-electronic data stored

IV.    <u>Miscellaneous (Topics 1, 4)</u>

how far back do electronic and papers files go – not just outer limits for one or two stray documents

who assisted at GP in preparing the Jan 12, 2012 letter

who determines how long data or documents will be stored

\* \* \*


        I hope that this list will provide you with sufficient information for informed discussion with your client.  I look forward to hearing from you shortly.



                Yours Truly,



                Charles P. Goodwin

**Exhibit 27**

## Mendel, Scott

| | |
|---|---|
| **From:** | Paris, Simon B. [sparis@smbb.com] |
| **Sent:** | Wednesday, February 01, 2012 5:22 PM |
| **To:** | Mendel, Scott |
| **Cc:** | Kocher, Charles; Todd Seaver; Kyle DeValerio |
| **Subject:** | 30b6 Topics Chart.doc |
| **Attachments:** | 30b6 Topics Chart.doc |

Scott -

Per our chat a moment ago, attached is the draft outline I mentioned. What I envision is this outline as the left column with the years across the top to form an excel spreadsheet. The plan is for Norampac to complete this spreadsheet for each mill / plant and one for corporate. This spreadsheet and all information responsive to the Notice would be provided in a form that is agreeably admissible at any hearing or trial. If we can agree on this, I suspect the other issues can be hashed out to the point that my need for a deposition will be greatly reduced, limited or eliminated all together. Just to be clear, however, I do not waive my right to a deposition pursuant to the Notice, and intend to depose your client's designee (s) unless an adequate exchange of information is accomplished through this process. As we agreed, let's move expeditiously with this process. Please try and turn me edits to this chart early next week so we can get it in final form next week. I will talk to you next week. Thanks,

Simon.

I.   Designated Norampac Employees ("DNE") or Norampac Custodians ("NC").

    A.   Current Employees. (Please repeat item 1 for each employee)

        1.   Name / Title (place check in years of employment)

            a)   Brief Description of Responsibilities (Describe in applicable year, and amend in the year where responsibilities change).

            b)   Email (place check in years when account existed).

                (1) Email identified, collected and preserved for Production to Plaintiffs. (Identify server/backup location for each applicable year).

                (2) Email identified, but not collected or preserved. (Identify server/backup location and why excluded from (1) above for each applicable year).

                (3) Email unavailable/ unrecoverable from any source. (Please state reason for each applicable year).

            c)   Personal Calendar or Planning Application (place check in years when account existed).

                (1)   Personal Calendar or Planning Application data identified, collected and preserved for Production to Plaintiffs. (Identify server/backup location for each applicable year).

                (2) Personal Calendar or Planning Application data identified, but not collected or preserved. (Identify server/backup location and why excluded from (1) above for each applicable year).

                (3) Personal Calendar or Planning Application data unavailable/ unrecoverable from any source. (Please state reason for each applicable year).

            d)   Hard Copy Documents.

                (1) Documents identified, collected and preserved for Production to Plaintiffs. (Place check is applicable years).

                (2) Documents identified, but not collected or preserved. (Identify location and why excluded from (1) above for applicable years).

                (3) Documents unavailable/ unrecoverable from any source / location.  (Please state reason for each applicable year).

e) Phone Records.

    (1) Identify phone number and carrier for each year of employment.

    (2) Identify cell phone number and carrier for each year of employment.

    (3) Identify instant messaging or text message carrier for each year of employment.

        (a) Instant Messaging or Text Messages identified, collected and preserved for Production to Plaintiffs. (Identify server/backup location for each applicable year).

        (b) Instant Messaging or Text Messages identified, but not collected or preserved. (Identify server/backup location and why excluded from (a) above for applicable years).

        (c) Instant Messaging or Text Messages unavailable/ unrecoverable from any source / location. (Please state reason for each applicable year).

f) DNE or NC Identification and Collection of Potentially Relevant Documents or ESI. (Please check each year where responsive information obtained from the employee).

    (1) Was this employee interviewed by K&L Gates LLP? If so, please check each year discussed during that interview.

    (2) Was this employee interviewed by Norampac in-house counsel? If so, please check each year discussed during that interview.

    (3) Was this employee interviewed by Norampac management? If so, please check each year discussed during that interview.

    (4) Was this employee interviewed by Norampac's e-discovery vendor? If so, please check each year discussed during that interview.

    (5) Was this employee interviewed by K&L Gates LLP's e-DAT Group? If so, please check each year discussed during that interview.

    (6) Did the employee provide documents or ESI, and if so, for what years?

g) Check the years the employee was subject to the Hold Notice. If the employee did not receive the Hold Notice, please state why.

B. Former Employees. (Please repeat item 1 for each employee)

   1. Name / Title (place check in years of employment)

      a) Brief Description of Responsibilities (Describe in applicable year, and amend in the year where responsibilities change).

      b) Email (place check in years when account existed).

         (1) Email identified, collected and preserved for Production to Plaintiffs. (Identify server/backup location for each applicable year).

         (2) Email identified, but not collected or preserved. (Identify server/backup location and why excluded from (1) above for each applicable year).

         (3) Email unavailable/ unrecoverable from any source. (Please state reason for each applicable year).

      c) Personal Calendar or Planning Application (place check in years when account existed).

         (1) Personal Calendar or Planning Application data identified, collected and preserved for Production to Plaintiffs. (Identify server/backup location for each applicable year).

         (2) Personal Calendar or Planning Application data identified, but not collected or preserved. (Identify server/backup location and why excluded from (1) above for each applicable year).

         (3) Personal Calendar or Planning Application data unavailable/ unrecoverable from any source. (Please state reason for each applicable year).

      d) Hard Copy Documents.

         (1) Documents identified, collected and preserved for Production to Plaintiffs. (Place check is applicable years).

         (2) Documents identified, but not collected or preserved. (Identify location and why excluded from (1) above for applicable years).

        (3) Documents unavailable/ unrecoverable from any source / location.  (Please state reason for each applicable year).

e)  Phone Records.

        (1) Identify phone number and carrier for each year of employment.

        (2) Identify cell phone number and carrier for each year of employment.

        (3) Identify instant messaging or text message carrier for each year of employment.

            (a) Instant Messaging or Text Messages identified, collected and preserved for Production to Plaintiffs. (Identify server/backup location for each applicable year).

            (b) Instant Messaging or Text Messages identified, but not collected or preserved. (Identify server/backup location and why excluded from (a) above for applicable years).

            (c) Instant Messaging or Text Messages unavailable/ unrecoverable from any source / location.  (Please state reason for each applicable year).

f)  DNE or NC Identification and Collection of Potentially Relevant Documents or ESI. (Please check each year where responsive information obtained from the employee).

        (1) Was this employee interviewed by K&L Gates LLP?  If so, please check each year discussed during that interview.

        (2) Was this employee interviewed by Norampac in-house counsel?  If so, please check each year discussed during that interview.

        (3) Was this employee interviewed by Norampac management?  If so, please check each year discussed during that interview.

        (4) Was this employee interviewed by Norampac's e-discovery vendor?  If so, please check each year discussed during that interview.

        (5) Was this employee interviewed by K&L Gates LLP's e-DAT Group?  If so, please check each year discussed during that interview.

g) Check the years the employee was subject to the Hold Notice. If the employee did not receive the Hold Notice, please state why.

C. Employees Not Identified As a DNE or NC. (Please repeat item 1 for each employee).

1. Name / Title (place check in years of employment)

a) Brief Description of Responsibilities (Describe in applicable year, and amend in the year where responsibilities change).

b) Collection of Potentially Relevant Documents or ESI. (Please check each year where responsive information obtained from the employee).

(1) Was this employee interviewed by K&L Gates LLP? If so, please check each year discussed during that interview.

(2) Was this employee interviewed by Norampac in-house counsel? If so, please check each year discussed during that interview.

(3) Was this employee interviewed by Norampac management? If so, please check each year discussed during that interview.

(4) Was this employee interviewed by Norampac's e-discovery vendor? If so, please check each year discussed during that interview.

(5) Was this employee interviewed by K&L Gates LLP's e-DAT Group? If so, please check each year discussed during that interview.

c) State why employee not considered a DNE or NC.

II. Operational Data

    A. Production Data (or Shop Floor Data for Box Plants). Identify the fields of data available below, and for each field listed below, please complete the subsections.

        1. Identify Data Field Here (and identify each additional data field below as items 2-x).

            a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

            b) Please identify the format the information from this data field is available for the applicable years.

            c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

            d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

            e) Identify each year the data resides on the AS400 server (for Box Plants the server is Microsoft Windows SQL servers).

            f) Identify any other server or backup media where this data resides.

            g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

        2. Next Data field and subsections a-g.

    B. Inventory Data. Identify the fields of data available below, and for each field listed below, please complete the subsections.

        1. Identify Data Field Here (and identify each additional data field below as items 2-x).

            a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

            b) Please identify the format the information from this data field is available for the applicable years.

            c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

e) Identify each year the data resides on the AS400 server (for Box Plants the server is Microsoft Windows SQL servers).

f) Identify any other server or backup media where this data resides.

g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

2. Next Data field and subsections a-g.

C. Shipping Data. Identify the fields of data available below, and for each field listed below, please complete the subsections.

1. Identify Data Field Here (and identify each additional data field below as items 2-x).

a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

b) Please identify the format the information from this data field is available for the applicable years.

c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

e) Identify each year the data resides on the AS400 server (for Box Plants the server is Microsoft Windows SQL servers).

f) Identify any other server or backup media where this data resides.

g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

2. Next Data field and subsections a-g.

III. Transactional Data

A. Orders. Identify the fields of data available below, and for each field listed below, please complete the subsections.

1. Identify Data Field Here. (And identify each additional data field below as items 2-x).

    a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

    b) Please identify the format the information from this data field is available for the applicable years.

    c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

    d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

    e) Identify each year and where the data resides on what server.

    f) Identify any other server or backup media where this data resides.

    g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

2. Next Data field and subsections a-g.

B. Products. Identify the fields of data available below, and for each field listed below, please complete the subsections.

1. Identify Data Field Here. (And identify each additional data field below as items 2-x).

    a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

    b) Please identify the format the information from this data field is available for the applicable years.

    c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

    d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

    e) Identify each year and where the data resides on what server.

    f) Identify any other server or backup media where this data resides.

g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

2. Next Data field and subsections a-g.

C. Pricing. Identify the fields of data available below, and for each field listed below, please complete the subsections.

1. Identify Data Field Here. (And identify each additional data field below as items 2-x).

a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

b) Please identify the format the information from this data field is available for the applicable years.

c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

e) Identify each year and where the data resides on what server.

f) Identify any other server or backup media where this data resides.

g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

2. Next Data field and subsections a-g.

D. Raw Materials. Identify the fields of data available below, and for each field listed below, please complete the subsections.

1. Identify Data Field Here. (And identify each additional data field below as items 2-x).

a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

b) Please identify the format the information from this data field is available for the applicable years.

c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

     d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

     e) Identify each year and where the data resides on what server.

     f) Identify any other server or backup media where this data resides.

     g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

  2. Next Data field and subsections a-g.

IV. Financial Data.

   A. Sales Details. . Identify the fields of data available below, and for each field listed below, please complete the subsections.

     1. Identify Data Field Here. (And identify each additional data field below as items 2-x).

       a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

       b) Please identify the format the information from this data field is available for the applicable years.

       c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

       d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

       e) Identify each year and where the data resides on what server.

       f) Identify any other server or backup media where this data resides.

       g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

     2. Next Data field and subsections a-g.

   B. Sales Summary. . Identify the fields of data available below, and for each field listed below, please complete the subsections.

     1. Identify Data Field Here. (And identify each additional data field below as items 2-x).

a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

b) Please identify the format the information from this data field is available for the applicable years.

c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

e) Identify each year and where the data resides on what server.

f) Identify any other server or backup media where this data resides.

g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

2. Next Data field and subsections a-g.

C. General Ledger. . Identify the fields of data available below, and for each field listed below, please complete the subsections.

1. Identify Data Field Here. (And identify each additional data field below as items 2-x).

a) Brief Description of this data field and from where its inputs are derived. Please begin with its first year and any subsequent changes to this field.

b) Please identify the format the information from this data field is available for the applicable years.

c) Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

e) Identify each year and where the data resides on what server.

f) Identify any other server or backup media where this data resides.

g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

    2.  Next Data field and subsections a-g.

D.  Accounts Receivable. . Identify the fields of data available below, and for each field listed below, please complete the subsections.

    1.  Identify Data Field Here. (And identify each additional data field below as items 2-x).

        a)  Brief Description of this data field and from where its inputs are derived.  Please begin with its first year and any subsequent changes to this field.

        b)  Please identify the format the information from this data field is available for the applicable years.

        c)  Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

        d)  Is the data searchable?  And if so, is a particular application necessary to search the data?  Please identify that application, and whether it is in Norampac's possession.

        e)  Identify each year and where the data resides on what server.

        f)  Identify any other server or backup media where this data resides.

        g)  Is there any period of time when this data is unrecoverable or otherwise unavailable.  If so, please state why in the applicable year.

    2.  Next Data field and subsections a-g.

E.  Accounts Payable. . Identify the fields of data available below, and for each field listed below, please complete the subsections.

    1.  Identify Data Field Here. (And identify each additional data field below as items 2-x).

        a)  Brief Description of this data field and from where its inputs are derived.  Please begin with its first year and any subsequent changes to this field.

        b)  Please identify the format the information from this data field is available for the applicable years.

        c)  Please identify the frequency of the data's availability, i.e. daily, weekly, monthly, quarterly or annually.

      d) Is the data searchable? And if so, is a particular application necessary to search the data? Please identify that application, and whether it is in Norampac's possession.

      e) Identify each year and where the data resides on what server.

      f) Identify any other server or backup media where this data resides.

      g) Is there any period of time when this data is unrecoverable or otherwise unavailable. If so, please state why in the applicable year.

  2. Next Data field and subsections a-g.

F. Consolidated Financial Reporting.

    1. Identify the data applications that interface with Khalyx, and for what years.

    2. Identify what data applications are not interfaced with Khalyx, and for what years.

    3. Place a check in each year the data from Khalyx resides on the Microsoft SQL server, and identify any other server may reside.

    4. Identify the data applications that interface with Consolidation, and for what years.

    5. Identify what data applications are not interfaced with Consolidation, and for what years.

    6. Place a check in each year the data from Consolidation resides on the AS400 server, and identify any other server may reside.

    7. Identify any data from Consolidation or Khalyx, by year, that is unrecoverable or unavailable, and please state why.

G. Transactional Data Exported into Excel Spreadsheets.

    1. Identify each data field exported, and for which years. This can be done by reference to the data field in this outline.

    2. Identify each data field not exported, and for which years. This can be done by reference to the data field in this outline.

    3. Identify any data exported, but not discussed in this spreadsheet.

    4. Identify any data not exported, and not discussed in this spreadsheet.

V. Other Sources of Responsive Data

A.  Identify the Servers Searched for potentially relevant ESI during each applicable year.

B.  Identify Servers Not Searched for potentially relevant ESI during each applicable year.

C.  Identify any Backup Media Searched for potentially relevant ESI during each applicable year.

D.  Identify any Backup Media Not Searched for potentially relevant ESI during each applicable year.

E.  Identify any documents or ESI described in this spreadsheet, by year, that is not subject to the Hold Notice.

F.  Please identify any location not discussed here where potentially relevant documents or ESI may be found.

**Exhibit 28**

☎ 206.623.7292 · 206.623.0594



Jeffrey T. Sprung
**HAGENS BERMAN SOBOL SHAPIRO LLP**
**1918 EIGHTH AVENUE, SUITE 3300**
**SEATTLE, WA 98101**
**www.hbsslaw.com**
**Direct (206) 224-9329**
**jeffs@hbsslaw.com**

January 23, 2012

***Via E-Mail***

Mr. James T. McKeown
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306

    Re:    *Kleen Prods. LLC, et al. v. Packaging Corporation of America, et al.,* No.
            1:10-cv-05711

Dear Jim:

    We write in response to your letter of January 13, 2012.

    We appreciate the efforts of International Paper Company ("IP") in responding to the topics set forth in Plaintiffs' Notice of Rule 30(b)(6) Depositions. We have carefully analyzed IP's response, including associated documents, in hopes that the parties might realize efficiencies by way of this process. And, in fact, we believe such efficiencies have been achieved with respect to certain deposition topics and your letter will help avoid hours of deposition time.

    Taken as a whole, however, IP's responses are neither sufficiently detailed nor adequately tailored to the present litigation to serve as a proxy for a 30(b)(6) deposition. Therefore, we intend to proceed with the deposition previously noticed for December 5, 2011.

    To cite examples, your letter does not explain how documents and data were deemed "potentially relevant to the claims, defenses of facts" of this suit. In addition, there are databases Weyerhaeuser advises were transferred to IP that are not accounted for in your letter.

    Although plaintiffs anticipate questioning IP's 30(b)(6) designee(s) on each deposition topic included in Plaintiffs' Notice of Rule 30(b)(6) Depositions, your letter substantially addressed topics 3, 7 and 10. Therefore, we expect only limited questioning of the designee(s) will be necessary with respect to those topics.

SEATTLE    BOSTON    CHICAGO    COLORADO SPRINGS    LOS ANGELES    MINNEAPOLIS    NEW YORK    PHOENIX    SAN FRANCISCO    WASHINGTON, D.C.

010204-11 498296 V1

Mr. James T. McKeown
January 23, 2012
Page 2


     We would like to schedule the deposition for the week of February 6, 2012. We will contact you tomorrow, Tuesday, January 24, in order to discuss the specific date IP's designee(s) will be available. We still contemplate taking the deposition at the offices of Freed Kanner London & Millen LLC. However, we are amenable to taking the deposition at your offices or in Memphis if that is your preference.

     Please contact us if you have any questions regarding these matters.

          Sincerely,

          HAGENS BERMAN SOBOL SHAPIRO LLP

          Jeffrey T. Sprung

JTS:js
cc:   Daniel J. Mogin
      Anthony D. Shapiro
      Cadio Zirpoli

Exhibit 29 FILED UNDER SEAL

**Exhibit 30**

# HEINS MILLS & OLSON, P.L.C.

### ATTORNEYS AT LAW

310 CLIFTON AVENUE

MINNEAPOLIS, MINNESOTA 55403

TEL (612) 338-4605 • FAX (612) 338-4692

WWW.HEINSMILLS.COM

JAMES W. ANDERSON
JANDERSON@HEINSMILLS.COM

January 23, 2012

**<u>By E-Mail</u>**
Mr. Leonid Feller
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

      Re:    *Kleen Products LLC, et al. v. Packaging Corporation of America, et al.*

Dear Mr. Feller:

      We write in response to your letter of December 23, 2011.

      We appreciate the efforts of Packaging Corporation of America ("PCA") in responding to the topics set forth in Plaintiffs' Notice of Rule 30(b)(6) Depositions. We have carefully analyzed PCA's responses, including associated documents, in hopes that the parties might realize efficiencies by way of this process. And, in fact, we believe such efficiencies have been achieved with respect to certain deposition topics.

      Taken as a whole, however, PCA's responses are neither sufficiently detailed nor adequately tailored to the present litigation to serve as a proxy for a 30(b)(6) deposition. Therefore, we intend to proceed with the deposition previously noticed for December 5, 2011.

      Although plaintiffs anticipate questioning PCA's 30(b)(6) designee(s) on each deposition topic included in Plaintiffs' Notice of Rule 30(b)(6) Depositions, your letter substantially addressed topics 7, 9 and 10. Therefore, we expect only limited questioning of the designee(s) will be necessary with respect to those topics.

      We would like to schedule the deposition for the week of February 6, 2012. We will contact you tomorrow, Tuesday, January 24, in order to discuss the specific date PCA's designee(s) will be available. We still contemplate taking the deposition at the offices of Freed

96191

Mr. Leonid Feller
Page 2
January 23, 2012

Kanner London & Millen LLC. However, we are amenable to taking the deposition at your offices if that is your preference.

Sincerely,

HEINS MILLS & OLSON, P.L.C.

James W. Anderson

Robert G. Eisler
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE 19801

JWA:lkg

96191