**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KLEEN PRODUCTS LLC, et al. individually and on behalf of all those similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>PACKAGING CORPORATION OF AMERICA,  et al,<br><br>       Defendants. | Civil Case No. 1:10-cv-05711<br><br>Hon. Milton I. Shadur<br><br>Hon. Nan R. Nolan |

**DEFENDANTS' STATEMENT CONCERNING ISSUES TO BE ADDRESSED
DURING THE FEBRUARY 9, 2012 STATUS CONFERENCE**

     In advance of the February 9, 2012 telephonic status conference, Defendants submit the following report to address the scope of the February 21, 2012 hearing.  For the reasons set forth below, Defendants believe that the hearing should be limited to the issues of (i) ESI search protocol and (ii) Plaintiffs' proposal for indexing (both of which apply to all Defendants), and should not include the Defendant-specific issues related to the burdens of collecting information from back-up tapes and servers and how far back each Defendant must pull that older ESI.  The parties have met and conferred concerning the scope of the February 21 hearing, but have been unable to reach agreement on a proposal to the Court.

     Following the Court's January 17, 2012 status conference, the parties conducted two telephone conferences to discuss the scope of the hearing scheduled for February 21st and the issues to be presented.  The Defendants proposed that the only issues that should be addressed were the issues of the e-discovery search protocol and the Plaintiffs' demand that the Defendants index their document production in the manner proposed by Plaintiffs.  Defendants indicated that

1

the further issues of scope of the search and review of not readily accessible ESI were not ripe for adjudication and too individualized and time consuming to be a part of the scheduled hearing, but would be resolved easily after a decision by this Court of the issues suggested by the Defendants. The Plaintiffs rejected that suggestion and insisted that all four issues be presented at the February 21st hearing.

Pursuant to the Court's January 17, 2012 Order, the parties simultaneously exchanged and filed pre-hearing briefs on February 6, 2012. Defendants believe that a review of those briefs makes it clear that the appropriate scope of the hearing should be limited to the two central issues that are ripe for resolution — (1) whether the search term methodology that Defendants have employed to identify potentially responsive ESI satisfies the requirements of the Federal Rules of Civil Procedure (the "Search Term Issue"); and (2) whether Plaintiffs can require Defendants to code every document being produced according to 29 overlapping issue codes (the "Coding Issue"). These issues apply similarly to all Defendants. Given the limited length of the scheduled hearing (one day), Defendants respectfully suggest that it would be practically inefficient for the February 21, 2012 hearing to cover individual burden issues for each Defendant. During that time, five witnesses have already been scheduled to testify regarding the Search Term issue, including three on behalf of Defendants and two on behalf of Plaintiffs. As these witnesses plan to testify on technical issues — and as the Court may have questions about the parties' February 6 briefs (and the reply briefs that will be simultaneously exchanged on February 13) — the hearing, including oral argument, relating to just this first topic will likely last the entire day.

Plaintiffs nonetheless insist that the scope of the hearing should include the Defendant-specific burden issues that affect each individual Defendant differently. These Defendant-

specific issues relate to, among other things, whether certain Defendants should be required to search for responsive information contained at non-centralized, remote locations in the company and whether other Defendants need to search for (and restore) back-up tapes for responsive information.

As an initial matter, the Defendant-specific burden issues that Plaintiffs wish to address at the hearing are premature. Discovery regarding Defendants' IT systems is ongoing, and Plaintiffs are currently seeking a Rule 30(b)(6) witness and/or additional written information from each Defendant about, among other things, the various IT systems employed by each of the Defendants, whether those systems contain data going back to 2000, and whether inactive systems contain that data. As demonstrated by Exhibits 16-22 of Defendants' submission this past Monday, Defendants initially responded to the Rule 30(b)(6) requests by early January 2012 by providing detailed and lengthy descriptions of those systems. (*See* Dkt. No. 288, Exs. 16-22 (filed under seal)). Given Plaintiffs' recent requests for additional information and depositions following Defendants' submission of those lengthy descriptions, it is simply not practicable for all of the information to be provided, and the depositions to be completed, prior to the February 21 hearing.[1] It would make little sense for the Parties to fully address burden issues over the next 10 days (in individual briefs and at the hearing) without those issues being fully addressed in the ongoing meet and confers and Plaintiffs' planned depositions. This is all the more so given that the Court's ruling on the ESI Search Term and Indexing issues will, at the very least, inform ongoing discussions about the burdens Defendants would face if the scope and time period for searches were to be expanded.

---

[1] Defendants note that it was only after this Court had scheduled a hearing for February that the Plaintiffs insisted 30(b)(6) depositions should be held in advance of that date.

In addition, Defendants respectfully submit that, if the scope of the hearing is now expanded to include individual-Defendant burden issues, each of the seven Defendants will want to present evidence on its respective burdens related to the Plaintiffs' demands, and at least some Defendants may decide to bring witnesses to the hearing to provide live testimony. That would require considerably more hearing time than is currently scheduled.

Accordingly, Defendants request that the scope of the February 21, 2012 hearing be limited to (1) the Search Term Issue; and (2) the Coding Issue. Defendants also suggest that after the completion of the Rule 30(b)(6) depositions and continued meet and confer sessions, any further Defendant-specific burden issues (to the extent necessary) can be addressed most efficiently in a separate hearing.

Dated: February 9, 2012       Respectfully submitted,

/s/ *Nathan P. Eimer*
Nathan P. Eimer
Susan M. Razzano
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604-2516
(312) 660-7600
neimer@eimerstahl.com

*Counsel for* INTERNATIONAL PAPER COMPANY, *and for purposes of this Status Report only, on behalf of Defendants* PACKAGING CORPORATION OF AMERICA; CASCADES CANADA, INC.; INTERNATIONAL PAPER COMPANY; NORAMPAC HOLDINGS U.S. INC.; WEYERHAEUSER COMPANY; GEORGIA PACIFIC LLC; TEMPLE-INLAND INC.; and ROCKTENN CP, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 9, 2012, a true and correct copy of the foregoing **Defendants' Statement Concerning Issues to be Addressed During the February 9, 2012 Status Conference** was electronically filed with the Clerk of the Court for the Northern District of Illinois using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                                                 /s/ *Nathan P. Eimer*
                                                                                 Nathan P. Eimer