**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KLEEN PRODUCTS LLC, et al. individually and on behalf of all those similarly situated, | |
| Plaintiff, | Civil Case No. 1:10-cv-05711 |
| | Hon. Milton I. Shadur |
| v. | |
| PACKAGING CORPORATION OF AMERICA, et al, | Hon. Nan R. Nolan |
| Defendants. | |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE:**
**(1) TESTIMONY ON ISSUES BEYOND THE SCOPE OF**
**FEBRUARY 21, 2012 HEARING AND (2) UNDISCLOSED EXPERT**

Defendants respectfully move this Court *in limine* to enter an Order limiting the

testimony and evidence to be taken at the February 21, 2012 hearing to the four issues identified

in the parties' filings before Judge Shadur and this Court, and prohibiting and excluding

plaintiffs' proposed evidence concerning purported forensic, technical issues or flaws with

individual defendants' ESI collection or production, which are issues that have never been

previously raised or identified either to the Court or the parties. These issues:

(1)    have nothing to do with the four issues the parties and the Court identified as in
        dispute and within the potential scope of the February 21 hearing;

(2)    are not global issues applicable to all parties that are appropriate for this hearing,
        but instead pertain to some specific technical aspects of the manner of ESI
        collection or production by individual defendants; and,

(3)    were only raised for the very first time by plaintiffs in their February 13, 2012
        Reply and were never previously identified to any of the parties, let alone part of
        any meet-and-confer process, as required by this Court and Local Rule 37.2.

Defendants also move to exclude any testimony from Dr. Carol Tenny, whom Plaintiffs

have identified as a linguist they plan to call to testify as an expert at the February 21, 2012

hearing.  Despite the Court's direction that the parties were to previously identify any experts they intended to call and describe the subject matter of their testimony, plaintiffs did not identify Ms. Tenny as a potential witness until three days ago, with the filing of their February 13, 2012 Reply.  Not only is such identification tardy, it also is completely deficient.  Plaintiffs do not disclose in their Reply (or anywhere else) her role in this case or the subject matter of her anticipated testimony, and do not provide any background or other materials with respect to Ms. Tenny.  Accordingly, her testimony should not be permitted.

I.     **Evidence Concerning Undisclosed Purported Technical Issues with Individual Defendants' ESI Collection or Production Should Be Excluded from the February 21 Hearing.**

The Reply indicates plaintiffs' intention to elicit evidence at the February 21, 2012 hearing, in the form of testimony from their experts, as to certain purported technical issues or defects relating to the forensics of individual defendants' ESI collection or production.  *See* Pls.' Reply Mem. of Law for Evid. Hr'g, ECF No. 294 at 7-9.  These issues have never been previously identified or disclosed to the defendants or the Court, have never been suggested as being the subject of the February 21, 2012 hearing, and any evidence or testimony concerning them should be excluded.

On January 10, 2012, Judge Shadur referred this case to this Court to address four issues concerning discovery that the parties had identified as disputed and requiring resolution.  Order Referring a Civil Case to the Designated Magistrate Judge, ECF No. 272.  Those four issues are: 1) whether defendants should be required to use a content-based-analytics methodology plaintiffs propose instead of the search-term methodology they have employed to date; 2) whether defendants' production of ESI must be "indexed" according to categories identified by plaintiffs; 3) the time periods for which defendants should produce documents; and 4) whether documents must be produced from back-up tapes in addition to active servers.  *See* Pls.' Statement of Pos'n

2

With Respect To Disputed Items for Dec. 5, 2011 Status Conf., ECF No. 266; Defs.' Statement

of Pos'n With Respect To Disputed Items for Dec. 15, 2011 Status Conf., ECF No. 267.  The

parties identified these same four issues during the January 17, 2012 status before this Court.

These identical issues also are what the parties addressed in their February 6, 2012 pre-hearing

submissions and that this Court specifically identified during the February 9, 2012 status as

comprising the universe of potential subject matters involved in the upcoming hearing.  *See*

Feb. 9, 2012 Hr'g Tr. at 8-9 (describing relevant issues as (1) "what type of search methodology

should be used" – whether "word search" or "concept searching," (2) "active [vs] backup tapes,"

(3) "indices," and (4) "duration").

In their February 13, 2012 Reply, however, plaintiffs surface for the very first time

additional issues relating to claimed technical defects with the forensics of certain individual

defendants' document collection or production.  Plaintiffs state that they intend to elicit

testimony from their experts on these issues, which they describe as concerning:

- certain defendants having "permitted its identified custodians to select which ESI
  would be collected for review from their hard drives" (Pls.' Reply at 7); and

- "failures by a number of Defendants to collect documents in a forensically sound
  manner that has resulted in corrupted or altered metadata fields."  (*Id.* at 8).

Defendants have been provided no notice concerning these issues and, frankly, do not even know

as to which defendants and which documents these issues – if they even are issues – may apply.

Neither of these issues has ever been raised by plaintiffs before with any of the defendants, and

neither was ever discussed as being a subject for the February 21 hearing.  Although plaintiffs

attempt to characterize these technical, forensics issues as related to the issues being addressed at

the upcoming hearing, it is apparent on their face that they have nothing to do with any

determination regarding:  use of a search-term or content-based-analytics methodology, indexing

of documents, or whether backup tapes must be restored and the time period applicable to document production.  The particular forensics of any individual defendant's collection or production does not speak at all to these subjects.  If there is some particular technical issue that plaintiffs have with respect to a particular defendant's collection process or production of certain ESI, that will not be resolved regardless of any determination this Court might reach on any of the four issues.  Plaintiffs' suggestion that these purported technical "defects" somehow support their position with respect to any of the other issues now before this Court does not withstand scrutiny.

Allowing any evidence with respect to these forensic or "technical defect" issues at the February 21 hearing would be unfair to defendants and procedurally improper, particularly given that plaintiffs have made no effort whatsoever to comply with this Court's Local Rule 37.2 mandate.  Defendants learned only for the very first time from plaintiffs' February 13 Reply that there existed any potential issues or concerns with respect to purported "self-collection" of documents or "corrupted or altered metadata" in any of the over one million equivalent pages of documents already produced.  In fact, at this point, defendants still do not know the specifics as to which defendants, and which documents or custodians, these issues purportedly apply.  Had plaintiffs adhered to this Court's rules and Local Rule 37.2 by raising these discovery-related issues with the relevant party or parties in the first instance, defendants would not be in the position of having to guess if the issues apply to them at all, and these issues would not be arriving entirely out of left field on the eve of a hearing, as they are now.

Nor has there been any meet-and-confer whatsoever on these issues as this Court and the Local Rules require.  Plaintiffs should not be permitted to inappropriately divert this hearing from addressing issues the parties *have* discussed and agree are disputed, and as to which they

4

have sought the Court's assistance, and adduce testimony concerning these other, entirely

distinct issues. The issues the parties previously identified as before this Court will consume the

entirety of the time allocated for the hearing. Moreover, attempting to address these additional,

technical and forensics issues will not further the resolution of the matters in dispute in any

respect.[1]

Accordingly, defendants respectfully request that this Court order that no testimony or

evidence on these newly-raised forensic or "technical defect" issues shall be permitted at the

February 21, 2012 hearing. To the extent that these issues eventually need to be addressed at all,

defendants respectfully submit that plaintiffs should be required to comply with this Court's

rules and Local Rule 37.2 and specifically identify which defendants and which documents these

apply to, and raise these matters with the relevant defendants in the first instance in a good-faith

attempt to resolve them.

## II.     Plaintiffs' Undisclosed Expert Should Be Excluded.

At the January 17, 2012 status, this Court directed the parties to file on February 6, 2012

submissions identifying any anticipated experts and describing the subject matter of their

testimony. *See* Jan. 17, 2012 Hr'g Tr. at 20-21. Plaintiffs' February 6, 2012 submission

expressly notes these requirements, identifying only two experts they intended to call at the

February 21 hearing and acknowledging their obligation to "summarize the anticipated testimony

of their experts in their [] briefs." Pls.' Mem. of Law for Evid. Hr'g, ECF No. 290, at 3 n.4

(identifying only Dr. David Lewis and Timothy Hanners as plaintiffs' experts).

---

[1] The impropriety of plaintiffs raising these issues in this manner is also shown by their concession that their goal is to attempt to develop evidence for some future spoliation or other motion, rather than to address issues teed up for this hearing. Pls.' Reply at 7 n.10.

Notwithstanding these requirements, plaintiffs surfaced for the very first time in their February 13, 2012 Reply with the name, and only the name, of another expert – Dr. Carol Tenny, a linguist – whom they state they intend to call to testify at the February 21 hearing. Plaintiffs provide no disclosure whatsoever of who this expert is, her role in this case or any description of her anticipated testimony. This late notice and lack of disclosure fails to comply with the procedure this Court ordered and unduly prejudices the defendants' ability to prepare for the hearing. The Court and the parties already anticipated a full day's hearing even before plaintiffs surfaced with this additional, undisclosed expert. Based on the identification of her expertise as a linguist and not an ESI specialist, it is clear that any testimony she could provide would be entirely peripheral to the issues that are to be addressed during this hearing. Under these circumstances, her testimony should not be permitted.

## CONCLUSION

WHEREFORE, for the reasons set forth above, defendants respectfully request that this Court grant their Motion and enter an Order:

(1)      prohibiting and excluding from the February 21, 2012 hearing any testimony concerning purported forensic or technical defects in any individual defendants' ESI collection or production; and,

(2)      barring from the hearing any testimony of plaintiffs' undisclosed expert linguist, Dr. Tenny.

Dated: February 16, 2012                    Respectfully submitted,


By:___/s/ Stephen R. Neuwirth_____         By:___/s/ Nathan P. Eimer_____
Stephen R. Neuwirth                          Nathan P. Eimer
Marc L. Greenwald                            EIMER STAHL KLEVORN
Sami H. Rashid                               & SOLBERG LLP
QUINN EMANUEL URQUHART &                      224 South Michigan Avenue, Suite 1100
SULLIVAN, LLP                                Chicago, IL  60604-2516
51 Madison Avenue, 22nd Floor                (312) 660-7600
New York, NY  10010                          neimer@eimerstahl.com
(212) 849-7000
stephenneuwirth@quinnemanuel.com
marcgreenwald@quinnemanuel.com               James T. McKeown
samirashid@quinnemanuel.com                  FOLEY & LARDNER LLP
                                             777 East Wisconsin Avenue
                                             Milwaukee, WI  53202-5306
James R. Figliulo                            (414) 297-5530
Stephanie D. Jones                           jmckeown@foley.com
FIGLIULO & SILVERMAN, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL  60603                           COUNSEL FOR DEFENDANT
(312) 251-4600                               INTERNATIONAL PAPER COMPANY
jfigliulo@fslegal.com
sjones@fslegal.com


COUNSEL FOR DEFENDANT
GEORGIA-PACIFIC LLC

By:    /s/ Douglas J. Kurtenbach
Douglas J. Kurtenbach, P.C.
Daniel E. Laytin
Barack S. Echols
Leonid Feller
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000
douglas.kurtenbach@kirkland.com
daniel.laytin@kirkland.com
barack.echols@kirkland.com
leonid.feller@kirkland.com

COUNSEL FOR DEFENDANT
PACKAGING CORPORATION
OF AMERICA

By:    /s/ R. Mark McCareins
R. Mark McCareins
Michael P. Mayer
James F. Herbison
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
(312) 558-5600
rmccareins@winston.com
mmayer@winston.com
jherbison@winston.com

COUNSEL FOR DEFENDANT ROCKTENN
CP, LLC

By:    /s/ Andrew S. Marovitz
Andrew S. Marovitz
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
(312) 782-0600
amarovitz@mayerbrown.com
bmiller@mayerbrown.com

COUNSEL FOR DEFENDANT
TEMPLE-INLAND INC.

By:    /s/ Scott M. Mendel
Scott M. Mendel
John E. Susoreny
Lauren N. Norris
K&L GATES LLP
70 West Madison Street
Suite 3100
Chicago, IL  60602
(312) 372-1121
scott.mendel@klgates.com
john.susoreny@klgates.com
lauren.norris@klgates.com

COUNSEL FOR DEFENDANTS
CASCADES, INC. AND
NORAMPAC HOLDING U.S. INC.

By:\_\_\_\_/s/ David Marx Jr._____

David Marx Jr.
Jennifer S. Diver
Rachel Lewis
McDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606
(312) 372-2000
dmarx@mwe.com
jdiver@mwe.com
rlewis@mwe.com

COUNSEL FOR DEFENDANT
WEYERHAEUSER COMPANY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 16, 2012, a true and correct copy of the foregoing Defendants' Motion *In Limine* To Exclude: (1) Testimony On Issues Beyond The Scope Of February 21, 2012 Hearing And (2) Undisclosed Expert was electronically filed with the Clerk of the Court for the Northern District of Illinois using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Barack S. Echols