# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KLEEN PRODUCTS LLC, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PACKAGING CORPORATION OF AMERICA, et al., <br><br><br> Defendants. | Case No. 1:10-cv-05711 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Nan R. Nolan |

### PLAINTIFFS' MEMORANDUM REGARDING DEFENDANTS' PROPOSED EXPERT TESTIMONY FOR EVIDENTIARY HEARING

Defendants have provided minimal information about the anticipated testimony of identified expert witnesses at the February 21, 2012 evidentiary hearing. Defs.' 2/6/12 Br. (Dkt. No. 288) at 17-18. As a result, Plaintiffs have insufficient information upon which to present a *Daubert* challenge at this time, but reserve their right to do so during the hearing.

As indicated in Plaintiffs' Reply Memorandum (Dkt. No. 294), "[e]xpert testimony is meant to inform the Court about technical subjects, not to make legal or factual arguments." Pls.' 2/13/12 Reply at 5. It is well-established that expert testimony on matters of law or procedure or that otherwise infringes on a court's authority to decide those issues is prohibited. *See, e.g., United States v. Sinclair*, 74 F.3d 753, 758 n.1 (7th Cir. 1996) ("Our own cases have determined that Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case."); *Richman v. Sheahan*, 415 F.Supp.2d 929, 945 n.15 (N.D. Ill. 2006) ("Rule 704 does not allow expert opinions containing

'legal conclusions,' not because they involve an ultimate issue, but because they do not assist the trier of fact, and thus are not 'otherwise admissible."); *Dowe v. Nat'l Railroad Passenger Corp.*, No. 01 C 5808, 2004 WL 887410, at *1 (N.D. Ill. Apr. 26, 2004) (an expert cannot testify about legal issues).

Notwithstanding this prohibition, it appears that Defendants intend to present legal arguments under the guise of expert testimony that goes well beyond pertinent standards of electronic discovery practice. This is underscored by the fact that two of their three experts are lawyers and even the one non-lawyer apparently intends to testify on legal subjects.

According to Defendants, Mr. Koch, a non-lawyer associated with KPMG, intends to testify, *inter alia*, that:

- ". . . the process used by Georgia-Pacific to develop search terms addressed – through sampling and other quality assurance techniques – the potential flaws with the use of search terms that can result when less diligent processes are employed."; and

- "[i]t would not make sense for Georgia-Pacific now to create and implement an entirely new process using KPMG's new analytical tool (or any other tool), when the search term process Georgia-Pacific implemented reflects best practices and has been validated as effective at identifying potentially responsive ESI."

Defs' 2/6/12 Br. at 17. The existence and impact of any flaws in Georgia-Pacific's process are matters for the court to decide. Whether "it would make sense" for Georgia-Pacific to revise its process is also within the Court's purview and it certainly remains to be seen whether the process implemented complies with some undefined "best practices" or is in fact a proper method for identifying potentially responsive ESI in this case.

Defendants indicate that their next expert, Mr. Brown, a lawyer engaged by Georgia-Pacific to implement its search process, will testify to his opinion that:

2

- " . . . the process used by Georgia-Pacific to develop search terms reflects best e-discovery practices and is eminently reasonable."; and

- ". . . it would be inappropriate for Georgia-Pacific now to create and implement an entirely new process using new analytic tools."

Defs' 2/6/12 Br. at 18. As noted, whether a process complies with these undefined best practices, whether those practices are themselves consistent with the law, and what constitutes an appropriate search process are plainly within the Court's purview and not proper subjects for experts testimony. Further, to the extent that Mr. Brown intends to testify about the law under the guise of "best practices," such testimony must be disallowed as it would amount to an attempt to testify on matters of law. Moreover, Defendants state that Mr. Brown also intends "to testify on the burden associated with coding Georgia-Pacific's documents according to the 29 issue codes requested by Plaintiff." *Id*. Since Defendants have refused to provide any factual basis to establish burden, such testimony should not be allowed. *See* Pls.' 2/6/12 Br. (Dkt. No. 290) at 4-5. In addition, whether burden is relevant to determining compliance with Rule 34(b)(2)(E) is a legal question, as is the question of whether a party has fulfilled it obligations under that Rule.

Finally, Defendants state that Mr. Regard, also a lawyer, "will testify that the testing and validation results achieved by all Defendants here meet or surpass the results that are normally considered acceptable . . . ." *Id*. What is or is not "acceptable" is a matter for the Court. This is yet another attempt to introduce improper lawyer testimony.

For all the reasons stated above, Plaintiffs respectfully request that Defendants' expert witnesses not be permitted to offer testimony on matters of law.

3

Dated: February 16, 2012	Respectfully submitted,

*/s/ Daniel J. Mogin*
Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
707 Broadway, Suite 1000
San Diego, CA 92101
Tel:	(619) 687-6611
Fax:	(619)687-6610

Michael J. Freed
Steven A. Kanner
Robert J. Wozniak
FREED KANNER LONDON
& MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel:	(224) 632-4500
Fax:	(224) 632-4521

*Interim Co-Lead Class Counsel*


W. Joseph Bruckner
Brian D. Clark
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Tel:	(612) 339-6900
Fax:	(612) 339-0981

Walter W. Noss
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Tel.	(619) 233-4565
Fax:	(619) 233-0508

*Class Counsel*