# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5711 | **DATE** | 8/31/2012 |
| **CASE TITLE** | Kleen Products LLC, et al. vs. Packaging Corporation of America, et al. | | |

**DOCKET ENTRY TEXT**

As more fully set forth below and in the transcript, status conference held on 8/29/2012 and continued to 9/13/2012 at 10:00 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

1. **Production and Review Status**—Most Defendants reported being substantially done with production, while the remaining Defendants expect to be substantially complete by October 1. Because Plaintiffs are using Content Based Advanced Analytics to review Defendants' documents and are focused on topics rather than individual documents, Plaintiffs were unable to estimate what percentage of Defendants' documents they have reviewed. All Defendants are in the early stages of preparing their privilege logs. In preparing their privilege logs, the parties should review the guidelines established by Judge Waxse in *Heavin v. Owens-Corning Fiberglass*, No. 02-2572, 2004 WL 316072, at *7–8 (D. Kan. Feb. 3, 2004).

2. **Custodians**—Plaintiffs and each Defendant discussed the meet-and-confer process regarding Plaintiffs' requests for additional custodians. Defendants Packaging Corporation of America ("PCA") and Weyerhaeuser each reported that it was able to reach an agreement with Plaintiffs. Many of the other Defendants reported being close to an agreement with Plaintiffs, except for a dispute on how to handle future requests for additional custodians. The Court urged the remaining Defendants to consider adopting an agreement similar to the one between Plaintiffs and PCA. The parties agreed to conduct additional meet-and-confer discussions over the next week and to advise the Court via email on **9/5/2012** whether any additional agreements have been made.

3. **Data Sources**—The parties discussed the sources of data that each Defendant has identified that may contain responsive information and which of these sources have already been searched. Each Defendant confirmed that all potential sources of information that were identified after the case was filed are being preserved. Each Defendant agreed that to the extent that it has not already done so, it will inquire whether their custodians maintained potentially responsive information on any personal device not synced to Defendant's servers. The parties also discussed the feasibility of sampling Defendants' backup media to determine the amount of responsive, nonduplicative information they may contain. Plaintiffs agreed to advise the Court via email on **9/5/2012** whether their Motion to Compel Defendants to Produce Document and Data

**STATEMENT**

from All Reasonably Accessible Sources [Doc. 347] applies to all Defendants. The Court will advise by **9/7/2012** whether it needs any additional submissions from the parties.

    4.  **Requests for Production ("RFP") and Indexing**—As set forth in the Court's 7/18/2012 Order [Doc. 339], Plaintiffs' objections to many of Defendants' RFP responses are being addressed in phases. During phase one, Plaintiffs are meeting and conferring solely with Defendant International Paper ("IP") in an effort to address Plaintiffs' objections. IP has revised its RFP responses to incorporate the searches it made to respond to the individual RFPs. After Plaintiffs finish their review of the revised responses, which they are on track to complete by 9/7/2012, IP and Plaintiffs will meet and confer to see if they can work out any remaining disputes. After the meet-and-confer process is completed, Plaintiffs may file a motion to compel against IP regarding any unresolved RFP responses. Phase two will include the remaining Defendants and will commence after the Court has ruled on Plaintiffs' motion to compel against IP.

    Because the meet-and-confer process between IP and Plaintiffs has not yet concluded, the parties advised the Court that appearing for a Rule 16 conference on 9/5/2012 would be premature. The Rule 16 conference on 9/5/2012 is therefore stricken.

    5.  **Transactional Data Requests**—The parties reported that they continue to meet-and-confer to see if the outstanding disputes can be resolved.

    6.  **9/13/2012 Status Hearing**—The Court will circulate a proposed agenda for the 9/13/2012 status hearing by 9/11/2012. The parties should provide the Court with any requested topics by **9/10/2012**.