UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLEEN PRODUCTS LLC, et al. individually and on behalf of all those similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PACKAGING CORPORATION OF AMERICA, et al,<br><br>　　　　　Defendants. | Civil Case No. 1:10-cv-05711<br><br>Hon. Harry D. Leinenweber |

## JOINT STATUS CONFERENCE REPORT NO. 4

Plaintiffs and Defendants submit this joint report for the Court's consideration in advance of the status conference scheduled for December 6, 2012 at 9:00 a.m. before the Hon. Harry D. Leinenweber. As noted below, both Defendants and Plaintiffs have submitted their own proposed scheduling orders for the Court's consideration with this joint status report, attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively.

**A.　　Preliminary Statement**

　　　　1.　　<u>Nature of the Case</u>

This case is a putative antitrust class action alleging violations of Section 1 of the Sherman Act, 15 U.S.C. § 1. The alleged Plaintiff Class is defined as all persons and entities that purchased Containerboard Products[1] directly from Defendants between August 2005 and the present.

---

[1]　　The Consolidated and Amended Complaint (ECF No. 65) defines "Containerboard Products" as "include[ing] linerboard, corrugated medium, corrugated sheets and corrugated products including corrugated boxes and other corrugated containers."

2. Parties

The Plaintiffs are Kleen Products LLC; R.P.R. Enterprises, Inc.; Mighty Pac, Inc., Ferraro Foods, Inc.; Ferraro Foods of North Carolina, LLC; Distributors Packaging Group, LLLC; RHE Hatco, Inc.; and Chandler Packaging, Inc.[2]

The Defendants are Georgia-Pacific LLC ("GP"); Packaging Corporation of America ("PCA"); International Paper Company ("IP"); Cascades Canada, Inc./Norampac Holdings U.S., Inc. ("Norampac"); Weyerhaeuser Company ("Weyerhaeuser"); Temple- Inland, Inc. ("TIN") and RockTenn CP, LLC (formerly known as Smurfit-Stone Container Corporation ("Smurfit"))[3].

3. Timeline of Proceedings

*Kleen Products LLC* (Case No. 1:10-cv-05711), the first-filed case in these consolidated actions, was filed on September 9, 2010 and the related later-filed cases were subsequently reassigned to the Hon. Milton I. Shadur. As discussed below, on October 15, 2012 Judge Shadur transferred the case for re-assignment.

On November 8, 2010, Plaintiffs filed a Consolidated and Amended Complaint ("Complaint") (ECF No. 65). On January 14, 2011, Defendants filed motions to dismiss. On April 8, 2011, the Court entered a Memorandum Opinion and Order denying Defendants' motions (ECF No. 193). On May 2, 2011, Defendants filed their Answers denying all material allegations (ECF Nos. 194-200).

Judge Shadur held status conferences on May 9, 2011, August 16, 2011, December 15, 2011, May 22, 2012 and October 15, 2012. Prior to the August 2011 status conference, the

---

[2] Thule, Inc. dismissed its Complaint without prejudice on April 5, 2011 (ECF Nos. 190 & 192).

[3] On May 27, 2011, Smurfit was acquired by Rock-Tenn Company. To effect the acquisition, Smurfit was merged into a subsidiary of Rock-Tenn Company. The surviving entity from the merger became RockTenn CP, LLC ("RockTenn"), a limited liability company and wholly owned subsidiary of Rock-Tenn Company. On June 16, 2011, the Court allowed RockTenn to be substituted as a defendant in place of Smurfit (ECF No. 205).

parties submitted a joint status conference statement (ECF No. 222) and Judge Shadur requested that the parties continue that practice. As detailed below, during the December 15, 2011 status conference Judge Shadur referred discovery proceedings to Magistrate Judge Nan R. Nolan (*see infra* at Section B(4)(f)) (describing those proceedings).

On October 15, 2012 Judge Shadur transferred the case for re-assignment. Previously, Magistrate Judge Nolan had retired on September 30, 2012 and was replaced by Magistrate Judge Rowland. Judge Shadur also determined that Plaintiffs' pending Rule 72(a) Objections to certain aspects of Magistrate Judge Nolan's Order of September 28, 2012 (discussed below) were appropriate for adjudication by the newly assigned Court.

**B.     Disclosures and Discovery**

     1.     <u>Rule 26 (A) Disclosures</u>

Plaintiffs and Defendants served their initial disclosures on February 11, 2011 and February 10, 2011, respectively.

     2.     <u>Confidentiality and Expert Witness Stipulations and Orders</u>

The Court has entered stipulated Orders regarding the confidentiality of documents and other materials produced in discovery (ECF No. 227) and procedures regarding certain aspects of expert discovery (ECF No. 229).

     3.     <u>Production Protocols for Electronically Stored Information ("ESI") and Paper Documents</u>

On October 26, 2011, the Court entered a stipulated Order governing the production format of e-mail, e-files and paper documents as well as related matters ("Production Format Order") (ECF No. 245).

4. Discovery

      *a)*    *Plaintiffs' First Request for Production of Documents Directed to All Defendants*

Plaintiffs' First Request for Production of Documents Directed to All Defendants ("Pls' RPD") was served on May 3, 2011, and Defendants each served Responses and Objections on June 6, 2011. Defendants began producing responsive documents in August 11, 2011 and their productions have continued on a "rolling" basis. Each of the Defendants is targeting to have substantially completed its production of documents by the end of January 2013.[4] They estimate that to date they have collectively produced over 1 million documents (the equivalent of more than 16 million pages) from both individual custodians and from a variety of other corporate sources.[5] Defendants have not yet produced privilege logs. However, Defendants expect to produce their privilege logs in early 2013.

      *b)*    *Defendants' Document Requests to Plaintiffs*

Defendants' First Set of Requests to Plaintiffs for the Production of Documents ("Defs' RPD") was served on May 6, 2011. Plaintiffs served their responses and objections on June 10, 2011. Plaintiffs substantially completed their productions in August 2012 (with one named Plaintiff making a supplemental production in October 2012), which consists of a little over 45,000 documents, comprising approximately 65,000 bates-labeled pages. Plaintiffs also produced privilege logs in November 2012.

---

[4] Norampac has a number of French documents for which production will not be complete by this date, but Norampac expects to be substantially complete as to its English language documents.

[5] A substantial portion of Defendants' productions include Excel spreadsheets and other documents that have been produced in native format pursuant to the ESI Protocol Order, which have each been given only one bates number. The "Page Equivalents" provides a rough estimate of the total number of pages if the documents are printed.

c) *Plaintiffs' 30(b)(6) Depositions*

Plaintiffs have taken 30(b)(6) depositions of all Defendants other than Norampac relating to document preservation and information systems.[6] Defendants have taken one 30(b)(6) deposition of Plaintiff Chandler Packaging, Inc.

d) *Plaintiffs' Third Party Subpoenas*

Plaintiffs have served approximately 26 subpoenas on third parties, including trade associations, financial analysts and institutions, market information providers and consulting firms, many of which are referenced in the Complaint. Most of these third parties have produced documents or are in the process of doing so.[7] Both Plaintiffs and Defendants anticipate serving additional third party subpoenas for documents and deposition testimony in this matter.

e) *Proceedings before Magistrate Judge Nolan*

During the December 15, 2011 status conference, Judge Shadur announced that he intended to refer pending discovery disputes to Magistrate Judge Nolan, including an evidentiary hearing as requested by Defendants.[8] (*See* Order, ECF No. 272.)

Beginning in February 2012, Magistrate Judge Nolan presided over two days of evidentiary hearings. At the conclusion of day two of the evidentiary hearing, in response to Judge Nolan's suggestion, the parties agreed to continue the evidentiary hearing in order to

---

[6] *See* ECF No. 222, first Joint Status Conference Report, p. 2, section B(1) reporting on the parties discussions beginning in December 2010 regarding these and other issues.

[7] To date, only one subpoena has required court involvement. On October 25, 2012, the Hon. Robert P. Patterson of Southern District of New York issued an Order compelling The Levin Group ("TLG"), a financial consulting firm for Smurfit (now RockTenn CP, LLC), to produce certain documents pursuant to a subpoena. Over 60,000 pages of documents were received from TLG on November 26, 2012.

[8] In advance of the December 12, 2012 status conference, in addition to Joint Statement Conference Report No.2 (ECF No. 265), the parties filed separate statements of position (ECF Nos. 266 & 267) concerning the discovery disputes.

explore whether a negotiated resolution could be reached on the issues before her. The parties eventually resolved certain aspects of the ESI search methodology dispute pursuant to the Stipulation and Order Relating to ESI Search, filed on August 21, 2012 (ECF No. 385), although Plaintiffs reserved their rights with respect to adding more search terms. Other matters, including, as discussed below, the temporal periods for discovery, have not been resolved. Requests for additional custodians and third parties and other issues may emerge as Defendants continue their productions and Plaintiffs continue their review of Defendants' and third parties' documents.

Judge Nolan also had the parties participate in numerous status conferences and multiple Court-supervised meet-and-confer conferences, including some in which the Magistrate Judge participated, as listed below:

| DATE | DESCRIPTION | APPLICABLE FILING |
|---|---|---|
| 1/17/2012 | Initial Status Conference | Initial Status Report (ECF No. 276) Transcript (ECF No. 315) |
| 4/3/2012 | Status Conference | N/A |
| 4/19/2012 | Rule 16 Conference | Transcript (ECF No. 321) |
| 5/22/2012 | Rule 16 Conference | Transcript (ECF No. 360) |
| 5/30/2012 | Individual Rule 16 Conference with Plaintiffs and Temple Inland | Transcript (ECF No. 352) |
| 5/31/2012 | Individual Rule 16 Conference with Plaintiffs and International Paper | Transcript (ECF No. 350) |
| | Individual Rule 16 Conference with Plaintiffs and Georgia-Pacific | Transcript (ECF No. 351) |
| 6/19/2012 | Rule 16 Conference | Transcript (ECF No. 337) |
| 7/13/2012 | Status Conference | Transcript (ECF No. 353) |
| 7/25/2012 | Telephone Status Conference | N/A |

| DATE | DESCRIPTION | APPLICABLE FILING |
|---|---|---|
| 8/9/2012 | Telephone Status Conference | Transcript (ECF No. 432) |
| 8/21/2012 | Status Conference | N/A |
| 8/29/2012 | Status Conference | N/A |
| 9/13/2012 | Status Conference | N/A |

The parties were able to resolve cooperatively a number of discovery disputes. (*See* Order, ECF No. 412, at 6-14) (describing the timeline of discovery events and proceedings and issues on which parties have reached agreement). However, the parties remained at impasse as to the temporal scope of discovery, appropriate document custodians, and data sources to be searched by Defendants. On July 18, 2012, Judge Nolan set briefing schedules and directed Plaintiffs to file motions to compel addressing these issues. (*See* ECF No. 339.[9])

Further, on August 14, 2012, GP moved for a protective order seeking to quash Plaintiffs' Sixth Interrogatory (ECF Nos. 372/373). Plaintiffs filed their opposition to GP's motion on August 21, 2012 (ECF Nos. 388/390) and GP filed a reply brief on August 27, 2012 (ECF Nos. 394/395).

On September 28, 2012 Magistrate Judge Nolan issued her Order regarding the discovery disputes that the parties had not been able to resolve:

---

[9] On July 27, 2012, Plaintiffs filed motions to compel Defendants to produce responsive documents and data from all reasonably accessible sources (ECF Nos. 346/347) and for the time periods proposed by Plaintiffs (ECF No. 345). Defendants filed a consolidated opposition to those motions on August 10, 2012 (ECF Nos. 362/363) and Plaintiffs filed a consolidated reply on August 28, 2012 (ECF Nos. 396/397). Beginning on August 10, 2012, Plaintiffs also filed motions to compel five of the seven named Defendants to include additional document custodians, but ultimately reached agreements with three Defendants, thereby rendering those motions moot. The Magistrate's Order addresses Plaintiffs' motions to compel additional custodians from Defendants International Paper and Temple-Inland. (*See* ECF No. 412 at 25-34.)

-8-

| MOTION | RESOLUTION |
|---|---|
| Plaintiffs' Motion to Compel Defendants to Produce Documents and Data from All Reasonably Accessible Sources (ECF. Nos. 346/347) | DENIED (WITHOUT PREJUDICE) |
| Plaintiffs' Motion to Compel Temple-Inland to Include Additional Document Custodians (ECF. No. 359) | GRANTED IN PART/ DENIED IN PART |
| Georgia-Pacific's Motion for Protective Order (ECF. Nos. 372/373) | GRANTED |
| Plaintiffs' Motion to Compel International Paper Co. to Include Additional Document Custodians (ECF No. 381) | GRANTED IN PART/ DENIED IN PART |

.

The September 28, 2012 Order issued by Magistrate Nolan also stated that the Court would address the time periods motion in a separate order (ECF No. 412 at 2 n.1), but this ruling was not forthcoming prior to her retirement.

On October 11, 2012 Plaintiffs filed Rule 72(a) Objections to certain aspects of the September 28, 2012 Order (ECF Nos. 419/420). The Objections included a request that Judge Shadur adjudicate the time periods motion. On October 15 Judge Shadur indicated that the schedule for addressing the Objections, including the request for adjudication of the time periods motions, should be determined by the newly assigned Court.

    *f)*   *Other Discovery Issues*

Plaintiffs and Defendants have had a series of meet-and-confer sessions regarding the form and scope of production of Defendants' transactional data (*i.e.*, computer data reflecting what was in various invoices for sales of containerboard and containerboard products). The

Defendants will be producing transactional data and the parties will then meet and confer if issues arise as to the sufficiency of that data production.

**C.     Proposed Scheduling Orders**

The parties agree that this case would benefit from a scheduling order. However, the parties were unable to arrive at an agreed proposed scheduling order. Accordingly, both Defendants and Plaintiffs have submitted their own proposed scheduling orders for the Court's consideration with this joint status report, attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively.

Dated: December 5, 2012                                    Respectfully submitted,

| | |
|---|---|
| /s/ Michael J. Freed | /s/ Joanne Lee |
| Michael J. Freed | James T. McKeown |
| Steve A. Kanner | Foley & Lardner LLP |
| FREED KANNER LONDON & MILLEN LLC | 777 East Wisconsin Avenue, Suite 3800 |
| 2201 Waukegan Road, Ste. 130 | Milwaukee, WI 53202 |
| Bannockburn, IL 60015 | (414) 297-5530 |
| (224) 632-4500 | jmckeown@foley.com |
| mfreed@fklmlaw.com | |

-and-                                                      -and-

Daniel J. Mogin                                            Joanne Lee
Matthew T. Simmott                                         Foley & Lardner LLP
THE MOGIN LAW FIRM, P.C.                                   321 N. Clark Street, Ste. 2800
707 Broadway, Ste. 1000                                    Chicago, IL 60654
San Diego, CA 92101                                        (312)832-4557
(619) 687-6611                                             jlee@foley.com
dmogin@moginlaw.com

*Interim Co-Lead Class Counsel*                            -and-

                                                           Nathan P. Eimer
                                                           EIMER STAHL LLP
                                                           224 South Michigan Avenue, Suite 1100
                                                           Chicago, IL 60604-2516
                                                           (312) 660-7600
                                                           neimer@eimerstahl.com

                                                           *Counsel for* INTERNATIONAL PAPER
                                                           COMPANY, *and for purposes of this Status
                                                           Report only, on behalf of Defendants*
                                                           PACKAGING CORPORATION OF
                                                           AMERICA; CASCADES CANADA, INC.;
                                                           NORAMPAC HOLDINGS U.S. INC.;
                                                           WEYERHAEUSER COMPANY; GEORGIA
                                                           PACIFIC LLC; TEMPLE-INLAND INC.;
                                                           AND ROCKTENN CP, LLC

-1-

**EXHIBIT A**
**DEFENDANTS' PROPOSED SCHEDULING ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KLEEN PRODUCTS LLC, et al. individually and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>PACKAGING CORPORATION OF AMERICA, et al.,<br><br>    Defendants. | Case No. 10-cv-05711<br>Honorable Harry D. Leinenweber |

**[PROPOSED] SCHEDULING ORDER**

   This matter, a purported antitrust class action originally filed in September 2010, has not previously had a scheduling order. In the past twelve months, there has been significant activity (including two days of an evidentiary hearing and more than a dozen conferences with Magistrate Judge Nolan in the first nine months of 2012) and the parties have produced the equivalent of more than 16 million pages of documents. A scheduling order with set deadlines, subject to later adjustments as circumstances may warrant, will most efficiently and effectively allow the parties to advance this case. Upon consideration of the parties' submissions, it is hereby ordered that the following Schedule shall govern further proceedings in this case:

   1.  Plaintiffs are limited to taking 8 depositions per Defendant. The total number of fact witnesses that Plaintiffs and Defendants may each depose, including third parties, shall not exceed 80. For good cause shown, Plaintiffs or Defendants may seek leave of Court to take additional depositions.

   2.  Plaintiffs shall file their motion for class certification and supporting materials and shall disclose their class certification experts, including the expert reports and supporting

materials, by August 1, 2013.

3. Depositions of Plaintiffs' class certification experts shall be taken by October 15, 2013.

4. Defendants shall file their opposition to Plaintiffs' motion for class certification and shall disclose their class certification experts, including the expert reports and supporting materials, by November 15, 2013.

5. Depositions of Defendants' class certification experts shall be taken by January 31, 2014.

6. Plaintiffs' reply in support of their motion for class certification shall be filed by March 1, 2014.

7. All fact discovery shall be completed by October 31, 2013.

8. Plaintiffs shall disclose their merits experts' opinions and required supporting material by November 30, 2013 and produce their experts for depositions within 60 days thereafter.

9. Defendants shall disclose their merits experts' opinions and required supporting material by March 1, 2014 and produce their experts for depositions within 60 days thereafter.

10. All dispositive motions shall be filed by July 1, 2014; all opposition briefs shall be filed by September 1, 2014; all reply briefs shall be filed by November 1, 2014.

11. The case will be ready for trial by March 1, 2015.

SO ORDERED.

                                                                              HONORABLE HARRY D. LEINENWEBER
                                                                              United States District Judge

Dated: _____, 2012

-1-

**EXHIBIT B**
**DEFENDANTS' PROPOSED SCHEDULING ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KLEEN PRODUCTS LLC, et al. individually and on behalf of all those similarly situated, <br><br>       Plaintiffs, <br><br>   v. <br><br>PACKAGING CORPORATION OF AMERICA, et al., <br><br>       Defendants. | Case No. 10-cv-05711 <br> <u>Honorable Harry D. Leinenweber</u> |

## [PROPOSED] SCHEDULING ORDER

The parties have submitted competing proposed scheduling orders for the Court's consideration. Defendants propose a schedule up to and including trial while Plaintiffs propose a schedule up to the date that class certification is determined by the Court. Plaintiffs' proposal is based on the following facts: (a) the nature and scope of the class certification determination may depend on the Supreme Court's forthcoming decision in *Comcast Corp. v. Behrend*, No. 11-864; (b) Defendants are continuing to make large document productions; (c) Defendants have represented that tens of thousands of documents are being withheld from production on the grounds of privilege but have not yet produced privilege logs and do not expect to do so until early 2013; (d) Defendants have not yet produced transaction data; (e) it is reasonable to anticipate that there will be extended discussions between Plaintiffs and Defendants concerning the adequacy of Defendants' production of transaction data, which may lead to additional motion practice, (f) Plaintiffs have filed objections to former Magistrate Judge Nolan's September 28, 2012 Opinion and Order; (g) there has been no ruling on Plaintiffs' motion concerning the

temporal scope of discovery; (h) there is substantial ongoing third party discovery; and (i) Plaintiffs have reserved their rights with respect to adding more search terms to be applied to Defendants' electronic documents.

Upon consideration of the parties' submissions, it is hereby ordered that the following Schedule shall govern further proceedings in this case:

1. Plaintiffs will file their class certification motion and supporting expert report(s) no later than six (6) months after Defendants certify their productions to be substantially complete, transactional data issues have been satisfactorily resolved, and issues relating to privilege have been substantially resolved.

2. As soon as practicable after a ruling on class certification, the Court will hold a scheduling conference and set dates for merits and expert discovery cutoffs, dispositive motions and trial.

3. Nothing in this Scheduling Order is intended to suggest that discovery should be bifurcated in any way between class certification and merits issues.

4. With respect to this or any other schedule adopted by the Court, any party may request a modification for good cause.

SO ORDERED.

/s/ _____
HONORABLE HARRY D. LEINENWEBER
United States District Judge

Dated: _____, 2012