**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KLEEN PRODUCTS LLC, et al. individually and on behalf of all those similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>PACKAGING CORPORATION OF AMERICA, et al.,<br><br>       Defendants. | Civil Case No. 1:10-cv-05711<br><br>Hon. Harry D. Leinenweber |

**DEFENDANTS' STATUS CONFERENCE REPORT**

Defendants[1] respectfully submit this report for the Court's consideration in advance of the status conference in the above-captioned matter currently scheduled for February 19, 2014 at 9:00 a.m.

    **A.**    **Production of Documents and Transactional Data**

Defendants' production of documents and transactional data have been substantially complete for over nine months. As noted in plaintiffs' status report, the Court's Scheduling Order (Dkt. 461) required defendants to be substantially complete with their document and data productions and their privilege logs by April 1, 2013. Dkt. 461. Defendants complied with that order, producing over 26 million page equivalents of documents, their privilege logs, and the bulk of their collective transactional data on or about that date.

---

[1] Packaging Corporation of America, International Paper, Cascades Canada, Inc., Norampac Holdings U.S. Inc., Weyerhaeuser Company, Georgia-Pacific LLC, Temple-Inland Inc., and RockTenn CP, LLC.

Over the next five months, a number of defendants produced additional data and documents and revised their privilege logs to address concerns raised by plaintiffs. All told, these productions included approximately 1 million additional page equivalents of documents, less than 3.7% of defendants' total productions. In recognition of the fact that plaintiffs might need additional time to review these productions, and specifically the additional transactional data, the parties agreed to—and the Court granted—a commensurate five-month extension of the case schedule. *See* Dkt. 507; Dkt. 513.

Since September 2013, defendants' supplemental productions largely have been limited to documents responsive to discovery requests served after the original April 1, 2013 cut-off and those specifically responsive to plaintiffs' inquiries regarding defendants' discovery responses, transactional data, and privilege logs. Even then, defendants post-September 1 productions have included only 248,000 page equivalents of documents, less than 1% of their overall productions.

With respect to transactional data, in addition to the substantial volume of data produced in response to plaintiffs' discovery requests, defendants conservatively estimate that they have responded to over 1100 informal questions regarding their data, without requiring plaintiffs to serve additional discovery requests.

**B.      Depositions**

By a Minute Order dated March 5, 2013, the Court limited each side—plaintiffs and defendants—to 100 depositions. *See* Dkt. 462. Since then, and notwithstanding that defendants' document production was substantially complete nine months ago, plaintiffs have taken only 15 depositions of defendants and third parties. They have noticed or scheduled another 33 more to occur over the next two to three months. Defendants are awaiting dates for the noticed Rule 30(b)(6) depositions of the named plaintiffs.

To date, the only completed third party deposition has been of Mark Wilde—a deposition originally notice by Georgia-Pacific, and thereafter cross-noticed by plaintiffs. At Mr. Wilde's deposition, which lasted for a single day, defendants and plaintiffs each had 3.5 hours for questioning.[2]

Defendant Georgia-Pacific recently noticed the deposition of another third party, RISI, Inc., which plaintiffs subsequently also noticed for deposition. RISI's counsel has informed counsel for both sides that it will sit for one day of deposition and has offered dates in the third week of March. In light of this, Georgia-Pacific, on behalf of all defendants, suggested to plaintiffs' counsel that the parties equally split the allotted deposition time, as the parties did at Mr. Wilde's deposition. Plaintiffs have thus far refused, stating that they need seven hours to complete their questioning. Given the number of defendants involved in this litigation, defendants believe that their proposed time allocation is more than fair. Defendants are continuing their meet-and-confer discussions with plaintiffs and with RISI's counsel, and hope that the issue can be resolved without Court intervention.

### C. Interrogatories

There currently are no motions pending in connection with any of defendants' responses to plaintiffs' interrogatories.

On November 8, 2013, plaintiffs requested a meet-and-confer with all defendants regarding defendants' responses to Interrogatory Nos. 5, 6, and 7 of Plaintiffs' Second Set of Interrogatories (served August 9, 2013). That meet-and-confer took place on November 18,

---

[2] Plaintiffs assert in their status report that Georgia-Pacific's questioning of Mr. Wilde lasted approximately 45 minutes. But plaintiffs omit the fact that other defendants questioned Mr. Wilde as well, and that all defendants, including Georgia-Pacific, *collectively* used approximately 3.5 hours—*i.e.*, half of the total deposition time.

2013. On December 20, 2013, in an effort to avoid protracted motion practice, defendants served supplemental responses to those three interrogatories.[3] On January 23, 2014, plaintiffs informed defendants that plaintiffs remained dissatisfied with defendants' responses to the three interrogatories—although plaintiffs did not provide any specifics as to what information defendants purportedly failed to include—and requested another meet-and-confer. That meet-and-confer occurred on February 5, 2014. Both prior to and during that meet-and-confer and then again in subsequent correspondence, defendants requested that plaintiffs engage in individualized meet-and-confers with defendants so that the parties could discuss any specific complaints plaintiffs may have about each defendant's responses. Plaintiffs have refused to engage in such defendant-specific discussions, instead re-stating their generalized statement that defendants' narrative statements and their descriptions of the documents cited therein are "incomplete."

Defendants hope that plaintiffs will engage in substantive, individualized meet-and-confer discussions, rather than initiate what defendants would consider unnecessary motion practice.

**D.      Pending Discovery Disputes**

Plaintiffs have accurately reported on this issue. With respect to plaintiffs' motion to compel Defendant RockTenn to amend its privilege log and produce certain documents (Dkt. 550), RockTenn states that it believes that plaintiffs' motion to Compel has been substantially mooted with RockTenn's voluntary submission of a supplemental and amended privilege log on February 14, 2014. In preparing the supplemental and amended log, RockTenn attempted to address each of the issues raised in plaintiffs' motion by undergoing an extensive re-review of

---

[3] As noted in plaintiffs' status report, PCA supplemented its responses on January 31, 2014.

each of the documents and entries contained on its log. As such, RockTenn believes that the parties should engage in a further meet and confer to determine if any issues remain before the Court issues a ruling on the motion.

### E. Upcoming Dates / Next Status

Per the Amended Scheduling Order (Dkt. 513), plaintiffs' motion for class certification is due **May 12, 2014**. Defendants response to that motion is currently due **August 11, 2014**. As such, defendants respectfully submit that the parties appear for further status, at the Court's convenience, in late June 2014.

Dated: February 18, 2014               Respectfully submitted,

*/s/ Britt M. Miller*
Andrew S. Marovitz
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
(312) 701-7711 - Fascimile

*Counsel for* TEMPLE-INLAND INC. and, for purposes of this status report only, on behalf of all named defendants.

## CERTIFICATE OF SERVICE

       I, Britt M. Miller, an attorney, hereby certify that on February 18, 2014, I caused a true and correct copy of the foregoing **DEFENDANTS' STATUS CONFERENCE REPORT**, to be filed electronically and served electronically pursuant to the Court's orders in the captioned matters. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                       _/s/ Britt M. Miller_
                                            Britt M. Miller