**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KLEEN PRODUCTS LLC, et al., individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>  v.<br><br>PACKAGING CORPORATION OF AMERICA, et al.,<br><br>            Defendants. | No. 1:10-cv-05711<br><br>Hon. Harry D. Leinenweber |

**DEFENDANT ROCKTENN CP, LLC'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
DEFENDANT ROCKTENN CP, LLC TO AMEND ITS PRIVILEGE LOG AND
<u>PRODUCE CERTAIN DOCUMENTS</u>**

Plaintiffs' "Supplemental Brief" fails to identify a single reason why this Court should rule on a motion to compel directed towards a previous, now out-dated version of RockTenn CP, LLC's ("RockTenn") privilege log, and which has been mooted on most grounds.

First, as discussed at the February 19, 2014 status hearing and in RockTenn's Response to Plaintiffs' Motion to Compel (Dkt. No. 571), RockTenn has attempted to resolve this dispute in good faith by voluntarily conducting a re-review of each and every document contained on its original privilege log to address the concerns specifically raised in Plaintiffs' motion. This process was no small feat – all told, the re-review took almost two months to complete and consumed hundreds of hours of attorney time.[1] And although Plaintiffs refused to meet and confer with RockTenn during the re-review process (which RockTenn believed would have been productive to ensure that its efforts during the re-review would not be wasted), RockTenn finished its review and submitted a Second Amended and Supplemental Log on February 14, 2014 (the "Amended Log"). *See* Amended Log, attached hereto as Exhibit A.

Second, the Amended Log moots the majority of issues raised in Plaintiffs' motion. In preparing the Amended Log, RockTenn's sentence by sentence review of each of the documents on RockTenn's log was intended to address the so-called "categorical" issues raised in Plaintiffs' motion. Specifically, among other things, RockTenn:

- Confirmed that documents on its log contained communications or discussions relating to legal advice sought from or provided by attorneys, as requested by Plaintiffs (*See* Plts' Mot. To Compel Def. RT to Amen Priv. Log, at 4-6) (Dkt # 546);

- Expanded the descriptions of certain entries on the log, including those which Plaintiffs claimed were too "general or vague" (*id.* at 7);

---

[1] Moreover, the re-review was complicated by the fact that (1) RockTenn produced thousands of documents from the custodial files of Smurfit-Stone Container Corporation's former General Counsel and (2) Plaintiffs requested thousands of documents during the 18-month time period in which Smurfit-Stone was engaged in Chapter 11 bankruptcy proceedings (at a time which Smurfit was having regular communications with its bankruptcy attorneys).

- Modified descriptions on the log to include additional information regarding attorneys and document senders and recipients, when available, in response to Plaintiffs' complaints about certain entries lacking information (*id.* at 8-9);

- Produced certain documents in response to Plaintiffs' concerns relating to communications involving third party consultants in instances in which the consultant was not acting in a capacity that assisted in the rendering of legal advice (*id.* at 10);

- Produced 232 documents that were attachments to privileged documents contained on the log, which were independent of the legal advice being provided or sought, in response to Plaintiffs' concerns (*id.* at 11);

- Produced 527 documents in redacted form (which were previously withheld in total) when it was feasible to redact legal advice that was separate and independent from the remaining non-legal portions of the document, all in response to Plaintiffs' concerns (*id.* at 13); and

- Updated RockTenn's log based on document productions it made since April 1, 2013 (as requested in Plaintiffs' motion to compel), which required the addition of 179 more entries on its log (*id.* at 14).

These changes, among others, have mooted the vast majority of issues in Plaintiffs' motion. To date, Plaintiffs have not provided any specific feedback regarding the changes made in the Amended Log. Accordingly, the majority of Plaintiffs' motion should be denied as moot.[2]

Third, in light of the Amended Log, Plaintiffs' Supplemental Brief has provided no reason why an *in-camera* review of documents on RockTenn's Amended Log is warranted. Not only is an *in-camera* review of a sample set of documents wholly inappropriate to make broad generalizations regarding other, unrelated documents on the Amended Log (let alone a

---

[2] Although RockTenn's Amended Log addresses the majority of issues raised in Plaintiffs' motion, one issue remains – whether RockTenn can properly redact non-responsive information contained in approximately 70 documents it produced. However, as discussed in RockTenn's response brief, "withholding and redacting documents that are non-responsive to [a party's] document requests is appropriate." *RBS Citizens v. Husain*, 291 F.R.D. 209, 222-23 (N.D. Ill. 2013). Indeed, Plaintiffs themselves have made in excess of 4,000 non-responsive redactions. *See* Decl. Of Michael P. Mayer, at ¶ 18, Ex. J (Dkt. #571).

"sample" hand-picked by Plaintiffs),[3] but Plaintiffs have failed to demonstrate how such a review of sample documents is likely to resolve any of the pending disputes or be in the best interests of judicial economy. As such, Plaintiffs' request for an *in-camera* review should be denied.

Finally, Plaintiffs' suggestion that this Court should rule on the motion against RockTenn because "similar issues exist with respect to claims of privilege asserted by other Defendants" is of no moment. Plts' Supp. Bf. at fn. 2. RockTenn has expended an enormous amount of resources to address the issues directed towards it, and it would be grossly unfair for Plaintiffs to continue litigating issues that are already resolved based on Plaintiffs' desire to obtain an advisory opinion with respect to other, purported and unidentified disputes, none of which have been brought to the Court's attention.

For the foregoing reasons, Plaintiffs' Motion to Compel should be denied or in the alternative, withdrawn without prejudice until the Parties meet and confer regarding any remaining issues.

Dated: March 5, 2014                    Respectfully submitted,


                                        /s/ Michael P. Mayer
                                        One of the Attorneys for RockTenn CP, LLC

James F. Herbison
Michael P. Mayer
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
mmayer@winston.com
jherbison@winston.com

*Counsel for* ROCKTENN CP, LLC

---

[3] *See Am. Nat'l Bank & Trust Co. of Chi. v. Equitable Life Assurance Soc'y of the U.S.*, 406 F.3d 867, 879-80 (7th Cir. 2005) (providing that a court cannot rely on a random sampling of documents to determine whether all of the documents on a log are privileged).

-4-

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of March, 2014, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

                                                          /s/ Michael P. Mayer