**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KLEEN PRODUCTS LLC, *et al.*, individually and on behalf of all those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:10-cv-05711 |
| v. | ) ) | Hon. Harry D. Leinenweber |
| PACKAGING CORPORATION OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**DECLARATION OF MICHAEL J. FREED IN SUPPORT OF
PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, Michael J. Freed, declare as follows:

1.      I am an attorney with the law firm Freed Kanner London & Millen, LLC, one of the co-lead counsel of the Plaintiff Class in the above captioned matter. I have personal knowledge of the facts stated herein, and if called upon to testify, I would competently do so. I submit this declaration in support of Plaintiffs' Motion for Final Approval of Settlement.

2.      On or before June 20, 2014, the Settlement Administrator, Rust Consulting, Inc., mailed the form of settlement notice approved by the Court to the direct purchasers of Containerboard Products. The list of direct purchasers was derived from customer lists produced by Defendants. A copy of an Affidavit of Mailing of Notice is attached hereto as Exhibit 1 and copies of the approved notice and a screen shot of the www.containerboardproductscase.com website are attached hereto as Exhibits 1-A and 1-B.

3. On June 6, 2014, the summary notice in the form approved by the Court was published in the national edition of *The Wall Street Journal*. A copy of the Affidavit of the Advertising Clerk of the Publisher of *The Wall Street Journal* is attached hereto as Exhibit 2.

4. The exclusion requests received by the Settlement Administrator are attached hereto as Exhibit 1-C. The opt-out requests received by the Settlement Administrator are attached hereto as Exhibit 1-D.

5. The May 21, 2014 Declaration of Stephanie J. Fiereck on implementation of CAFA notice is attached hereto as Exhibit 3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 20, 2014                     Respectfully submitted,

                                           /s/ Michael J. Freed
                                           Michael J. Freed
                                           FREED KANNER LONDON &
                                           MILLEN LLC
                                           2201 Waukegan Road, Ste. 130
                                           Bannockburn, IL 60015
                                           Tel: (224) 632-4500
                                           Email: mfreed@fklmlaw.com

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| KLEEN PRODUCTS LLC, *et al.* individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PACKAGING CORPORATION OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 1:10-cv-05711 <br><br> Hon. Harry D. Leinenweber |

**DECLARATION OF SANDRA PETERS REGARDING MAILING OF THE NOTICE**
**AND RECEIPT OF**
**REQUESTS FOR EXCLUSION AND OBJECTIONS TO DATE**

Sandra Peters, declares and states as follows:

      1.    I am a Senior Project Administrator at Rust Consulting, Inc. ("Rust") and submit this Declaration in order to provide the Court and the Parties to the above-captioned litigation with information regarding the dissemination of the Class Notice ("Notice") and receipt of Requests for Exclusion and Objections to date. I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently hereto.

      2.    Rust was retained by Settlement Class Counsel as the Settlement Administrator to effectuate the Notice Plan and otherwise administer the Settlement, pursuant to ¶ 6.3.1 of the Order Preliminarily Approving Settlement, Conditionally Certifying the Settlement Class, Appointing Class Counsel for the Settlement Class, Approving Notice Plan, and Setting a Final Approval Hearing dated May 6, 2014 (the "Preliminary Approval Order").

1

## DISSEMINATION OF NOTICE

3.     On or about May 8, 2014, Rust received a file from Class Counsel containing 643,273 names and addresses of potential Class Members to be used for mailing purposes. The data was electronically scrubbed to ensure adequate address formatting and the elimination of duplicative records. Rust also submitted the names and physical addresses to the United States Postal Service ("USPS") National Change of Address Service ("NCOA") to ensure adequate physical address formatting, obtain current physical addresses, and to qualify for postal discounts.

4.     Rust entered the data referenced above into a segregated database (the "Rust Mailing Database") to be used for mailing the Notice to potential Class Members, resulting in 158,190 records for mailing.

5.     On June 20, 2014, pursuant to ¶ 6.3.2 of the Preliminary Approval Order, Rust caused the Notice, attached hereto as Exhibit A, to be mailed via the United States Postal Service ("USPS") by first class mail, postage prepaid, to the 158,190 names and addresses in the Rust Mailing Database.

6.     Rust leases and maintains a Post Office Box (P.O. Box 1919, Faribault, MN 55021-1942) for the receipt of all undeliverable mail and written communications necessary to implement the Settlement.

7.     As of August 14, 2014, the USPS had returned 34,419 Notices as undeliverable without forwarding addresses. Additionally, as of August 14, 2014, the USPS had returned 521 Notices with forwarding addresses and they were re-mailed to the potential Class Members at the updated addresses.

8.     In aggregate, 158,711 Notices have been promptly disseminated to potential Class Members by first-class mail.

## WEBSITE AND CALL CENTER

9.      Rust established and maintains a website, www.containerboardproductscase.com (the "Website"), that enables Class Members and other individuals to obtain information about the Settlement and to access important documents related to the Settlement. Specifically, the Website contains a listing of the deadlines for objecting to the Settlement and requesting exclusion from the Class, as well as contact information. A screen shot of the Website homepage is attached hereto as Exhibit B.

10.      The Website also contains "links" to the Notice as well as Frequently Asked Questions (FAQs) and important Court documents including, among others, the Motion for Preliminary Approval, Preliminary Approval Order and Settlement Agreement. The "links" permit any person, including potential Class Members with internet access, to view, download, and print a copy of the Notice, thereby providing potential Class Members with information about the Settlement at their convenience.

11.      The Website went "live" on June 5, 2014 and as of August 14, 2014 the Website has been visited at least 4,550 times. Please note that one individual may have visited the site multiple times.

12.      Rust also established a case-dedicated e-mail address, info@containerboardproductscase.com, to allow persons to email the Settlement Administrator with questions or inquiries. The e-mail address was activated on June 5, 2014 and is listed on the website. As of August 14, 2014 Rust has received and processed 107 e-mail inquiries from potential Class Members.

13.      Rust maintains a toll-free telephone hotline (1-888-764-8864). Class Members calling the hotline may listen to a series of pre-recorded frequently asked questions. The hotline went "live" on June 6, 2014 and as of August 14, 2014, Rust has received 166 calls.

3

**RECEIPT OF REQUESTS FOR EXCLUSION AND OBJECTIONS TO DATE**

14.     Pursuant to ¶ 6.3.4 of the Preliminary Approval Order, Requests for Exclusion must be received by no later than August 4, 2014. The request must include the Class Member's name and address, telephone number, a signature, the name and number of the case, a statement that they wish to be excluded from the Class, and the names of any subsidiaries or affiliates of the business that also are requesting to be excluded.

15.     As of August 14, 2014, Rust has received 40 Requests for Exclusion. Attached as Exhibit C is a complete listing of the name, city, state and Rust's internal tracking number of the Requests for Exclusion received to date.

16.     Pursuant to ¶ 6.3.5 of the Preliminary Approval Order, objections must be filed with the Clerk of the Court and copies served on Class Counsel and counsel for PCA no later than August 4, 2014. To date, Rust has received two (2) objections to the Settlement, which have been forwarded to Class Counsel. Attached as Exhibit D is a complete listing of the name, city, state and Rust's internal tracking number of the objections received to date.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of August, 2014 in Palm Beach Gardens, Florida.

_Sandra Peters_

Sandra Peters

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

# If You Directly Purchased Containerboard Products Between February 15, 2004 and November 8, 2010, You Could be Affected by the Proposed Class Action Settlement.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Please read this notice carefully. Your legal rights are affected whether you act or don't act. Your rights and the deadlines for exercising your rights are explained in this Notice.

- "Containerboard Products" include linerboard, corrugated medium, corrugated sheets and corrugated products, including boxes and other containers.

- *Kleen Products LLC et al. v. Packaging Corporation of America, et al.,* is a class action lawsuit involving the price of Containerboard Products purchased directly from the Defendants that is pending in the United States District Court for the Northern District of Illinois. The lawsuit alleges that Defendants engaged in illegal anti-competitive conduct with respect to the sale of Containerboard Products and that as a result, any person or entity that purchased Containerboard Products *directly from any Defendant*, during the Class Period paid a higher price than otherwise would have been the case in a competitive market. Defendants deny Plaintiffs' allegations and the Court has not ruled on the merits of the claims or defenses.

- The Defendants are Packaging Corporation of America, International Paper, Cascades Canada, Inc., Norampac Holdings U.S. Inc., Weyerhaeuser Company, Georgia Pacific LLC, Temple-Inland Inc., TIN Inc., and RockTenn CP, LLC, which was formerly known as Smurfit-Stone Container Corporation and includes their predecessor companies (including Containerboard Products manufacturers merged with or acquired by them) and each of their subsidiaries or affiliates that sold Containerboard Products in the United States during the Class Period.

- A "direct purchaser" is a person or business who bought Containerboard Products directly from any of the Defendants, including their predecessors, affiliates, or subsidiaries at any time during the Class Period, rather than from an intermediary or a company that is not a defendant in this lawsuit. A direct purchaser does not have to purchase exclusively from a Defendant in order to be a Settlement Class Member.

- For purposes of this Settlement, the Class Period is between February 15, 2004 and November 8, 2010.

- This notice concerns a settlement with only Packaging Corporation of America ("PCA" or "Settling Defendant"). PCA has agreed to pay $17,600,000 and to provide certain other consideration to settle the case. PCA denies any liability.

- The lawsuit will continue against the other Defendants that have not settled the case ("Non-Settling Defendants"). Other than the Settlement Class, the Court has not certified a class.

- For further details, answers to frequently asked questions, and more information, see www.containerboardproductscase.com or call 1-888-764-8864. See Question 25 below.

**DO NOT CONTACT THE COURT OR THE CLERK OF COURT REGARDING THIS NOTICE.**

| LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT: | | |
|---|---|---|
| **YOU OR YOUR COMPANY MAY:** | | **DUE DATE:** |
| **DO NOTHING AND REMAIN IN THE CLASS** | You will be considered part of the Settlement Class and will be bound by the terms of the settlement. At a later date, you may be eligible to submit a claim form to receive money. | Not Applicable |
| **ASK TO BE EXCLUDED FROM THE PROPOSED SETTLEMENT CLASS** | You will receive no payment or benefit from the Settlement, but will retain any currently existing rights to sue the Settling Defendant about the claims in this case. This is the only option that allows you to sue on your own. | Postmarked by August 4, 2014 |
| **OBJECT TO THE SETTLEMENT** | If you do not file a request for exclusion you may write to the Court about why you don't like the Proposed Settlement. | Postmarked by August 4, 2014 |
| **ATTEND THE HEARING** | Write to the Court to ask permission to speak at the hearing about the fairness of the Proposed Settlement. | Postmarked by August 4, 2014 |

## BASIC INFORMATION

### 1. Why did I get this notice?

You or your company may have purchased Containerboard Products directly from one or more of the Defendants in the United States between February 15, 2004 and November 8, 2010. This Notice explains the lawsuit, the Proposed Settlement, and your legal rights.

### 2. What are Containerboard Products?

"Containerboard Products" include linerboard, corrugated medium, corrugated sheets, and corrugated products, including boxes and other containers.

### 3. What is this lawsuit about?

The case is pending in the United States District Court for the Northern District of Illinois and is known as *Kleen Products LLC et al. v. Packaging Corporation of America, et al.*, Case No. 1:10-cv-05711.

On November 8, 2010, Plaintiffs filed a Consolidated Amended Complaint alleging that the Defendants conspired to illegally fix, raise, maintain, and/or stabilize prices of Containerboard Products purchased in the United States in violation of Section 1 of the Sherman Act. The lawsuit claims that any person or entity that purchased Containerboard Products *directly from any Defendant* during the Class Period paid a higher price than they otherwise would have paid in a competitive market. The lawsuit seeks to recover three times the actual damages that Plaintiffs allege the Defendants' conduct caused, as well as injunctive relief, attorneys' fees and costs. PCA and the Non-Settling Defendants deny any liability.

The Settlement Class Period is between February 15, 2004 and November 8, 2010.

For purposes of this settlement, the Court has certified a Settlement Class as defined in Question 9 below.

### 4. What are direct purchases?

A "direct" purchase means that you bought one or more of the Containerboard Products from one or more of the Defendants. Your direct purchase(s) must have been made during the Class Period. If you bought Containerboard Products from another company, it is not a direct purchase for purposes of this lawsuit. You are not required to have purchased exclusively from one or more of the Defendants in order to be considered a direct purchaser for purposes of this lawsuit as long as you purchased Containerboard Products from any Defendant during the Settlement Class Period.

### 5. What is the Settlement Class Period?

The Settlement Class Period is between February 15, 2004 and November 8, 2010.

Other than the Settlement Class, the Court has not certified a class.

### 6. Who are the Defendants?

The Defendants are: Packaging Corporation of America; International Paper; Cascades Canada, Inc.; Norampac Holdings U.S. Inc.; Weyerhaeuser Company; Georgia Pacific LLC; Temple-Inland Inc.; TIN Inc., and RockTenn CP, LLC, formerly known as Smurfit-Stone Container Corporation.

The "Defendants" also includes all of these companies' predecessors (including Containerboard Products manufacturers merged with or acquired by them) and each of their wholly-owned or controlled subsidiaries or affiliates that sold Containerboard Products directly to purchasers in the United States during the Class Period.

To be a member of the Settlement Class you must have purchased Containerboard Products _directly_ from one of these companies in the United States between February 15, 2004 and November 8, 2010.

### 7. Why is this a class action?

In a class action, one or more people and/or companies, called class representatives, sue on behalf of people and companies who have similar claims. Together, they make up a class. In a class action, one court resolves the issues for all class members, except for those who exclude themselves.

The class representatives in this case are Kleen Products LLC, R.P.R. Enterprises, Inc., Mighty Pac, Inc., Ferraro Foods, Inc., Ferraro Foods of North Carolina, LLC, Distributors Packaging Group, LLC, RHE Hatco, Inc., and Chandler Packaging, Inc.

U.S. District Judge Harry D. Leinenweber is presiding over this class action.

### 8. Why is there a Proposed Settlement?

The Defendants have denied any wrongdoing in this case, and the Court has not decided in favor of the Plaintiffs or the Defendants. Instead, Plaintiffs and PCA have agreed to the Proposed Settlement. That way, PCA avoids further expense, inconvenience, and the distraction of litigation.

The Class Representatives and Class Counsel think the Proposed Settlement is best for all proposed Settlement Class Members.

To date, only PCA has agreed to settle the litigation. The Non-Settling Defendants have not agreed to settle, so the litigation is continuing against them. Additional money may become available in the future as a result of additional settlements and/or a trial, but there is no guarantee this will happen.

#### WHO IS AFFECTED BY THE PROPOSED SETTLEMENT?

To see if you are affected by this Proposed Settlement, you first have to determine if you are a Settlement Class Member.

### 9. How do I know if I am part of the Proposed Settlement?

Any person or business that fits the following description is affected by the Proposed Settlement and therefore a member of the Settlement Class, defined as:

_All persons and entities that, during the Class Period purchased Containerboard Products directly from Defendants in the United States. Excluded from the Class are Defendants, any parent, subsidiary, or affiliate of Defendants, and all governmental entities._

For purposes of the Proposed Settlement, the Class Period is between February 15, 2004 and November 8, 2010.

"Containerboard Products" means linerboard, corrugated medium, corrugated sheets, and corrugated products, including boxes and other containers.

For purposes of determining whether you are affected by the Proposed Settlement and therefore a member of the Settlement Class, it does not matter from which Defendant you purchased Containerboard Products, so long as you purchased _**directly**_ from at least one Defendant at any time during the Class Period.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR WILL RECEIVE PROCEEDS FROM THE PROPOSED SETTLEMENT.**

**10. I'm still not sure if I'm included.**

If you are still not sure whether you are a Class Member, you can ask for free help. See Question 25 below.

### WHAT THE PROPOSED SETTLEMENT MEANS TO YOU

**11. What does the Proposed Settlement provide?**

Pursuant to the Proposed Settlement, PCA has agreed to pay $17,600,000. There is no provision in the Settlement Agreement for that amount to be reduced in the event that class members exclude themselves from the Settlement Class. However, there is an agreement which has been filed with the Court under seal pursuant to which PCA may rescind the Proposed Settlement in the event that Settlement Class Members that purchased certain percentages of Containerboard Products during the class period elect to exclude themselves from the settlement. PCA will also pay up to $100,000 in costs of notice and administration of the Proposed Settlement. PCA has agreed to cooperate with the Plaintiffs in their ongoing litigation against the Non-Settling Defendants.

In exchange for this settlement amount, the Settlement Class Members give up all legal rights to pursue PCA for the "released claims." "Released Claims" include any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the Settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that they ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, asserted or unasserted, whether in law, in equity, or otherwise, claims, injuries, damages, whenever and however incurred (whether actual, punitive, treble, compensatory, or otherwise), liabilities of any kind, including costs, fees, penalties, or losses of any kind or nature, and the consequences thereof in any way arising out of or relating in any way to any act or omission of the PCA Releasees (or any of them) concerning the manufacture, supply, distribution, sale or pricing of Containerboard Products up to the date the Proposed Settlement becomes final, including but not limited to any conduct alleged, and causes of action asserted or that could have been or could still be alleged or asserted, in any class action complaints filed in this or related Actions, including those arising under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, or trade practice law. The "PCA Releasees" include PCA and all of its respective past and present, direct and indirect, parents, subsidiaries, affiliates; their predecessors, successors, affiliates, former affiliates and partnerships; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors and administrators of each of the foregoing.

The Proposed Settlement, which is part of the Court documents in this case, precisely describes the legal claims that you give up if you stay in the class.

### DISTRIBUTION OF THE SETTLEMENT PROCEEDS

**12. How will the funds from the settlement be distributed?**

It is not anticipated that Settlement Funds will be distributed at this time to Settlement Class Members. Subject to the Court's approval, Plaintiffs' counsel may use the Settlement Fund for payment of interim expenses incurred in prosecuting the lawsuit against the Non-Settling Defendants, with any sum remaining from the Proposed Settlement to be subject to further Court orders at a later date. Any payment of litigation expenses will be made only as approved by the Court.

**13. How do I receive payment from one or more of future settlements or judgments?**

No money will be distributed to the Settlement Class at this time. The attorneys for Settlement Class will pursue the litigation against the Non-Settling Defendants. Members of the Settlement Class may receive distributions in the future in the event there are any sums remaining from the Settlement Fund and sums obtained from settlements or judgments against any of the Non-Settling Defendants, but there is no guarantee of any additional money.

### IF YOU DO NOTHING

**14. What happens if I do nothing at all?**

If you do nothing, you will remain in the Settlement Class for the Proposed Settlement.

EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you don't want to be included in the Proposed Settlement, but you want to keep the right to sue or continue to sue the Defendants about the legal issues in this case, on your own and at your own expense, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out" of the class.

| 15. How do I get excluded from the Proposed Settlement? |
|---|

To exclude yourself from the Proposed Settlement, you must send a letter saying that you want to be excluded from the Settlement Class. The letter must include the following information:

- A statement that you want to be excluded from the Settlement Class for the **Packaging Corporation of America Settlement**.

- The case name: *Kleen Products LLC et al. v. Packaging Corporation of America, et al.*

- Your name, address, telephone number, and your signature.

- All trade names or business names and addresses you or your company have used, as well as the names of any subsidiaries or affiliates of your business that also are requesting to be excluded from the Settlement Class.

Your letter must be postmarked by August 4, 2014 and sent to:

Containerboard Products Class Action
c/o Rust Consulting, Inc.
PO Box 1919
Faribault, MN 55021-1942

If you ask to be excluded from the Proposed Settlement, you will not get any potential payments from the Settlement from which you exclude yourself, and you cannot object to that particular settlement. You may be able to sue (or continue to sue) the Settling Defendant from whose settlement you asked to be excluded in the future.

| 16. If I do not exclude myself, can I sue the Settling Defendant later? |
|---|

No. Unless you exclude yourself, you give up any right to sue the Settling Defendant for the claims that the Proposed Settlement resolves. If you have a pending lawsuit against the Settling Defendant involving the issues in this case, speak to your own lawyer in that case immediately. It may be necessary for you to exclude yourself from the Settlement Class in order to continue your own lawsuit.

| 17. If I exclude myself, can I get money from the Proposed Settlement? |
|---|

No. If you decide to exclude yourself, you will not be eligible to request money from the Proposed Settlement.

OBJECTING TO THE PROPOSED ATTORNEYS' EXPENSE REQUESTS

| 18. How do I tell the Court that I don't like the Proposed Settlement or expense requests? |
|---|

If you are a Settlement Class Member, you can object to the Proposed Settlement or request by Class Counsel for payment of interim expenses. You can give reasons why you think the Court should not approve the Proposed Settlement or the expense request. The Court will consider your views. To object, you must send a letter that includes the following:

- A statement saying what you object to in the Proposed Settlement or expense request, your name, address, telephone number, and your signature.

- The reasons you object to the Proposed Settlement or expense request.

- Proof of your membership in the Settlement Class, such as invoices showing that you satisfy the definition in Question 9.

Your objection must identify this case and case number and must be filed with the Court at the following address, **postmarked by August 4, 2014.**

Clerk of Court
United States District Court
For the Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

You must also mail copies of the objection to all of the following attorneys, **postmarked by August 4, 2014**:

Michael J. Freed
FREED KANNER LONDON & MILLEN, LLC
2201 Waukegan Rd., Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Fax: (224) 632-4521

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 687-6611
Fax: (619) 687-6610

---

**19. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Proposed Settlement. If you exclude yourself, you have no basis to object because the Proposed Settlement no longer affects you and you will not be barred from seeking your own individual relief at your own expense.

THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Proposed Settlement. You may attend, but you are not required to do so. If you attend, you may ask to speak, but you don't have to participate.

---

**20. When and where will the Court decide whether to approve the Proposed Settlement?**

The Court will hold a Fairness Hearing at 10:00 a.m. on September 3, 2014, in Courtroom 1941 at the United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At this hearing the Court will consider whether the Proposed Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Leinenweber will listen to people who have asked to speak at the hearing (see Question 21). After the hearing, the Court will decide whether to approve the Proposed Settlement.

The Court may change the time and date of the Fairness Hearing. Notice of any change will be posted at the courthouse or on the Settlement website.

---

**21. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Leinenweber may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

---

**22. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating the following:

- "Notice of Intention to Appear in *Kleen Products LLC et al. v. Packaging Corporation of America, et al.*"

- The position you will take on the Proposed Settlement and your reasons.

- Your name, address, telephone number, and your signature.

- Proof of your membership in the Settlement Class, such as invoices showing that you satisfy the definition in Question 6.

Your Notice of Intention to Appear must identify this case and case number and must be filed with the Court at the following address, **postmarked by August 4, 2014:**

Clerk of Court
United States District Court
For the Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 18 above.

## THE LAWYERS REPRESENTING YOU AS A CLASS MEMBER

### 23. Do I have a lawyer in this case?

The Court has appointed Michael J. Freed of Freed Kanner London & Millen, LLC and Daniel J. Mogin of The Mogin Law Firm, P.C. to represent the class. These lawyers are called Class Co-Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 24. How will the lawyers be paid?

To date, Class Counsel have not been paid any attorneys' fees, are prosecuting the litigation on a wholly contingent fee basis, and do not intend to seek any payment of attorneys' fees from this Settlement at this time. In the future, Class Counsel may seek compensation for their time and risk from any balance remaining in this Settlement Fund and any further settlements with or judgments against any of the remaining Non-Settling Defendants. Class Members shall have no obligation to pay any fees or expenses of Class Counsel. Any fees and expenses will be paid only out of the Settlement Funds or funds obtained in judgment. Whenever Class Counsel shall seek payment of attorneys' fees or reimbursement for expenses from this Settlement Fund or from the proceeds of any later settlement with, or judgment against, any of the Non-Settling Defendants, they will file a petition with the Court. No payment of attorneys' fees or reimbursement of expenses shall be made in favor of Class Counsel, absent an order of Court.

## GETTING MORE INFORMATION

### 25. How do I get more information?

This Notice summarizes the litigation and the settlements. You can learn more about the litigation and settlements by visiting www.containerboardproductscase.com, calling 1-888-764-8864, or writing to Containerboard Products Class Action, c/o Rust Consulting, Inc., P.O. Box 1919, Faribault, MN 55021-1942.

You may also write to any of Class Counsel at the following addresses:

Michael J. Freed
FREED KANNER LONDON & MILLEN, LLC
2201 Waukegan Rd., Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Fax: (224) 632-4521

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 687-6611
Fax: (619) 687-6610

**Do not contact the Judge or the Clerk of Court regarding this Settlement.**

### 26. Can I update my address?

Yes. If your address changes, please contact the Settlement Administrator at info@containerboardproductscase.com or by mail at Containerboard Products Class Action, c/o Rust Consulting, Inc., P.O. Box 1919, Faribault, MN 55021-1942.

DATED: May 6, 2014.

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# EXHIBIT B

**Kleen Products LLC et al. v. Packaging Corporation of America, et al.**

CLASS ACTION LAWSUIT

*Last Updated: July 3, 2014*

Case No. 1:10-cv-05711

HOME
REGISTRATION
FREQUENTLY ASKED QUESTIONS
CONTACT INFORMATION
NOTICE
COURT DOCUMENTS

DOWNLOAD ACROBAT READER
Adobe Reader is free and is required to view and print documents on this site.

Welcome

# Containerboard Products Case

Kleen Products LLC et al. v. Packaging Corporation of America, et al., is a class action lawsuit involving the price of Containerboard Products purchased directly from the Defendants that is pending in the United States District Court for the Northern District of Illinois. The lawsuit alleges that Defendants engaged in illegal anti-competitive conduct with respect to the sale of Containerboard Products and that as a result, any person or entity that purchased Containerboard Products directly from any Defendant, during the Class Period paid a higher price than otherwise would have been the case in a competitive market. Defendants deny Plaintiffs' allegations and the Court has not ruled on the merits of the claims or defenses. To date, only PCA has agreed to settle the litigation. The Non-Settling Defendants have not agreed to settle, so the litigation is continuing against them.

## KEY DATES FOR THE PCA SETTLEMENT

EXCLUDE YOURSELF FROM THE CLASS    Postmarked by August 4, 2014

OBJECT TO THE SETTLEMENT    Postmarked by August 4, 2014

REQUEST TO ATTEND THE HEARING    Postmarked by August 4, 2014

DISCLAIMER

This website is supervised by counsel and the Court and is controlled by Rust Consulting, the Settlement Administration firm that handles all aspects of notice and claim processing. This is the only authorized website for this Settlement. Please do not rely on other sites that set out different and unauthorized information. If you have any questions, please contact the Settlement Administrator.

View the Privacy Policy

# EXHIBIT C

Kleen Products LLC. v. Packaging Corporation of America
Exclusions

| Exclusion # | Claimant ID | Name | City | State |
|---|---|---|---|---|
| 1 | 4493297 | Heartthrob Exhaust Assessoreis | Litchfield | MN |
| 2 | 2384689 | Heartthrob Exhaust (Duplicate claim to Exclusion #1) | Litchfield | MN |
| 3 | 2445441 | Janco Inc | Dover | NH |
| 4 | 4566656 | Janco (Duplicate claim to Exclusion #3 | Dover | NH |
| 5 | 5035595 | Rod & Staff Publishers Inc | Withee | WI |
| 6 | 3886946 | Christian Light Publications Inc | Harrisonburg | VA |
| 7 | 4640615 | Loveville Produce Auction | Leonardtown | MD |
| 8 | 3690413 | Central Programs Inc (Parent) | Bethany | MO |
| 8 | 2084459 | Centra Programs Inc (Duplicate calim to Exclusion #8) | Bethany | MO |
| 8 | 5820412 | Centra Programs Inc (Duplicate calim to Exclusion #8) | Bethany | MO |
| 9 | 2297750 | Farmer Automatic of America Inc | Register | GA |
| 10 | 3554098 | Detweiler Rubin (Parent) Detweiler Greenhouse | Marion | KY |
| 11 | none | Fosber America, inc., aka Fosber | Green Bay | WI |
| 11 | 6273828 | Tiruna America, Inc., aka Tiruna (afilate of Fosber) | Green Bay | WI |
| 12 | 5249213 | Valley Packaging Corporation | Scottsdale | AZ |
| 12 | 217125 | Valley Packaging Corporation (Duplicate claim to Exclusion #12) | Scottsdale | AZ |
| 13 | 5590643 | Raspberry Ranch | Marengo | IL |
| 14 | 37150 | C W Hendrix Farms Inc | Boca Ratan | FL |
| 14 | 6118990 | Hendrix Charles W Farms (Duplicate claim to Exclusion #14) | Boca Ratan | FL |
| 14 | 4495833 | Hendrix Farms (Duplicate to Exclusion #14) | Boca Ratan | FL |
| 14 | 2062327 | C W Hendrix Frams (Duplicate claim to Exclusion #14) | Boca Ratan | FL |
| 14 | 266505 | C W Hendrix Frams (Duplicate claim to Exclusion #14) | Boca Ratan | FL |
| 15 | 6181956 | National Distribution Ctrs LP | Vineland | NJ |
| 15 | 5684229 | National Freight, Inc (Duplicate claim to Exclusion #15) | Vineland | NJ |
| 16 | None | Emin Leydier Sas | Cedex | France |
| 17 | 3242445 | Aliments ASTA Inc | QC | Canada |
| 18 | 4488743 | Harvey Hubbell Caribe | Vega Baja | Mexico |
| 18 | 4523154 | Hubbell Inc (Duplicate Claim to Exclusion #18) | Shelton | CT |
| 19 | 268219 | Canadian Paper Connection | Concord, ON | Canada |
| 19 | 3007525 | Canadian Paper Connection Inc (Duplicate Claim to Exclusion #19) | Concord, ON | Canada |
| 19 | 3007549 | Canadian Paper Connection Inc (Duplicate Claim to Exclusion #19) | Concord, ON | Canada |
| 19 | 3056745 | Canadian Paper Connection (Duplicate Claim to Exclusion #19) | Concord, ON | Canada |
| 19 | 3056752 | Canadian Paper Connection (Duplicate Claim to Exclusion #19) | Concord, ON | Canada |
| 19 | 3056769 | Canadian Paper Connection (Duplicate Claim to Exclusion #19) | Concord, ON | Canada |
| 19 | 3348536 | Canadian Paper Connection Inc (Duplicate Claim to Exclusion #19) | Concord, ON | Canada |
| 19 | 3948682 | Canadian Paper Connection (Parent) (Duplicate Claim to Exclusion #19) | Concord, ON | Canada |
| 19 | 424455 | Canadian Paper Connection - Jamaica (Duplicate Claim to Exclusion #19) | Concord, ON | Canada |
| 19 | 5767847 | Canadian Paper Connection Inc (Duplicate Claim to Exclusion #19) | Concord, ON | Canada |
| 20 | 4692386 | Mid Fifty F-100 Parts Inc | Golden V alley | AZ |
| 21 | 3166666 | Ariston Tubular Products | Brampton, On | Canada |
| 22 | 3238400 | Societe De Protection Des Forets So | Val Dor, QC | Canada |
| 26 | None | Adam Bros Farming Inc | Santa Maria | CA |
| 23 | 248297 | Adam Bros Produce Sales | Santa Maria | CA |
| 23 | 6358068 | Adam Bros Produce Sales (duplicate submission from claimant) | Santa Maria | CA |
| 23 | 3392980 | Adam Bros Produce Sales (duplicate submission from claimant) | Santa Maria | CA |
| 24 | 3220986 | Country Cousins | Brunner Ontario | Canada |
| 25 | 3119945 | Stoli Family Farms | Alymer Ontario | Canada |
| 27 | 6053000 | Amos Zimmerman - Zimmerman Greenhouse | Goshen | IN |
| 28 | 2797106 | Simmons Foods Inc. Affiliates & Subsidiaries | South West City | MO |
| 29 | 3102091 | Meubles Plein-Air D.H. Inc | St-Joseph De Beauce | Canada |
| 30 | 2965482 | Volunteer Box LLC | Gallatin | TN |
| 30 | 22051 | Volunteer Box  (Duplicate to Exclusion #30) | Gallatin | TN |
| 30 | 402842 | Volunteer Box  (Duplicate to Exclusion #30) | Gallatin | TN |
| 31 | 3244753 | Quiznos - Hubbard Holding Inc | Lloydminister | Canada |
| 31 | 3144411 | Quiznos - 51st Street (Duplicate to Exclusion #31) | Saskatoon | Canada |
| 31 | 3148907 | Quiznos - 51st Street (Duplicate to Exclusion #31) | Saskatoon | Canada |
| 32 | 3448052 | Mayer Brown Rowe & Maw LLP | Chicago | IL |
| 33 | 3232552 | Saskatchewan Mutual Insurance Company | Saskatchewan | Canada |
| 34 | 2427737 | INVISTA S A R L | Wichita | KS |
| 35 | 403252 | Wal-Mart & Sam's Club | Bentonville | AK |
| 36 | 6242954 | Sparboe Farms Inc | Litchfield | MN |
| 37 | 5182138 | Tenneco Inc | Seward | NE |
| 38 | 5534982 | KORIMPEKS AB | Sweden | Sweden |
| 39 | 5867899 | Ashley Furniture Industries Inc. | Arcardia | WI |
| 40 | 3240083 | Warkentin Organic Farm | Abbotsford BC | Canada |

# EXHIBIT D

Kleen Products LLC. v. Packaging Corporation of America
Objections

| Objection # | Claimant ID | Name | City | State |
|---|---|---|---|---|
| 1 | 2828305 | StandFst Packaging Products, LLC | Addison | IL |
| 2 | 136525 | Midwest Box Company | Omaha | NE |

# EXHIBIT 2

# AFFIDAVIT

**STATE OF TEXAS**        )

                          )   **ss:**

**CITY AND COUNTY OF DALLAS** )

I, Jeff Aldridge, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

1 insertion(s) on the following date(s):

JUN-06-2014;

ADVERTISER: Container board;

and that the foregoing statements are true and correct to the best of my knowledge.

_____

Sworn to before me this
6   day of   June      2014



Notary Public

JENNIFER KAY WATSON LAWS
Notary Public, State of Texas
My Commission Expires
November 03, 2015

Legal Notice

# If you Purchased Containerboard Products in the United States from February 15, 2004 to November 8, 2010, Your Rights Could be Affected by the Proposed Settlement

**What is This Case About?**

Plaintiffs allege that Packaging Corporation of America, International Paper, Cascades Canada, Inc., Norampac Holdings U.S. Inc., Weyerhaeuser Company, Georgia Pacific LLC, Temple-Inland Inc., TIN Inc. and Smurfit-Stone Container Corporation (now known as RockTenn CP, LLC) conspired to fix the prices of Containerboard Products in violation of U.S. antitrust laws. Defendants deny any liability and the Court has not ruled on the merits of the claims or defenses.

**What are "Containerboard Products"?**

"Containerboard Products" include linerboard, corrugated medium, corrugated sheets and corrugated products, including boxes and other containers.

**The Settlement**

A Settlement has been reached with defendant Packaging Corporation of America ("PCA"). Pursuant to the Settlement, PCA will pay the sum of $17.6 million and, among other consideration to the Settlement Class. PCA denies liability but has settled to avoid further expense, inconvenience and distraction of the litigation. The litigation is continuing against the remaining Non-Settling Defendants: International Paper, Cascades Canada, Inc., Norampac Holdings U.S. Inc., Weyerhaeuser Company, Georgia Pacific LLC, Temple-Inland Inc., TIN Inc., and Smurfit-Stone Container Corporation n/b/a RockTenn CP, LLC.

**Who is a Class Member?**

You are a Class Member if, at some point between February 15, 2004 and November 8, 2010, you purchased Containerboard Products directly from any of the Defendants in the litigation, Packaging Corporation of America, International Paper, Cascades Canada, Inc., Norampac Holdings U.S. Inc., Weyerhaeuser Company, Georgia Pacific LLC, Temple-Inland Inc., TIN Inc., or Smurfit-Stone Container Corporation in the United States. Additional information on who is or is not a Class Member, including information on how distribution will be made to Class Members at this time from the proceeds of this

**Will I Get a Payment?**

It is not anticipated that any distribution will be made to Class Members at this time from the proceeds of this

Settlement. Members of the Settlement Class may receive distributions in the future. See the full Notice for more details.

**What are My Rights?**

If you do nothing, you will be considered part of the Settlement Class and you will release certain legal rights against the Settling Defendant, as set forth in the Settlement Agreement. At a later date, you may be eligible to submit a claim to receive money. If you do not want to take part in the Settlement, you have the right to opt out.

To opt out of the Settlement, you must do so by August 4, 2014. Class Members also have the right to object to the Settlement. If you object, you must do so by August 4, 2014. Additional information about your rights is contained in the full Notice. You may speak to your own attorney at your own expense for help.

**Final Approval Hearing**

A Final Approval Hearing is scheduled to be held at the United States District Court for the Northern District of Illinois in Courtroom 1941 on September 5, 2014 at 10:00 a.m. The date and location for this hearing may be changed on further Order of the Court.

**This is a Summary; Where Can I Get More Information?**

You can get complete Settlement information, including a copy of the full Notice, by visiting www.containerboardproductscase.com, calling 888-764-8864, or writing to Containerboard Products Class Action, c/o Rust Consulting, Inc., P.O. Box 1919, Faribault, MN 55021-1942.

Do not contact the Court in connection with the Settlement.

If you have any questions or comments you may contact Co-Lead Counsel for the Class:

| Michael J. Freed | Daniel J. Mogin |
|---|---|
| FREED KANNER | THE MOGIN LAW |
| LONDON & MILLEN, LLC | FIRM, P.C. |
| 2201 Waukegan Rd., | 707 Broadway, Suite 1000 |
| Suite 130 | San Diego, CA 92101 |
| Bannockburn, IL 60015 | Telephone: (619) 687-6611 |
| Telephone: (224) 632-4500 | Fax: (619) 687-6610 |
| Fax: (224) 632-4521 | |

**888-764-8864   www.ContainerboardProductsCase.com**

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KLEEN PRODUCTS LLC, *et al.*, individually and on behalf of all those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:10-cv-05711 |
| v. | ) ) | Hon. Harry D. Leinenweber |
| PACKAGING CORPORATION OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) | |

**DECLARATION OF STEPHANIE J. FIERECK, ESQ.
ON IMPLEMENTATION OF CAFA NOTICE**

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

1.      My name is Stephanie J. Fiereck, Esq.  I am over the age of 21 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am the Legal Notice Manager for Epiq Legal Noticing, a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.

3.      Epiq Legal Noticing is a division of Epiq Systems ("Epiq"), a firm with more than 20 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs,

coordination with the United States Postal Service, claims database management, claim adjudication, funds management and distribution services.

4.     The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

## CAFA NOTICE IMPLEMENTATION

5.     At the direction of Counsel for Defendant Packaging Corporation of America in the above-captioned action, 57 officials, which included the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia and U.S. Territories were identified to receive the CAFA notice.

6.     Epiq maintains a list of these state and federal officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the 57 names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.     On April 24, 2014, Epiq disseminated 57 CAFA Notice Packages ("Notice"). The Notice was mailed by certified mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and U.S. Territory officials.  The Notice was also sent by United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail and UPS) is attached hereto as **Attachment 1**.

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the quality of their ZIP + 4, CRIS and 5-digit coding accuracy.

8.    The materials sent to the Attorneys General included a cover letter, which provided notice of the proposed settlement of the above-captioned matter. The cover letter is attached hereto as **Attachment 2**.

9.    The cover letter was accompanied by a CD, which included the following:

  a.    **Class Action Complaint:**    Plaintiffs' Consolidated and Amended Complaint and Proposed Amendments to Class Complaint.

  b.    **Plaintiffs' Motion for Preliminary Approval of Proposed Settlement:** with exhibits, including the **Settlement Agreement** and the proposed **Forms of Notices to Class Members**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2014.

Stephanie J. Fiereck, Esq.

# Attachment 1

**CAFA Notice Service List**

**USPS Certified Mail**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Michael C Geraghty | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Luther Strange | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Dustin McDaniel | 323 Center St Ste 200 | | Little Rock | AR | 72201 |
| Office of the Attorney General | Tom Horne | 1275 West Washington St | | Phoenix | AZ | 85007 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | John W Suthers | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | George Jepsen | 55 Elm St | | Hartford | CT | 06106 |
| Office of the Attorney General | Irvin B Nathan | 441 4th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Joseph R Biden III | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Pam Bondi | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Sam Olens | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | David M Louie | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Lisa Madigan | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Greg Zoeller | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Jack Conway | Capitol Ste 118 | 700 Capitol Ave | Frankfort | KY | 40601 |
| Office of the Attorney General | James D Caldwell | 1885 N Third St | | Baton Rouge | LA | 70802 |
| Office of the Attorney General | Martha Coakley | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Douglas F Gansler | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Janet T Mills | 6 State House Sta | | Augusta | ME | 04333 |
| Department of Attorney General | Bill Schuette | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Lori Swanson | 1400 Bremer Tower | 445 Minnesota St | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Chris Koster | PO Box 899 | | Jefferson City | MO | 65102 |
| MS Attorney General's Office | Jim Hood | Walter Sillers Bldg | 550 High St Ste 1200 | Jackson | MS | 39201 |
| Office of the Attorney General | Tim Fox | Department of Justice | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Roy Cooper | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Wayne Stenehjem | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Office of the Attorney General | Jon Bruning | 2115 State Capitol | | Lincoln | NE | 68509 |
| Office of the Attorney General | Joseph Foster | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | John Jay Hoffman | 8th Fl West Wing | 25 Market St | Trenton | NJ | 08625 |
| Office of the Attorney General | Gary K King | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Catherine Cortez Masto | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | Eric T Schneiderman | The Capitol | | Albany | NY | 12224 |
| Office of the Attorney General | Mike DeWine | 30 E Broad St 14th Fl | | Columbus | OH | 43215 |
| Office of the Attorney General | E Scott Pruitt | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Kathleen G Kane | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter Kilmartin | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | Rembert Dennis Office Bldg | 1000 Assembly St Rm 519 | Columbia | SC | 29211 |
| Office of the Attorney General | Marty J Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Robert E Cooper Jr | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Greg Abbott | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | Utah State Capitol Complex | 350 North State St Ste 230 | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Mark R. Herring | 900 E Main St | | Richmond | VA | 23219 |
| Office of the Attorney General | William H Sorrell | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | PO Box 40100 | | Olympia | WA | 98504 |
| Office of the Attorney General | JB Van Hollen | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E-26 | Charleston | WV | 25305 |
| Office of the Attorney General | Peter K Michael | 123 Capitol Bldg | 200 West 24th St | Cheyenne | WY | 82002 |
| Office of the Attorney General | Talauega Eleasalo V. Ale | Utulei Territory of American Samoa | PO Box 7 | Pago Pago | AS | 96799 |
| Attorney General Office | Leonardo M Rapadas | ITC Building | 590 S Marine Corps Dr Ste 706 | Tamuning | GU | 96913 |
| Office of the Attorney General | Joey Patrick San Nicolas | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| Office of the Attorney General | Cesar R. Miranda-Rodriguez | Apartado 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Vincent Frazer | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Eric H Holder Jr | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

# Attachment 2

**Notice Administrator for United States District Court**

April 24, 2014

Dear Sir or Madame:

| Class Action Fairness Act – Notice to Federal and State Officials |
|---|

As required by the "Class Action Fairness Act," 28 U.S.C. §1715(b), please take note of a proposed settlement.  This notice has been sent by the Defendant noted below:

- **Case:** *Kleen Products LLC et al. v. Packaging Corporation of America et al.*, 1:10-cv-05711

- **Court:**  United States District Court for the Northern District of Illinois

- **Defendant:**  Packaging Corporation of America

- **Judicial Hearing Scheduled:** A preliminary fairness hearing is currently scheduled for Tuesday, May 6, 2014, at 9:30 a.m. in Room 1941 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois. The Court has not yet scheduled a final fairness hearing on the request to grant final approval of the settlement. Note that these matters may be continued without further notice.

- **Documents Enclosed:**  Copies of the following documents are contained on the enclosed CD in Adobe Acrobat PDF format.  If you do not have Acrobat it may be obtained for free at http://www.adobe.com/products/acrobat/readstep2.html:

  - **Class Action Complaint.** The current operative pleading is Plaintiffs' Consolidated and Amended Complaint (Dkt. 65, dated Nov. 8, 2010). On April 17, 2014, Plaintiffs filed a motion for leave to file amendments to this Consolidated and Amended Complaint. (*See* Dkt. 627.) These Proposed Amendments are also included on the enclosed CD.

  - **Plaintiffs' Motion for Preliminary Approval of Proposed Settlement (Dkt. 618)** with exhibits, including the **Settlement Agreement**[1] and the proposed Forms of **Notices** to Class Members (Dkt. 618-1).

- **Geographic Location of Class Members:**  The claims in this action relate to putative class members who "purchased Containerboard Products directly from any of the Defendants or their subsidiaries or affiliates for use or delivery in the United States." Due to the nature of the claims, it is not feasible to provide a reliable estimate of the number of class members who may reside in each State or

---

[1]     In addition to the enclosed Settlement Agreement, Plaintiffs and PCA also entered into a confidential supplemental agreement which is not enclosed with this notice.

**Notice Administrator for United States District Court**

an estimated proportionate share of the claims of such members to the entire settlement.

- **More Information:** More information, including the notices that will contain instructions and deadlines to exercise legal rights under the settlement, will be posted on the internet on a settlement website currently being established. The website address will be included on any Notices to class members. Should you require additional information, please contact counsel for Packaging Corporation of America: Daniel E. Laytin, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654.

Enclosures