**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KLEEN PRODUCTS LLC, et al., | No. 1:10-cv-05711 |
| Plaintiffs, | Honorable Harry D. Leinenweber |
| v. | |
| PACKAGING CORPORATION OF AMERICA, et al., | PUBLIC REDACTED VERSION |
| Defendants. | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS GEORGIA-PACIFIC
LLC AND ROCKTENN CP LLC TO PROVIDE FURTHER RESPONSES TO
PLAINTIFFS' PHONE RECORDS DISCOVERY REQUESTS**

Defendants' employees engaged in extensive telephone communications with each other throughout the Class Period, often on and around the dates of announced price increases and capacity closures. In order to present the evidence of the telephone numbers involved in such communications in the most efficient manner at trial, Plaintiffs asked each Defendant to answer Rule 36 Requests for Admission concerning various phone numbers associated with Defendants' employees and facilities, and to provide certain additional information, such as time periods of employment, pursuant to two accompanying Rule 33 Interrogatories. To minimize the burden on Defendants, Plaintiffs went to enormous efforts to present the phone numbers to Defendants by identifying the individuals associated with each number and their respective job titles. Thus far, all Defendants refuse to fully respond.

It is perhaps not surprising that Plaintiffs' requests are meeting with stiff resistance,[1] given the extent of inter-Defendant communications at critical times during the Class Period. Regardless, Defendants have an obligation to answer the requests and their refusal to do so has forced Plaintiffs to bring this motion to compel against Defendants, Georgia-Pacific LLC ("GP") and RockTenn CP, LLC (formerly "SSCC"), particularly in light of the December 1, 2014 discovery deadline in this case. Accordingly, for the reasons set forth below, Plaintiffs respectfully request that the Court order GP and RockTenn to: (a) admit or deny the accuracy of the information regarding each phone number contained in Plaintiffs' Requests for Admission; (b) provide any supplemental or additional information regarding phone numbers requested by Plaintiffs in the related Interrogatories; and (c) produce (or identify if already produced) any documents referenced or used in answering the Requests for Admission or Interrogatories pursuant to Plaintiffs' related Request for Production.

## I. FACTUAL BACKGROUND

Plaintiffs' ongoing review of telephone records obtained in discovery shows that Defendants communicated with each other regularly through the Class Period, including in close proximity to price increases or capacity closures. For example, around the time of GP's price increase announcement in May 2008, there were numerous telephone calls and faxes between Defendants, including:



- ████████████████████████████████████████████████;
- ███████████████████████████;

---

[1] Plaintiffs served similar discovery requests on all Defendants. Discussions with the other Defendants are ongoing and Plaintiffs are hopeful that agreements will be reached by next week. To the extent necessary, Plaintiffs will file a supplemental brief to add any additional Defendant(s) to the present motion.



*See* Pls.' Cass Cert. Mem. (June 11, 2014) at 26-27 (ECF No. 658) (filed under seal); *see also id.* at 35 (describing similar conduct in 2009).

At trial, Plaintiffs intend to introduce evidence of relevant phone numbers and calls between Defendants (or between Defendants and certain third parties). Accordingly, on June 5, 2014, Plaintiffs served upon each Defendant three Requests for Admission, two Interrogatories, and one Document Request relevant to the present motion (hereinafter, "Phone Records Discovery Requests"). *See* Declaration of Brian D. Clark ("Clark Decl."), Exs. 1-4. The Phone Records Discovery Requests followed a lengthy and expensive effort by Plaintiffs to identify phone numbers used by Defendants. Because of the destruction (or non-retention) of telephone records by most Defendants, Plaintiffs obtained available phone records primarily via extensive subpoenas to third-party phone carriers. With discovery closing in a matter of months, Plaintiffs' Phone Records Discovery Requests ask Defendants simply to admit to the accuracy of phone numbers Plaintiffs have already identified, primarily from Defendants' own documents, as being associated with Defendants' employees and facilities. A table, identified as "Attachment A" to Plaintiffs' Requests for Admission, provided each Defendant a list of names, phone numbers, type of phone (*e.g.*, cell or fax), job titles, and estimated time period of employment. *See* Clark Decl., Ex. 2 (June 6, 2014, Attachment A); Ex. 11 (July 29, 2014, Attachment A); Ex. 13 (July 30, 2014, Attachment A).

3

*Georgia-Pacific*

The day after Plaintiffs served their Phone Records Discovery Requests, Defendant Georgia-Pacific LLC ("GP") sent Plaintiffs a letter raising numerous objections, including assertions that Plaintiffs' Phone Records Discovery Requests exceeded Fed. R. Civ. P. 33(a)'s limit for interrogatories, were unduly burdensome, and were otherwise objectionable such that GP would not respond and requested the requests be withdrawn immediately. Clark Decl., Ex. 5 (June 6, 2014, GP letter) at 2-3. Plaintiffs subsequently engaged in *two months* of meet and confer discussions with GP and attempted in good faith to narrow the scope of the admissions being sought for numbers used by GP employees.

Plaintiffs' final revised and narrowed list of phone numbers for GP is contained in the Revised July 29, 2014, Attachment A. Clark Decl., Ex. 11. As explained to GP's counsel in an email that day, Plaintiffs' Revised July 29, 2014, Attachment A includes "only phone numbers for GP's 'key' custodians, a limited number of general phone numbers for GP's various plants, mills, and offices, and phone numbers for GP employees who spoke to employees of GP's co-Defendants during the class period." Clark Decl., Ex. 10 at 5. Plaintiffs also invited GP to provide evidence that its employees were not speaking to other Defendants about topics related to Plaintiffs' claims, but GP neglected to do so. *See id.*

*RockTenn*

Defendant RockTenn CP, LLC responded to Plaintiffs' Phone Records Discovery Requests on July 8, 2014. *See* Clark Decl., Ex. 12. Among other objections, RockTenn asserted that the Phone Records Discovery Requests were unduly burdensome and harassing, exceeded Fed. R. Civ. P. 33(a)'s limit for interrogatories, and that RockTenn had already produced all non-objectionable material that it intended to produce. *Id.* Plaintiffs subsequently engaged in

4

extensive meet and confer discussions with RockTenn and attempted in good faith to narrow the scope of the admissions being sought for phone numbers used by RockTenn employees and to address supposedly inaccurate information. *See* Clark Decl., Exs. 13-15.

Plaintiffs' final revised and narrowed list of phone numbers for RockTenn is contained in the Revised July 30, 2014, Attachment A. Clark Decl., Ex. 13. As explained to RockTenn's counsel in an email that day, Plaintiffs' Revised July 30, 2014, Attachment A includes "only phone numbers for RockTenn's 'key' custodians, general phone numbers for RockTenn's plants, mills, or offices, and phone numbers for individuals who had calls with individuals from other Defendants during the class period." Clark Decl., Ex. 13 at 1. Plaintiffs also repeatedly invited RockTenn to provide evidence that its employees were not speaking to other Defendants about topics related to Plaintiffs' claims, but RockTenn initially provided no such evidence and during a meet and confer on August 12, 2014, provided only a few examples of employees whom RockTenn thought were unlikely to be discussing Containerboard Products, but admittedly could not guarantee they were not. Plaintiffs then explained their reasoning for including each such employee. *See id* ¶ 19.

As set forth further in the accompanying Declaration of Brian D. Clark, Plaintiffs repeatedly narrowed and revised their list of phone numbers to be admitted by GP and RockTenn, explained Plaintiffs' rationale for seeking Requests for Admission, and otherwise went to great lengths to avoid motion practice over what should be a routine matter of admitting basic factual information, virtually all of which can be found in documents produced by Defendants in this case. Nevertheless, GP and RockTenn advance three flawed arguments to justify their refusal to answer Plaintiffs' Phone Records Discovery Requests: (1) that previous interrogatory responses mean no Request for Admission is required; (2) that verifying the phone

record information gathered by Plaintiffs is overly burdensome; and (3) that Plaintiffs have exceeded Fed. R. Civ. P. 33(a)'s numerical limit on interrogatories. Each of these arguments is addressed below.

## II.     ARGUMENT

Federal Rule of Civil Procedure 36 "creates a procedure for obtaining admissions for the record of facts already known by the party propounding the request." *U.S. S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012) (citing *Stallings–Daniel v. N. Trust Co.,* No. 01 C 2290, 2002 WL 424629, at *1-2 (N.D. Ill. Mar. 19, 2002) (citing 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FED. PRAC. & PROC. § 2253 (3d ed. 1994)). "Rule 36 allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir. 1987).

Here, Plaintiffs have requested that GP and RockTenn verify lists of phone numbers *for their own employees* based almost exclusively on their *own business records*. Plaintiffs' purpose in doing so comports exactly with the goals of Rule 36: to eliminate the issue at trial, to avoid spending unnecessary amounts of time wading through phone records, and to be able to use phone records—as is commonly done—at trial under Fed. R. Evid. 1006. Rather than accede to these entirely reasonable requests, Defendants claim that (1) any interrogatory responses that have already been provided are sufficient; (2) that Plaintiffs requests are overly burdensome; and (3) that Plaintiffs have exceeded the numerical interrogatory limit of FRCP 33(a). None of these claims has merit.

### A. Previous Incomplete Interrogatory Responses Do Not Excuse a Failure to Answer Plaintiffs' Requests for Admission.

Both GP and RockTenn claim that their previous interrogatory responses obviate any need to provide RFAs now. RockTenn makes this argument generally while GP specifically claims that it should not have to admit to the accuracy of 42 phone numbers it provided in response to interrogatory requests served more than a year ago by Plaintiffs. *See* Clark Decl., Ex. 9 at 1-2 (Aug. 5, 2014, email). However, interrogatory responses and admissions do not serve the same function at trial. "Admissions, in some ways, are like sworn testimony. Once one is made, there is no need to revisit the point. Under Rule 36(b), matters admitted are 'conclusively established.'" *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005) (quoting Fed. R. Civ. P. 36(b)). Further, once admissions are made, a party "cannot attempt to rebut them with other evidence." *Hardwick v. John & Mary E. Kirby Hosp.*, 860 F. Supp. 2d 641, 649-50 (C.D. Ill. 2012). "Admissions, including default admissions, must be treated as conclusively established for purposes of summary judgment, and it is error for a district court judge not to give an admission such effect." *Id.* at 650.

Responses to interrogatories, in contrast, "do not bind parties as do allegations or admissions in a pleading." *R2 Med. Sys., Inc. v. Katecho, Inc.*, 931 F. Supp. 1397, 1413 (N.D. Ill. 1996); *see also Intellect Wireless, Inc. v. T-Mobile USA, Inc.,* 735 F. Supp. 2d 928, 937 n.7 (N.D. Ill. 2010). They are subject to update and change. *See* 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FED. PRAC. & PROC. CIV. § 2181 (3d ed. 1994) (noting that parties are "not irrevocably bound" to their interrogatory answers and that answers may be (and may be required to be) amended). Interrogatory responses do not tie a party to a particular legal theory or change the ability to rebut the answer. *See U.S. ex rel. Tyson v. Amerigroup Ill., Inc.*, 230 F.R.D. 538, 541 (N.D. Ill. 2005); *see also Lewis v. Tully*, No. 81 C

7

3833, 1984 WL 2745, at *10 (N.D. Ill. June 15, 1984) (holding that a contradiction between deposition testimony and interrogatory responses created a genuine issue of material fact sufficient to defeat one claim for summary judgment). Thus, Defendants must admit the accuracy of their employees' phone numbers in order to accomplish the purpose of admissions under Rule 36: to treat the information as conclusively established and narrow issues for trial.

Additionally, GP's previous interrogatory responses were incomplete because they excluded past office numbers, fax numbers, and home phone numbers. *See* Clark. Decl., Exs. 9-10. GP also excluded certain employees who engaged in communications during the Class Period with other Defendants' employees. In sum, GP's incomplete interrogatory responses cover only 42 of the 108 phone numbers included in Plaintiffs' revised Attachment A. Accordingly, GP has not provided responses related to each and every phone number requested by Plaintiffs, which it is required to do by Rule 36. *See* Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."). Under Rule 36, both GP and RockTenn have an obligation to admit all requested information for each phone number is accurate, or to qualify that admission by stating which numbers are accurate, which are inaccurate, and which phone numbers GP and RockTenn lack information, based on a reasonable investigation, to admit or deny. *See Loudermilk v. Best Pallet Co.*, No. 08 C 06869, 2009 WL 3272429, at *2 (N.D. Ill. Oct. 8, 2009) ("A responding party that cannot admit or deny a request outright may make an admission with a qualification or deny only part of a request.").

8

### B. Plaintiffs' Phone Record Discovery Requests Are Not Burdensome.

The information sought by Plaintiffs—confirmation of basic information for Defendants' employees and facilities—is not unduly burdensome. *See Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D. Ind. 1986) (denying a motion for a protective order from a request for admission seeking to establish the authenticity of 244 exhibits because the trial of the case would be document intensive and Rule 36 was an appropriate tool for establishing genuineness and authenticity before trial). Plaintiffs essentially seek confirmation of information gleaned from Defendants' own business records regarding Defendants' own employees. The assertion of undue burden, where Plaintiffs have done nearly all of Defendants' work for them by assembling Defendants' own employees phone numbers, is not well founded. Far from being burdensome, Plaintiffs' collection and provision of indisputable information to GP and RockTenn fulfills the exact purpose of Rule 36.

### C. Plaintiffs Have Not Exceeded the Numerical Limit of Fed. R. Civ. P. 33(a).

In addition to the Requests for Admission sought by Plaintiffs for employee and facility phone numbers, Plaintiffs propounded interrogatories that sought to have Defendants provide missing information, primarily dates of employment and job titles, in Plaintiffs' Attachment A to the Requests for Admission. *See* Clark Decl., Ex. 3 at Int. No. 1. Instead of responding to these interrogatories, Defendants claim that they exceed the number allowed to Plaintiffs by Fed. R. Civ. P. 33(a). This is incorrect.

To date, GP and RockTenn have answered only 21 and 16 interrogatories respectively. *See* Clark Decl., ¶¶ 20-21 & Exs. 16-19. Therefore, any assertion that Plaintiffs have exceeded the default limit for interrogatories under Fed. R. Civ. P. 33(a) is simply wrong.

Second, even if Plaintiffs exceeded the numerical limits of Rule 33(a), the Court has

authority to grant permission for further interrogatories in appropriate cases, such as the present complex, multi-party class action. *See Howard v. Urban Inv. Trust, Inc*., 03 C 7668, 2011 WL 976767, at *2 (N.D. Ill. Mar. 18, 2011) ("It is within the discretionary authority of the Court to permit additional interrogatories in accordance with Rule 26(b)(2)."). Therefore, to eliminate any further reliance by Defendants on this flawed argument and to avoid further motion practice in the event Plaintiffs believe additional interrogatories are appropriate, Plaintiffs request the Court increase the numerical limit on interrogatories from 25 to 50 for Plaintiffs in this matter.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Defendants Georgia-Pacific LLC and RockTenn CP LLC to provide full and complete responses to Plaintiffs' Phone Records Discovery Requests.

Dated: August 14, 2014                                                          Respectfully submitted,

*/s/ Michael J. Freed*
Michael J. Freed                                                                         Daniel J. Mogin
Robert J. Wozniak                                                                    **THE MOGIN LAW FIRM, P.C.**
**FREED KANNER LONDON**                                              707 Broadway, Suite 1000
 **& MILLEN LLC**                                                                  San Diego, CA 92101
2201 Waukegan Road, Suite 130                                          T: (619) 687-6611
Bannockburn, IL 60015                                                           dmogin@moginlaw.com
T: (224) 632-4500
mfreed@fklmlaw.com
rwozniak@fklmlaw.com

*Co-lead Counsel for the Proposed Class*

W. Joseph Bruckner
Brian D. Clark
Devona L. Wells
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900

*Counsel for the Proposed Class*