**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KLEEN PRODUCTS LLC, *et al*., individually and on behalf of all others similarly situated, | No. 1:10-cv-05711 |
| Plaintiffs, | Hon. Harry D. Leinenweber |
| v. | |
| PACKAGING CORPORATION OF AMERICA, *et al*., | PUBLIC – REDACTED VERSION |
| Defendants. | |

**DEFENDANT ROCKTENN CP, LLC'S SUPPLEMENTAL OPPOSITION TO**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendant RockTenn CP, LLC (formerly known as Smurfit-Stone Container Corporation in this action, and hereinafter "Smurfit") urges this Court to deny class certification on additional and separate grounds to those raised by the other Defendants.[1] Plaintiffs' claims against Smurfit are unique in that the Amended Complaint alleges that Smurfit did not join the conspiracy until after its discharge from bankruptcy, effective June 30, 2010, and do not seek damages for pre-discharge conduct. *See* Consol. & Am. Compl. ("CAC"), ¶ 22. Citing the Amended Complaint, Judge Shadur ruled that "Smurfit-Stone can be held liable only for its actions taken post discharge." *See* April 8, 2011 Mem. Op. & Order, at 22, Dkt. No. 193. In effect, Plaintiffs have alleged a shorter class period against Smurfit for which they have offered no economic evidence of any antitrust injury or price impact common to a class of direct purchasers.

There is, however, a greater class action deficiency. The only named Plaintiff proposed to represent the class that purchased containerboard products from Smurfit in the abbreviated class period from June 30, 2010, through November 8, 2010, Ferraro Foods, Inc., did not pay a higher price to Smurfit than it did before June 30, 2010. Therefore, this purported class action against Smurfit fails on both Federal Rule of Civil Procedure 23(a)(3) and 23(b)(3) grounds.

## BACKGROUND

Smurfit filed for voluntary Chapter 11 bankruptcy protection on January 26, 2009, due, in large part, to an "unprecedented decline in demand" for the company's products, declining liquidity, covenant violations in several credit agreements, and significant debt maturities. *See* Affidavit of Matthew T. Denton in Support of Confirmation, ¶ 24, *In re: Smurfit-Stone Container Corp.*, Case No. 09-10235-BLS, attached as Exhibit A. It remained in bankruptcy for more than 17 months until it was ultimately discharged on June 30, 2010 under an approved plan

---

[1] Concurrent with the filing of this Supplemental Opposition, Smurfit also joins and adopts, to the extent applicable, the arguments set forth in the accompanying Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification.

of reorganization. *See* CAC, ¶ 22. That discharge released Smurfit of any claims pre-dating June 30, 2010, including Plaintiffs' antitrust claims. *See* Confirmation Order, June 21, 2010, ¶¶ 51, 53 (ordering as of June 30, 2010, all persons who hold a discharged claim are "permanently, forever and completely stayed, restrained, prohibited, barred and enjoined" from commencing any suit, action or other proceeding based on a discharged claim), attached as Exhibit B.

In their Amended Complaint filed on November 8, 2010, Plaintiffs made specific allegations and unique claims with respect to the Smurfit bankruptcy. *See* CAC, ¶ 22. Specifically, Plaintiffs allege that: "[a]fter its discharge for bankruptcy, Smurfit-Stone knowingly and intentionally joined the conspiracy. This complaint ***seeks to recover damages from Smurfit-Stone for post-discharge conduct only***, and in no way seeks to violate any Orders of the above-referenced Bankruptcy Court." *Id.* (emphasis added). In limiting their claims against Smurfit, however, Plaintiffs have made no effort in their class certification motion to establish, let alone prove, class-wide antitrust impact or injury for this abbreviated class period against Smurfit. Hence, their motion for class certification should be denied as to Smurfit.

## ARGUMENT

I. **Plaintiffs Have Alleged A Separate And Distinct Claim Against Smurfit Based On An Abbreviated Proposed Class Period, And Failed To Move For Class Certification**

Plaintiffs' claim against Smurfit is limited to the abbreviated, four-month post-discharge period, from June 30, 2010 through November 8, 2010. To avoid running afoul of the bankruptcy discharge order, Plaintiffs reaffirmed in their Amended Complaint (*see* ¶ 22) and to both this Court and the U.S. Bankruptcy Court that their claim against Smurfit "is based on post-discharge conduct" only and that Plaintiffs are not "seeking to hold Smurfit-Stone liable for any pre-discharge conduct." Class Plfs' Notice of Nov. 19, 2010 Filing By Def. Smurfit-Stone

Container Corp., Nov. 23, 2010, at 2-3, Dkt. No. 91; *see also* Order Dismissing Adversary Proceeding, at 2, Dkt. No. 103-1 (dismissing Smurfit's adversary bankruptcy proceeding and noting that the Complaint seeks to recover damages against Smurfit "for post-discharge conduct only" and that Plaintiffs "are going to be held to that" in this Court).

Judge Shadur agreed with Plaintiffs, and made this the law of the case. Citing to the Plaintiffs' Amended Complaint, Judge Shadur ruled that: "[a]s this Court has made plain, and as neither side now disputes, Smurfit-Stone can be held liable *only* for its actions taken post-discharge." April 8, 2011 Mem. Op. & Order, at 21-22, Dkt. No. 193 (emphasis added). *See Pepper v. United States*, 131 S. Ct. 1229, 1250 (2011) (law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *Brengettcy v. Horton*, 423 F.3d 674, 680-81 (7th Cir. 2005) (prior ruling should not have been disrupted, as law of the case doctrine "reflects the rightful expectation of litigants that a change of judges mid-way through a case will not mean going back to square one," and successor judge must have a "compelling reason" to alter prior rulings, not "merely because he has a different view of the law or facts from the first judge").

In the process, Judge Shadur also recognized that based on the Amended Complaint, a different class period applied to Smurfit, stating "[a]lthough the class period is defined in Paragraph 1 of the complaint as running from May 2005 to the present day, and that is true as to all other defendants, that is, *all defendants other than Smurfit-Stone*, the provision of Paragraph 22 of the complaint cannot be more clear. . . ." Nov. 24, 2010 Hrg. Tr. at 7, Dkt. 108, attached as Exhibit C. The Judge further stated that "I can assure you of one thing, and that is that plaintiffs are going to be held to that in my court." *Id.* As the Court explained, "the consequence of their ... having stood on the side is that they have no ability to advance a claim based on the

predischarge conduct. That is the consequence. They are stuck." *Id.* at 19.[2] In addition, Judge Shadur clarified that "whatever happened during that earlier [pre-discharge] period *may* be relevant" but only "to the extent that it bears upon Smurfit-Stone's potential liability from the time of discharge forward." *Id.* at 14 (emphasis added). Consequently, as is now the law of the case, Plaintiffs' separate claim against Smurfit only extends for an abbreviated and shorter period than the other Defendants, from June 30, 2010 through November 8, 2010.

Despite the limited claim being asserted against Smurfit, Plaintiffs have never moved to certify a class for the specific time period relating to that claim. In a class action involving different causes of action or separate theories of liability, plaintiffs are required to satisfy their Rule 23 burden for *each* separate claim. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) ("at the class certification stage (as at trial) any model supporting a plaintiff's damages case must be consistent with its liability case, particularly with respect to the alleged anti-competitive effect of the violation").[3] And when a plaintiff fails to meet its burden of establishing Rule 23's requirements as to *specific claims* or *specific defendants*, courts will not grant class certification against those defendants. *See, e.g.*, *Piazza v. EBSCO Indus., Inc.*, 273 F.3d 1341, 1349 (11th Cir. 2001) (reversing class certification against one defendant where claim was barred, and remanding for further proceedings claims against other defendants). In this case, however, Plaintiffs never moved for class certification – and have not satisfied their burden

---

[2]    In holding Plaintiffs to their word, Judge Shadur was clear that "[n]ot in my court are they going to be in a position to do what you characterize as pursue a claim [for pre-discharge conduct]. There is one way to pursue a claim, and that is to seek to obtain a judgment ... They are clearly not going to get any kind of relief, any kind of judgment that stands – that is based upon – predischarge conduct." *Id.* at 15-16. The Judge further noted that "I am going to be very careful, I can assure you, to separate out any prospect of seeking liability for pre – for predischarge conduct." *Id.* at 16.

[3]    *See also Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 441 (4th Cir. 2003) ("Rule 23's predominance requirement is met by examining *each cause of action* independently of one another, not the entire lawsuit."); *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38-43 (1st Cir. 2003) (reversing decertification on two of three claims, affirming decertification on third claim); *Stephenson v. Bell Atl. Corp.*, 177 F.R.D. 279, 289 (D.N.J. 1997) (separate certification analysis for each claim).

under Rule 23 – with respect to their shortened class period against Smurfit. Thus, class certification should be denied as to Plaintiffs' claim against Smurfit.

## II. Plaintiffs Failed To Provide Any Model Establishing Class-Wide Impact Or Damages During The Abbreviated Class Period Against Smurfit

Plaintiffs also failed to offer an antitrust impact model to support their abbreviated claim and class period against Smurfit. Irrespective of the length of the class period, Plaintiffs must affirmatively establish compliance with Rule 23, and thus "questions of law or fact common to class members predominate over any questions affecting only individual members" relating to the essential elements of their antitrust claim: (1) a violation of Sherman Act, § 1, (2) individual injury resulting from that violation (antitrust impact), and (3) measurable damages. *See* Fed. R. Civ. P. 23(b)(3); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-52 (2011); *Comcast*, 133 S. Ct. 1426, 1432-33. In "antitrust cases, impact often is critically important for the purpose of evaluating Rule 23(b)(3)'s predominance requirement because it is an element of the claim that may call for individual, as opposed to common, proof." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2009). Without a reliable method to prove classwide antitrust impact for the abbreviated class period, common issues of fact cannot predominate and certification must be denied. *See, e.g.*, *Comcast*, 133 S. Ct. at 1433; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 252-53 (D.C. Cir. 2013) ("Common questions of fact cannot predominate where there exists no reliable means of proving classwide injury in fact.").

Here, Plaintiffs failed to offer any model to show that class members in the abbreviated class period – from June 30, 2010 through November 8, 2010 – suffered antitrust impact resulting from the alleged antitrust violation. Drs. Mark Dwyer and Michael Harris, Plaintiffs' class experts, admittedly never even tried to assess the impact of a price increase for the period after Smurfit emerged from bankruptcy on June 30, 2010, and allegedly "joined" the conspiracy:



Dwyer Dep. at 258-59. *See also* Harris Dep. at 217 ███████████████████
████████ (Defs. Opp. Exs.) Dwyer's analysis was limited to ████████████████

████████████████████████████████████████████████████████████████████

████████████████[4] *See* Dwyer Report, at 11 n.18 & Ex. 5, Dkt. 658-4, 658-5. He never

proffered a single impact model for any price increase that was announced after April 2010. *Id.*

This failure dooms Plaintiffs' separate claim against Smurfit. Plaintiffs cannot meet their

class certification burden without offering a viable impact model for the abbreviated four-month

class period in which Smurfit is a Defendant. *See, e.g.*, *Rail Freight*, 725 F.3d 244, 255 ("Rule

23 not only authorizes a hard look at the soundness of statistical models that purport to show

predominance – the rule commands it."); *In re New Motor Vehicles Canadian Export Antitrust

Litig.*, 522 F.3d 6, 28 (1st Cir. 2008) (plaintiffs are required to present a model that "must include

some means of determining that each member of the class was in fact injured").

Such a model simply does not exist – there were no price increases successfully

implemented after April 2010. *See* Dwyer Report, at 11 n.18 & Ex. 5 (██████████████████

████████████████████████████). Nor was there any increase in the PPW Index after

June 30, 2010, which under Plaintiffs' own theory, admittedly proves there was no price impact

---

[4]      Dwyer measured whether ████████████████████

████████████████████████████████████████████████ *See* Dwyer Report, at ¶¶

22-26. Specifically, Dwyer's impact theory was that ████████████████████

████████████████████████████ *Id.* at ¶ 11 (emphasis added).

on class members after June 30, 2010.  *Id.* at Ex. 3; *see also* Harris Dep. at 214-15.  ████

████████████████████████████████████████████████  *See id.* at 411.

     Further, notwithstanding Plaintiffs' allegations that the ███████████████████

████████████████████████████████████████████████████████████████████████████

█████████████████ (Dwyer Report at ¶ 7), there is *no* evidence showing that Smurfit or any

defendant closed a mill after June 30, 2010,[5] or that Smurfit took any economic downtime after

June 30, 2010.  There is simply no evidence at all showing that any purchasers were impacted by

an alleged conspiracy between June 30, 2010 and November 8, 2010.  Without a model showing

common impact between June 30, 2010 and November 8, 2010, the question of antitrust impact

is an individualized issue that cannot be determined with common proof.

     Because Plaintiffs have provided no model to assess antitrust impact or injury from a

price increase announcement after Smurfit allegedly joined the conspiracy, class certification

should be denied as to Smurfit.  *See Comcast*, 133 S. Ct. 1426, 1433 (holding antitrust claims

cannot be certified under Rule 23(b)(3) unless plaintiffs present a model showing antitrust

impact and damages attributable to the alleged antitrust violation are capable of being proven by

evidence common to the class); *Rail Freight*, 725 F.3d 244, 253 ("No damages model, no

predominance, no class certification."); *Reed v. Advocate Health Care*, 268 F.R.D. 573, 593

(N.D. Ill. 2009) (denying class certification where expert's regression model did not demonstrate

plaintiffs could prove antitrust impact to each class member with evidence common to class).

**III.    Plaintiffs' Only Proposed Class Representative That Purchased Containerboard Products From Smurfit Cannot Represent the Class Because It Did Not Sustain Any Injury**

---

[5]    Smurfit closed two containerboard mills during bankruptcy – Missoula, Montana and Ontonagon, Michigan – that were addressed with the bankruptcy court and approved by the Official Committee of Unsecured Creditors.  *See* Disclosure Statement for the Joint Plan of Reorganization for Smurfit-Stone Container Corp. and its Debtor Subsidiaries, January 27, 2010, at 80, attached as Exhibit D.

Plaintiffs have also failed to proffer a viable class representative for its limited claim against Smurfit. Only one proposed class representative purchased any containerboard products from Smurfit during the abbreviated class period of June 30, 2010 to November 8, 2010. However, this proposed representative is not typical nor adequate, and class certification must therefore be denied. *See, e.g., Ret. Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 599 (7th Cir. 1993) (subclasses must satisfy class action requirements before they may be certified).

In order to satisfy Rule 23's typicality and adequacy requirements, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982). These criteria are exacting – "[t]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." *CE Design Ltd. v. King Architectural Metals, Inc*., 637 F.3d 721, 726 (7th Cir. 2011). Such is the case here.

The only named plaintiff proposed to represent the class that purchased containerboard products from Smurfit in the abbreviated class period, Ferraro Foods, is neither typical nor adequate. Specifically, Ferraro did not pay a higher price to Smurfit for the same product than it did before June 30, 2010. During the period of June 30, 2010 to November 8, 2010, Ferraro's business records (confirmed by Smurfit's sales data) reveal it purchased a specific sized ███ ████████████████ from Smurfit on seven occasions between July 2 and July 23, 2010, each invoiced to Ferraro at ██████████████ . *See* FERR0000105-18, attached as Exhibit E; Ferraro 30(b)(6) Dep. at 80, 190-91 (authenticating business records), attached as Exhibit F. Notably, Ferraro purchased the exact same sized ████████ from Smurfit on three occasions between June 21 and June 25, 2010, each invoiced to Ferraro at ██████████████ . *See*

-8-

*id.* at FERR0000122-26.  In short, Ferraro Foods paid the same price for containerboard products purchased from Smurfit during the alleged shortened class period and before it.

As a result, Ferraro Foods could not and did not suffer any antitrust injury or damage as a result of Smurfit's alleged conduct, and therefore is not a proper class representative.  Without any other named class representative for the abbreviated class period, class certification must be denied.  *See East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403-04 (1977) (named plaintiffs did not "possess the same interest and suffer the same injury as class members" thus were "simply not eligible to represent a class of persons who allegedly did suffer injury"); *Abram v. United Parcel Service of America, Inc.,* 200 F.R.D. 424, 433-34 (N.D. Ill. 2001) (denying certification where "named plaintiffs are inadequate class representatives because the statistics fail to show that they possess the same interest and suffer the same injury as the class members."); *Perovich v. Humphrey*, 1997 WL 674975 at *6 (N.D. Ill. Oct. 28, 1997) (denying certification where class representatives had "shown no monetary injury" and thus "are inadequate class representatives"); *Young v. Lehigh Corp.*, 1989 WL 117960, at *17 (N.D. Ill. Sept. 28, 1989) (denying class certification of Sherman Act Section 1 claim where plaintiff did not suffer antitrust injury and therefore was not an appropriate representative).

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Memorandum In Opposition To Plaintiffs' Motion For Class Certification, Smurfit respectfully requests that this Court deny class certification with respect to the separate class period alleged against it.

Dated:  September 19, 2014

Respectfully submitted,

ROCKTENN CP, LLC

By: /s/ Matthias A. Lydon
      One of its Attorneys

Matthias A. Lydon
James F. Herbison
Michael P. Mayer
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:  (312) 558-5600
Facsimile:  (312) 558-5700
mlydon@winston.com
mmayer@winston.com
jherbison@winston.com

*Attorneys for Defendant RockTenn CP, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 30<u></u>th day of September, 2014, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.


<u>/s/ Matthias A. Lydon</u>