IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLEEN PRODUCTS LLC, *et al.* individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL PAPER, *et al.*, <br><br> Defendants. | Case No. 1:10-cv-05711 <br><br> Hon. Harry D. Leinenweber |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, AND APPROVING NOTICE PLAN

WHEREAS, Plaintiffs Kleen Products LLC, R.P.R. Enterprises, Inc., Mighty Pac, Inc., Ferraro Foods, Inc., Ferraro Foods of North Carolina, LLC, MTM Packaging Solutions of Texas, LLC, RHE Hatco, Inc., and Chandler Packaging, Inc. (collectively, "Plaintiffs"), by and through their counsel of record, have asserted claims for damages against Defendants Packaging Corporation of America, International Paper, Cascades Canada, ULC, Norampac Holdings U.S. Inc., Weyerhaeuser Company, Georgia-Pacific LLC, Temple-Inland Inc., and RockTenn CP, LLC (formerly known as Smurfit-Stone Container Corporation) (collectively, "Defendants") alleging violations of federal antitrust laws;

WHEREAS, desiring to resolve any and all disputes in this action, Plaintiffs have entered into and executed a Settlement Agreement with Defendants Cascades Canada, ULC and its

subsidiary Norampac Holdings U.S., Inc. (collectively, "Norampac")[1], which, if approved by the Court, will result in the settlement of all claims against Norampac;

WHEREAS, Norampac denies any wrongdoing or liability for any of the allegations made by Plaintiffs, and it is agreed between and among the parties that the Settlement Agreement shall not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by Norampac or any other person or entity;

WHEREAS, in full and final settlement of the claims asserted against it in this action, Norampac has agreed to payment of the Settlement Amount, Four Million Eight Hundred Thousand Dollars ($4,800,000);

WHEREAS, Norampac has agreed to provide cooperation to Plaintiffs in furtherance of the continuing prosecution of this action;

WHEREAS, the parties to the Settlement Agreement have filed the Settlement Agreement with the Court and request that the Court grant preliminary approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e);

WHEREAS, the parties to the Settlement Agreement have agreed to the certification of the Settlement Class as a condition of settlement;

WHEREAS, the proposed Plaintiffs' Settlement Class ("Settlement Class") of direct purchasers of Containerboard Products in the United States during the Class Period is defined in the Settlement Agreement;

WHEREAS, the proposed Settlement Class under the Settlement Agreement should be certified for the purposes of settlement only, because the proposed Settlement Class under the

---

[1] In Plaintiffs' prior pleadings Norampac may also have been referred to as Cascades Canada, Inc./Norampac Holdings U.S., Inc.

2

Settlement Agreement meets the numerosity, typicality, commonality and adequacy requirements of Fed. R. Civ. P. 23(a) and the predominance requirement of Fed. R. Civ. P. 23(b);

WHEREAS, Plaintiffs and Norampac (collectively, "Settling Parties") have agreed to the entry of this Preliminary Approval Order (hereinafter, the "Order");

WHEREAS, the Court has considered the Settlement Agreement, the proposed Notice Plan, and the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Settlement Agreement, certification of the Settlement Class and good cause appearing therefor:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**I.    JURISDICTION**

1.1    This Court has jurisdiction over this action and the Settling Parties.

**II. DEFINITIONS**

2.1    As used in this Order, the same definitions shall apply as set forth in the Settlement Agreement.

**III.    CERTIFICATION OF SETTLEMENT CLASS.**

3.1    Upon review of the record, the Court finds that the proposed Settlement Class under the Settlement Agreement meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). More specifically, and for purposes of this Settlement Agreement only, the Court finds as follows:

3.1.1    The Settlement Class is readily identifiable and is one for which records should exist;

3.1.2   Due to the nature of the trade and commerce involved there appear to be thousands of geographically dispersed class members making the members of the proposed Settlement Class, under the Settlement Agreement, sufficiently numerous to satisfy the numerosity requirement;

3.1.3   Plaintiffs' claims are typical of the claims of the members of the Settlement Class and therefore arise from the same common course of conduct giving rise to the claims of the members of the Settlement Class;

3.1.4   There are sufficient legal and factual issues common to the Settlement Class under the Settlement Agreement to meet the commonality requirement, including whether Defendants conspired or combined for the purpose and with the effect of fixing the price of Containerboard Products; whether Defendants' conduct violated the federal antitrust laws; and whether Defendants' conduct caused injury to the business or property of Plaintiffs and the members of the Settlement Class;

3.1.5   Questions of law and fact common to the Settlement Class under the Settlement Agreement predominate over any individualized questions;

3.1.6   Plaintiffs will fairly and adequately protect the interests of the Settlement Class, and have retained counsel skilled and experienced in antitrust class action litigation who do not have interests antagonistic to the Settlement Class and who have, and will continue to, adequately represent the Class; and

3.1.7   A class action is superior to individual actions.

3.2     Therefore, the Court hereby conditionally certifies the Norampac Settlement Class. For purposes of the Settlement, the Settlement Class is defined as:

> All persons who purchased Containerboard Products directly from any of the Defendants or their predecessors, subsidiaries or affiliates for use or delivery in the United States from at least as early as February 15, 2004 through November 8, 2010.
>
> Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action

3.3     In the event that the Settlement Agreement is ultimately disapproved, rescinded or otherwise fails to become effective, nothing in this Order shall prevent Norampac from contesting class certification in the Action.

3.4     The Court does not address or make any findings herein as to whether a plaintiff class may be certified in the Action for any purpose other than for purposes of this settlement.

## IV.     PRELIMINARY APPROVAL OF SETTLEMENT

4.1     Upon review of the record, the Court finds that the Settlement Agreement was arrived at by arm's-length negotiations by highly experienced counsel, and falls within the range of possible approval. Therefore, the Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that the Settlement and the terms of the Settlement Agreement satisfy the requirements of Federal Rules

of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given as provided in this Order.

## V. CLASS COUNSEL AND CLASS REPRESENTATIVES

5.1 Pursuant to the Court's Orders in this case, the following counsel have been designated as co-lead counsel for the Settlement Class ("Settlement Class Counsel"):

Michael J. Freed
FREED KANNER LONDON & MILLEN, LLC
2201 Waukegan Rd., Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Fax: (224) 632-4521

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 687-6611
Fax: (619) 687-6610

5.2 The following entities have been designated as Class Representatives: Kleen Products LLC, R.P.R. Enterprises, Inc., Mighty Pac, Inc., Ferraro Foods, Inc., Ferraro Foods of North Carolina, LLC, MTM Packaging Solutions of Texas, LLC, RHE Hatco, Inc., and Chandler Packaging, Inc.

## VI. NOTICE OF SETTLEMENT

6.1 Settlement Class Counsel have submitted proposed forms of Mail Notice and Summary Notice.

6.2 Settlement Class Counsel and Norampac have submitted the following plan: (a) for dissemination of notice to the Settlement Class, (b) to set the schedule for deadlines for mailing the Mail Notice, publishing the Summary Notice, and for giving notice of exclusion or objection to the Settlement by any member of the Settlement Class, and (c) to set a hearing date on final approval of the proposed Settlement ("the Notice Plan");

6.3     The Court finds that the forms of Notice Plan submitted in connection with the motion for preliminary approval, including individual notice to all members who can be identified through reasonable effort, constitutes the best notice practicable under the circumstances and is reasonably calculated to apprise Settlement Class Members of the proposed Settlement, to apprise Settlement Class Members of their right to exclude themselves or to object, and to provide valid, due and sufficient notice to all persons entitled thereto. The Court hereby approves the Notice Plan including the forms for Mail Notice and Summary Notice. The Court approves the following proposed schedule:

6.3.1     Within ten (10) days after the date of entry of the preliminary approval order, Settlement Class Counsel shall designate Rust Consulting Inc. as the Settlement Administrator who shall hereby be appointed by the Court to effectuate the Notice Plan and otherwise administer the Settlement.

6.3.2     Within forty five (45) days after the date of entry of the preliminary approval order, the Mail Notice will be sent by first class mail to all potential Settlement Class Members who can be identified through reasonable efforts;

6.3.3     The Summary Notice is to be published once in the national edition of *The Wall Street Journal* commencing no later than thirty-five (35) days after the date of entry of the preliminary approval order, or as soon thereafter as is feasible;

6.3.4     Any requests for exclusion from the Settlement Class must be received by no later than forty-five (45) days after the date of the sending of the notice;

6.3.5     Any objections to the Settlement, requests to be heard at the final approval hearing, or entry of a separate appearance for a Member of the Class must be filed with

7

the Court and served on Settlement Class Counsel and counsel for Norampac no later than forty-five (45) days after the date of the sending of the notice. Failure to timely file and serve written objections will preclude a class member from objecting to the proposed Settlement;

6.3.6   Settlement Class Counsel and/or Norampac may file with the Court any additional papers in support of approval of the Settlement Agreement fourteen (14) days before the final approval hearing.

6.3.7   Settlement Class Counsel shall file with the Court a motion for final approval of the Settlement Agreement fourteen (14) days before the final approval hearing.

6.3.8   Settlement Class Counsel shall file with the Court affidavit(s) or declaration(s) of the person(s) under whose general direction the mailing and publication of the Notices were made, showing that mailing and publication were made in accordance with the Order seven (7) days before the final approval hearing.

6.3.9   The Court will hold the final approval hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure at __9:00__ a.m./p.m. on __May 21, 2015__ 2015 at 219 S. Dearborn St., Courtroom 1941, Chicago, Illinois 60604.

6.4   The Court hereby approves the Notice Plan.

## VII.   OTHER PROVISIONS

7.1   The Court approves the establishment of an escrow account under the Settlement Agreement as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section

468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF.

7.2 Settlement Class Counsel are hereby authorized to withdraw without further order of the Court and prior to this Court's disposition of any motion for final settlement approval funds for payment of costs of administering the Settlement and providing notice to Members of the Settlement Class. In the event the Settlement Agreement shall terminate or be canceled or shall not become effective for any reason, Settlement Class Counsel are not obligated to refund the amount withdrawn from the Settlement Fund for payment of costs of providing notice to members of the Class and of administering that notice.

7.3 In the event that the Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund to Norampac (including accrued interest), less any amount that Settlement Class Counsel has withdrawn from the Settlement Fund for payment of costs of providing and administering notice to Members of the Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 7.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that Norampac is entitled to a refund of any portion of the Settlement, for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to Norampac from the Settlement Fund. Pursuant to the terms of the Settlement Agreement, upon completion of the payments set forth in the Settlement Agreement, Norampac shall have no further obligations or liabilities with respect to the Settlement Fund.

7.4     In the event that the Settlement Agreement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and such termination shall be without prejudice to the rights of Norampac, the Plaintiffs, and the Class including the rights of each to contest class certification and merits issues.

7.5     Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Norampac, nor shall any documents relating to the Settlement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order or if offered by Norampac in responding to any action purporting to assert Released Claims.

7.6     All proceedings as to Norampac in this Action are hereby stayed pending further order of the Court, except for proceedings provided for or required by the Settlement Agreement, such as proceedings relating to the determination of whether the Settlement Agreement will be finally approved.

7.7     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

SO ORDERED.

Dated this 17th day of February 2015.

Harry D. Leinenweber
United States District Court Judge