**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KLEEN PRODUCTS LLC, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTERNATIONAL PAPER, *et al.*,<br><br>    Defendants. | Civil Case No. 1:10-cv-05711<br><br>Hon. Harry D. Leinenweber<br><br>PUBLIC VERSION - REDACTED |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE REPLY
EXPERT REPORT OF DR. DOUGLAS ZONA AND NEW ANALYSES IN THE REPLY
EXPERT REPORT OF DR. MARK DWYER**

Plaintiffs concede that Dr. Zona was disclosed six months after the June 2014 deadline established by this Court's Scheduling Order ("SO"), and that he and Dwyer are now offering new, "additional analyses." Plts' Opp. to Mot. to Strike [Dkt. No. 853; "Opp."] at 2, 4, 9, 11. But the point of rebuttal is to defend the original methodology—not offer new and different methodologies purportedly reaching the same result. Plaintiffs' solution to their improper reply materials entails further class depositions, sur-reply expert reports, and sur-reply briefing—all of which would be required if Zona and Dwyer's new analyses are allowed. Opp. at 14. Allowing such a *de facto* restart of the class certification process would be unjust—particularly since Plaintiffs are emphatic that they will rely on the "original methodologies" and "original findings set forth in Dwyer's opening report," making Zona and Dwyer's new analyses unnecessary. Opp. at 2, 11 n.14; Class Cert. Reply [Dkt. No. 826] at 5.

## I. ZONA'S REPORT SHOULD BE STRICKEN IN ITS ENTIRETY

Plaintiffs argue that Zona's introduction for the first time on reply is permissible because the SO "does not explicitly preclude rebuttal expert reports" or new "rebuttal" experts. Opp. at 11.[1] But the SO as a whole cannot "fairly be read to bless expansion of the expert roster at the reply stage." *Oracle Am., Inc. v. Google Inc.,* No. C 10-03561WHA, 2011 WL 5572835, at *3 (N.D. Cal. Nov. 15, 2011). For example, Plaintiffs do not dispute that Zona's introduction would require departures from the SO—including a deposition of Zona, followed by sur-reply expert reports and briefing responding to his analyses. Opp. at 14. Plaintiffs claim that the resulting

---

[1] As Plaintiffs note, the SO allowed them to file a "reply in support of their motion for class certification . . . by December 19, 2014." Opp. at 12 (quoting SO ¶ 5). But as Plaintiffs' counsel acknowledged, this provision does not contemplate reply *expert reports* at all (*see* Tr. of 1/20/15 Status Hearing at 6:21-23 (hereinafter "Tr."), Mot. to Strike Ex. A), much less the disclosure of an entirely *new expert* on reply. Nor were Plaintiffs empowered by Rule 26(a)(2)(D)(ii) to file "rebuttal" reports in December—more than 30 days after the disclosure of Defendants' experts in September. *See* Rule 26(a)(2)(D)(ii) (rebuttal reports must be filed "within 30 days after the other party's disclosure").

prejudice to Defendants can be mitigated by deposing Zona on class *and* merits issues at the same time. *Id.* at 14. But that is precisely the sort of double-duty that the SO sought to avoid. SO ¶ 5 (class certification briefing done December 2014); SO ¶¶ 7-8 (merits expert disclosures and depositions February through July 2015). Moreover, Plaintiffs' proposed "solution" would delay the completion of class certification briefing by at least six months, even though the SO contemplated and the Court expected it to be done in December. Tr. at 3:20-23.

Plaintiffs also claim that they "could not have anticipated the nature of the attacks on" their original experts (Harris and Dwyer), which justifies their belated introduction of Zona on reply. Opp. at 15. But Zona is not a different *type of expert* offered to respond to a new defense theory interjected by Defendants' expert reports. *See* Opp. at 6 (citing "*Ernst v. City of Chicago*, No. 08 C 4370, 2013 U.S. Dist. LEXIS 127933, at *5, 7-13 (N.D. Ill. Sept. 9, 2013 (denying the defendants' motion to strike the sur-rebuttal report of a 'new and different type of expert')").[2] Instead, as in *Oracle*, Zona has exactly the same expertise as Dwyer. *See Oracle*, 2011 WL 5572835, at *3 (striking new expert introduced on reply where "[b]oth" the new expert and the original one "are economists"). Plaintiffs do not point to a single "issue raised by [the] opposition reports," the rebuttal of which "might require or be enhanced by some specialty of" Zona, nor do they suggest Dwyer "would have been unqualified to make [Zona's] reply points."

---

[2] In *Ernst*, the new expert offered "[a] different set of eyes with different training." *Id*. at *8. Moreover, the surrebuttal reports in *Ernst* were provided for "by the court's . . . order." *Id*. at *3. Thus, the facts in *Ernst* are completely different than those presented here. The same is true for *In re Steel Antitrust Litigation*, relied upon by Plaintiffs (Opp. at 6-7). In *Steel*, the plaintiffs identified a steel industry expert for the first time in reply. *Steel*, Dkt. 390 (Ex. 3), No. 08 CV 5214 (N.D. Ill. Oct. 15, 2013) (Zagel, J.). But plaintiffs had not offered a steel industry expert in their opening class certification papers, and submitted their new expert's analysis in reply only after defendants introduced the subject for the first time in response. Here, by contrast, Plaintiffs had already submitted opinions from two economists in support of their opening papers and now seek, belatedly, to offer a third with still more opinions in the same discipline.

*Id.* at *3. Rather, Plaintiffs claim they retained Zona to "verify the validity of Dr. Dwyer's opinions"—opinions that, to the extent they are defensible, Dwyer should be capable of defending. Opp. at 7. As in *Oracle*, "[a]ny reasonable reading of the case management scheduling order counsels against what [Plaintiffs are] now trying to do." 2011 WL 5572835, at *3.[3]

## II. ZONA AND DWYER'S NEW ANALYSES ARE IMPROPER

Plaintiffs readily admit that Dwyer and Zona are offering "additional" analyses on reply but say these new analyses are appropriate because they are "explicitly aimed" at rebutting Defendants' criticisms of Dwyer's original work. Opp. at 2, 4, 8; *see also* Mot. at 1, 5-6. Plaintiffs cite *Sloan Valve Co. v. Zurn Industries, Inc.,* No. 10-C-204, 2013 WL 3147349, at *2-3 (N.D. Ill. June 19, 2013), for the proposition that "new calculations were responsive to criticisms and proper for a reply report." Opp. at 7. In fact, *Sloan* rejects Plaintiffs' unbounded view of "rebuttal."

In *Sloan*, plaintiff's expert "calculated damages based on collateral unit sales" in his original report. 2013 WL 3147349, at *2. In his reply, the expert calculated damages *using the same methodology*, but this time with (i) new cost data that defendant had previously "failed to produce" and (ii) "un-weighted ratios" that had been calculated and disclosed in his original report. *Id*. at **2-3. The court held this was appropriate—the methodology stayed the same, and the updates to his damages calculation were based on information previously unavailable or

---

[3] Plaintiffs claim that *Oracle* is distinguishable because the court there "found that the submission of a new expert report on reply impermissibly violated the existing scheduling order," whereas here "the SO does not preclude Plaintiffs from submitting rebuttal reports, including one from a new expert." Opp. at 7-8. But *Oracle* held that, even where reply expert reports are allowed, introducing a brand-new expert on reply is "unfair" and "frustrate[s] case management objectives." 2011 WL 5572835, at *3. The same can be no less true where the SO does *not* explicitly allow for reply expert reports.

already in the original report.

By contrast, in the next section of *Sloan*—which Plaintiffs ignore—the court struck a new damages analysis that is *directly* analogous to what Dwyer and Zona have submitted on reply. Like Dwyer and Zona, the expert in *Sloan* offered his new analysis as a "respon[se] to [defendant's expert's] concerns." *Id.* at *3. But the court held:

> [Plaintiff] does not contest that Schedule 20.0 is a *new, alternative collateral sales calculation* for sales that [the parties] would have expected in 2006 while conducting a hypothetical negotiation for a license. In addition, [plaintiff] does not challenge [defendant's] assertion that [plaintiff] had access to all of the data at issue in Schedule 20.0 before [plaintiff's expert] completed his Initial Report.
>
> *Based on the submissions, [defendant] has established that Schedule 20.0 is a new opinion regarding damages and thus not appropriate for the Reply Report.* Accordingly, the Court strikes Schedule 20.0 from the Reply Report.

*Id.* at *3-4 (emphasis added). Thus, under *Sloan,* an expert cannot offer a new methodology using data available when he prepared his initial report, even if that new methodology is couched as a "response" to the other parties' criticisms. *Id.* at *3. *Accord Bowman v. Int'l Bus. Mach. Corp.*, No. 1:11-cv-0593-RLY-TAB, 2013 WL 1857192, at *6 (S.D. Ind. May 2, 2013) (rejecting argument that "proper rebuttal encompasses the response to any matter raised by the opposition report and may even encompass the use of a different methodology so long as it rebuts the same subject matter identified in those reports").

In this case, Dwyer and Zona's new analyses fail *Sloan*'s test.

- Using data available to Plaintiffs for years, Dwyer's reply offers a ▮▮▮▮▮ ▮▮▮▮▮▮▮ that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dwyer Reply Rep. ¶ 138; Opp. at 4 n. 8. He ostensibly offers this ▮▮▮▮▮ assessment because Defendants said it was necessary but "missing from his original report." Opp. at 4. Dwyer's new ▮▮▮▮▮ model should be stricken.[4]

---

[4] In addition to *Sloan*, see *Ernst,* 2013 U.S. Dist. LEXIS 127993, at *4-5 ("The reply or surrebuttal is not an opportunity for the correction of any oversights in the party's initial report.")

- Dwyer ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ absent from his initial report. This is no accident: as Defendants pointed out (Mot. at 6)—and Plaintiffs do not dispute—Dwyer testified he had ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dwyer's newfound methodology admittedly utilizes data previously available. Opp. at 8-9. It is improper.

- Zona offers ▮▮▮ methods for measuring damages and his own new ▮▮▮ test. ▮▮▮ Mot. at 10 (discussing Zona Reply Rep. ¶ 32 (employing a new ▮▮▮); *id.* ¶¶ 33-46 (employing a new ▮▮▮)). Like the "new, alternative collateral sales calculation" in *Sloan,* they should be stricken.[5]

### III. PLAINTIFFS' TACTICS ARE NEITHER JUSTIFIED NOR HARMLESS

Plaintiffs claim that their "*submission of the rebuttal reports* was justified and harmless." Opp. at 13 (emphasis added). But Plaintiffs offer no "justification" for the belated introduction of a wholly new expert under the guise of "rebuttal"—forbidden by the SO—and the inclusion of entirely new analyses and methodologies—forbidden by Rule 26(a). The introduction of a new expert on reply is a "highly unusual maneuver" that "is inherently unfair." *Oracle*, 2011 WL 5572835, at *4. So is submitting 200 pages of expert reports littered with new empirical analyses on reply.

Nor are Plaintiffs' tactics "harmless." Defendants should not be required to redo class certification proceedings in 2015, at a time when Defendants are *also* addressing the merits.

---

(relied on by Plaintiffs, *see* Opp. at 6). As *Ernst* reflects, Plaintiffs cannot simply redo their analyses to correct mistakes made in the initial reports. For example, there is nothing surprising about the need to compare actual and "but-for" prices to establish impact—indeed, the cases relied on by *Plaintiffs* reflect the use of "but-for" analysis in establishing common impact. *See*, *e.g., In re Nexium Antitrust Litig.*, 2015 WL 265548, at *12 (1st Cir. Jan. 21, 2015) (submitted as supplemental authority, Dkt. No. 848) (plaintiffs' expert "calculate[d] the but-for prices" in measuring impact).

[5] Plaintiffs claim that Zona's ▮▮▮▮▮▮▮ models simply "corroborate" the results of Dwyer's original model. Opp. at 10. But Plaintiffs cannot offer a faulty model to meet their burden of proof, and then try to "corroborate" it by introducing a new expert to offer new models allegedly reaching the same results.

Thus, Plaintiffs propose not only to benefit themselves by violating the SO, but also to force Defendants into unfair double-duty.

As Plaintiffs said in their class certification reply brief—and as their present Opposition confirms—the new analyses are entirely "unnecessary." Mot. at 2 (citation omitted). There is nothing prejudicial about forcing Dwyer to defend his original methodologies and prohibiting another, belatedly-disclosed econometrician—Zona—from trying to "corroborate" them. Opp. at 10. Defendants' Motion should be granted, and Plaintiffs should do what they already say they will—rely upon the models contained in their experts' initial reports.

For the reasons set forth above and in Defendants' Motion, the Court should strike the "reply" report of Zona in its entirety and the new analyses in Dwyer's "reply" report, specifically Dwyer's new customer matching analysis, Part II.E, ¶¶ 97-103; his new but-for impact model, Part II.F.6, ¶¶ 138-44; and his new damages analysis incorporating principal components he originally omitted, Part III.A, ¶¶ 149-51.

| | |
|---|---|
| Dated: March 2, 2015 | Respectfully submitted, |
| /s/ *James T. McKeown* | /s/ *Ryan A. Shores* |
| Nathan P. Eimer | D. Bruce Hoffman |
| Susan M. Razzano | Ryan A. Shores |
| EIMER STAHL LLP | HUNTON &WILLIAMS LLP |
| 224 South Michigan Avenue, Suite 1100 | 2200 Pennsylvania Avenue, NW |
| Chicago, IL 60604-2516 | Washington DC 20037-1701 |
| Telephone: (312) 660-7600 | Tel: (202) 955-1500 |
| Facsimile: (312) 698-1718 | Fax: (202) 778-2201 |
| neimer@eimerstahl.com | bhoffman@hunton.com |
| srazzano@eimerstahl.com | rshores@hunton.com |
| | |
| James T. McKeown | James R. Figliulo |
| Brett H. Ludwig | FIGLIULO & SILVERMAN, P.C. |
| Trent M. Johnson | 10 South LaSalle Street, Suite 3600 |
| FOLEY & LARDNER LLP | Chicago, Illinois 60603 |
| 777 East Wisconsin Ave. | Tel.: (312) 251-4600 |
| Milwaukee, WI 53202 | Fax: (312) 251-4610 |
| Telephone: (414) 271-2400 | jfigliulo@fslegal.com |
| Facsimile: (414) 297-4900 | |
| jmckeown@foley.com | *Attorneys for Georgia-Pacific LLC* |
| bludwig@foley.com | |
| tjohnston@foley.com | /s/ *Britt M. Miller* |
| | Andrew S. Marovitz |
| Joanne Lee | Britt M. Miller |
| FOLEY & LARDNER LLP | Matthew D. Provance |
| 321 N. Clark. St., Ste. 2800 | Joshua A. Faucette |
| Chicago, IL 60654 | MAYER BROWN LLP |
| Telephone: (312) 832-4500 | 71 South Wacker Drive |
| Facsimile: (312) 832-4700 | Chicago, IL 60606 |
| jlee@foley.com | Telephone: (312) 782-0600 |
| | Facsimile: (312) 701-7711 |
| *Counsel for International Paper Company* | amarovitz@mayerbrown.com |
| | bmiller@mayerbrown.com |
| | mprovance@mayerbrown.com |
| | jfaucette@mayerbrown.com |
| | |
| | *Counsel for Temple-Inland Inc.* |

| | |
|---|---|
| /s/ *Matthias A. Lydon* | /s/ *David Marx, Jr.* |
| Matthias A. Lydon | David Marx, Jr. |
| James F. Herbison | Stephen Y. Wu |
| Michael P. Mayer | Michelle S. Lowery |
| WINSTON & STRAWN LLP | McDermott Will & Emery LLP |
| 35 West Wacker Drive | 227 W. Monroe Street, Suite 4400 |
| Chicago, Illinois 60601 | Chicago, Illinois 60606 |
| Telephone: (312) 558-5600 | Telephone: (312) 372-2000 |
| Facsimile: (312) 558-5700 | Facsimile: (312) 984-7700 |
| mlydon@winston.com | dmarx@mwe.com |
| mmayer@winston.com | swu@mwe.com |
| jherbison@winston.com | mslowery@mwe.com |
| | |
| *Attorneys for RockTenn CP, LLC* | Megan Morley |
| | McDermott Will & Emery LLP |
| | The McDermott Building |
| | 500 North Capitol Street, NW |
| | Washington, DC 20001 |
| | Telephone: (202) 756-8000 |
| | Facsimile: (202) 756-8087 |
| | mmorley@mwe.com |
| | |
| | *Counsel for Weyerhaeuser Company* |

PUBLIC VERSION - REDACTED

## CERTIFICATE OF SERVICE

      I, Britt M. Miller, an attorney, hereby certify that on March 2, 2015, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE REPLY EXPERT REPORT OF DR. DOUGLAS ZONA AND NEW ANALYSES IN THE REPLY EXPERT REPORT OF DR. MARK DWYER – REDACTED VERSION**, to be filed electronically and served electronically pursuant to the Court's orders in the captioned matter. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                             */s/ Britt M. Miller*
                                                             Andrew S. Marovitz
                                                              Britt M. Miller
                                                              MAYER BROWN LLP
                                                              71 South Wacker Drive
                                                              Chicago, IL 60606
                                                              Telephone: (312) 7820600
                                                             Facsimile: (312) 7017711
                                                             amarovitz@mayerbrown.com
                                                             bmiller@mayerbrown.com