IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLEEN PRODUCTS LLC, *et al.* individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL PAPER, *et al.*,<br><br>Defendants. | Case No. 1:10-cv-05711<br><br>Hon. Harry D. Leinenweber |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

WHEREAS, Plaintiffs Kleen Products LLC, R.P.R. Enterprises, Inc., Mighty Pac, Inc., Ferraro Foods, Inc., Ferraro Foods of North Carolina, LLC, MTM Packaging Solutions of Texas, LLC, RHE Hatco, Inc., and Chandler Packaging, Inc. (collectively, "Plaintiffs"), on behalf of the Settlement Class, as defined below, by and through their counsel of record, have asserted claims for damages against Defendants Packaging Corporation of America, International Paper, Cascades Canada, Inc., Norampac Holdings U.S. Inc., Weyerhaeuser Company, Georgia Pacific LLC, Temple-Inland Inc., TIN Inc., and Smurfit-Stone Container Corporation (collectively, "Defendants") resulting from alleged violations of federal antitrust laws;

WHEREAS, desiring to resolve any and all disputes in this action, Plaintiffs have entered into and executed a Settlement Agreement with Defendant Cascades Canada ULC and its subsidiary Norampac Holdings U.S., Inc. (collectively "Norampac"), which, if approved by the Court, will result in the settlement of all claims against Norampac;

WHEREAS, Norampac denies any wrongdoing or liability for any of the allegations made by Plaintiffs, and it is agreed between and among the parties that the Settlement Agreement

shall not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by Norampac or any other person or entity;

WHEREAS, in full and final settlement of the claims asserted against it in this action, Norampac has paid the Settlement Amount, Four Million Eight Hundred Thousand Dollars ($4,800,000);

WHEREAS, Norampac has agreed to provide cooperation to Plaintiffs in furtherance of the continuing prosecution of this action;

WHEREAS, on February 17, 2015 this Court issued an order ("Preliminary Approval Order") granting preliminary approval of the Settlement Agreement, directing the notice be given to the Class and, conditionally certifying the Plaintiffs' Settlement Class ("Settlement Class");

WHEREAS, the parties to the Settlement Agreement have agreed to the certification of the Settlement Class as a condition of settlement;

WHEREAS, the conditionally certified Settlement Class of direct purchasers of Containerboard Products in the United States during the Class Period is defined in the Settlement Agreement;

WHEREAS, the Settlement Class under the Settlement Agreement was conditionally certified for the purposes of settlement, because the Settlement Class meets the numerosity, typicality, commonality and adequacy requirements of Fed. R. Civ. P. 23(a) and the predominance requirement of Fed. R. Civ. P. 23(b);

WHEREAS, Co-Lead Counsel have been appointed as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g);

WHEREAS, Notice of the Settlement was given to members of the Class by direct mailing and publication in a timely manner in the manner directed by the Court, and Class Members were afforded the opportunity to object or otherwise comment on the Settlement; or to request exclusion from the Settlement Class;

WHEREAS, Plaintiffs and Norampac have agreed to the entry of this Final Approval Order (hereinafter, the "Order");

WHEREAS, an opportunity to be heard was given to all persons requesting to be heard in accordance with this Court's orders; the Court has reviewed and considered the terms of the Settlement, the submission of the parties in support thereof and any comments received in Response to the Notice, and after holding a hearing on May 21, 2015; and

WHEREAS, this is no just reason for delay;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

I.     **JURISDICTION**

1.1     This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

II.     **DEFINITIONS**

2.1     As used in this Order, the same definitions shall apply as set forth in the Settlement Agreement.

III.     **CERTIFICATION OF SETTLEMENT CLASS**

3.1     Upon review of the record, the Court reaffirms its finding in the order of Preliminary Approval that the Settlement Class meets the requirements of Federal Rules of Civil Procedure

23(a) and 23(b)(3). More specifically, and for purposes of this Settlement Agreement only, the Court finds as follows:

    3.1.1    The Settlement Class is readily identifiable and is one for which records should exist;

    3.1.2    Due to the nature of the trade and commerce involved and based upon transactional records produced in discovery by Defendants, there appear to be thousands of geographically dispersed class members making the members of the proposed Settlement Class, under the Settlement Agreement sufficiently numerous to satisfy the numerosity requirement;

    3.1.3    Plaintiffs' claims are typical of the claims of the members of the Settlement Class and therefore arise from the same common course of conduct giving rise to the claims of the members of the Settlement Class;

    3.1.4    There are sufficient legal and factual issues common to the Settlement Class under the Settlement Agreement to meet the commonality requirement, including whether Defendants conspired or combined for the purpose and with the effect of fixing the price of Containerboard Products; whether Defendants' conduct violated the federal antitrust laws; and whether Defendants' conduct caused injury to the business or property of Plaintiffs and the members of the Settlement Class;

    3.1.5    Questions of law and fact common to the Settlement Class under the Settlement Agreement predominate over any individualized questions;

   3.1.6  Plaintiffs will fairly and adequately protect the interests of the Settlement Class and do not have interests antagonistic to the Settlement Class, and have retained counsel skilled and experienced in antitrust class action litigation who have, and will continue to, adequately represent the Class; and

   3.1.7  A class action is superior to individual actions.

3.2  The description of the Settlement Class defined in this order is identical to the litigation class certified by this Court by order dated March 26, 2015.

3.3  Therefore, the Court hereby certifies for purposes of Settlement, a Settlement Class defined as:

> All persons who purchased Containerboard Products directly from any of the Defendants or their predecessors, subsidiaries or affiliates for use or delivery in the United States between February 15, 2004 and November 8, 2010.
>
> Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant.
>
> Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

### IV. FINAL APPROVAL OF SETTLEMENT

4.1  Upon review of the record, the Court finds: that the Settlement Agreement was arrived at by arm's-length negotiations by highly experienced counsel assisted by a well-respected mediator, there is no reason to doubt its fairness; and there is a reasonable basis for holding that the Settlement and the terms of the Settlement Agreement satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process.

4.2     Pursuant to the Court's Orders in this case, the following counsel have been designated as co-lead counsel for the Settlement Class ("Settlement Class Counsel"):

| | |
|---|---|
| Michael J. Freed | Daniel J. Mogin |
| FREED KANNER LONDON & MILLEN, LLC | THE MOGIN LAW FIRM, P.C. |
| 2201 Waukegan Rd. – Suite 130 | 707 Broadway, Suite 1000 |
| Bannockburn, IL 60015 | San Diego, CA 92101 |
| Telephone: (224) 632-4500 | Telephone: (619) 687-6611 |
| Fax: (224) 632-4521 | Fax: (619) 687-6610 |

4.3     The following entities have been designated as Class Representatives of the Settlement Class: Kleen Products LLC, R.P.R. Enterprises, Inc., Mighty Pac, Inc., Ferraro Foods, Inc., Ferraro Foods of North Carolina, LLC, MTM Packaging Solutions of Texas LLC, RHE Hatco, Inc., and Chandler Packaging, Inc.

4.4     Plaintiffs have provided proof to the Court that mail and publication notice were given to the Settlement Class conforming to the requirements set forth the Preliminary Approval Order.

4.5     The Court finds that the Notice and the Notice Plan constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and fairness hearing and constituted due and sufficient notice for all other purposes to all persons and entities entitled to receive notice.

4.6     The Court further finds that the Notice and Notice Plan provided members of the Settlement Class with sufficient notice and opportunity to object to the settlement or to request exclusion.

## V. DISMISSAL OF ACTION AND RELEASE OF CLAIMS

5.1 As to Norampac and other Releasees only, the pending action is dismissed with prejudice, on the merits, and except as provided for in the Settlement Agreement. This dismissal shall not affect, in any way, Releasors' right to pursue claims, if any, outside the scope of the Release set forth in the Settlement Agreement.

5.2 The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry of Judgment, as a Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for Norampac.

5.3 Upon the occurrence of the Effective Date, Releasees shall be released, acquitted and forever discharged from the Released Claims by Releasors as provided in the Settlement Agreement.

5.4 This Final Judgment does not settle or compromise any claims by Plaintiffs or the Settlement Class against Norampac or other persons or entities other than the Released Claims against Releasees by Releasors, and all rights against Releasees or any other Defendant or other person or entity are specifically reserved.

5.5 Settlement Class Members specifically reserve all rights against any person or entity other than the Norampac Releasees for sales made by the Norampac Releasees.

5.6 Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction for the purposes of: (a) enabling any of the Settling Parties to apply to this Court at any time for such further orders and directions as may be necessary and appropriate for the

construction or carrying out of the Settlement Agreement and this Final Judgment, (b) for the enforcement of compliance herewith, and (c) for Class counsel to apply to the Court for the payment of fees or to obtain a disbursement for payment of expenses from the Settlement Fund as provided in the Settlement Agreement.

SO ORDERED.

Dated this 21st day of May, 2015.

_____
Harry D. Leinenweber
United States District Court Judge