**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KLEEN PRODUCTS LLC, *et al.*, individually and on behalf of all those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INTERNATIONAL PAPER CO., *et al.*,<br><br>　　　　　Defendants. | Case No. 1:10-cv-05711<br><br>Hon. Harry D. Leinenweber |

## **INDEX OF EXHIBITS**

**Exhibit A:**　　Proposed Form of Mail Notice

**Exhibit B:**　　Proposed Form of Summary/Publication Notice

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

# Kleen Products LLC et al. v. International Paper, et al., Case No. 1:10-cv-05711

TO:  All Members of the Certified Litigation Class
AND
All Members of the PCA and Norampac Settlement Classes That Submitted Claim Forms to the Settlement Administrator by July 15, 2018

## Notice of Motions

(1)   For Approval of Final Distribution of All Settlement Funds, Including:
  (i) Distribution of Remaining Proceeds in the Three-Defendant Settlement Fund,
  (ii) Adoption of the Plan of Distribution for the PCA and Norampac Settlement Funds, and
  (iii) Final Determinations of Qualified Claims, Allowed Claims, Allowed Purchases and Payment Amounts to Qualified Claimants;
(2)   For Reimbursement of Unpaid Expenses of Class Counsel;
(3)   For an Award of Attorneys' Fees from the PCA and Norampac Settlement Funds; and
(4)   For an Award of Incentive Fees to Class Representatives

**If You Directly Purchased Containerboard Products Between February 15, 2004 through November 8, 2010, And Did Not Timely Exclude Yourself from the Certified Litigation Class or the PCA or Norampac Settlement Classes You are Members of These Classes and Submitted a Claim Form to the Settlement Administrator by July 15, 2018 Your Rights May Be Affected by This Notice**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- Please read this notice carefully. Your legal rights are affected whether you act or do not act.  Your rights and the deadlines for exercising your rights are explained in this Notice.

- *Kleen Products LLC et al. v. International Paper, et al*., is a class action lawsuit pending in the United States District Court for the Northern District of Illinois involving the price of Containerboard Products purchased directly from the Defendants between February 15, 2004 through November 8, 2010, for use or delivery in the United States.

- "Containerboard Products" include linerboard, corrugated medium, rollstock, corrugated sheets and corrugated products, including displays, boxes and other containers.

- This notice concerns distributions from settlements with: (i) Defendants International Paper Company, Temple-Inland Inc. and Weyerhaeuser Company ("Three-Defendant Settlement"), (ii) Packaging Corporation of America ("PCA") ("PCA Settlement") and (iii) Norampac ("Norampac Settlement").

    - On November 20, 2018, the Settlement Administrator distributed a portion of the Three-Defendant Settlement, as previously approved by the Court. Claimants were advised of their Allowed Claims, Allowed Purchase Amounts and Payment Amounts. Qualified Claimants were issued checks or wire transfers.

    - The motions subject to this Notice seek certain court approvals for a second and final distribution to Qualified Claimants of the balance of the Three-Defendant Settlement Fund, distribution of the balance of the PCA and Norampac Settlement Funds and to finalize Allowed Claims and Claimants, Allowed Purchases and Payment Amounts.

    - **No new claims forms will be sent or required for Qualified Claimants to participate in any of the subject distributions.**

- Plaintiffs have filed motions:

    (1) For Approval of Final Distribution of All Settlement Funds, Including:

    (i) Distribution of Remaining Proceeds in Three-Defendant Settlement Fund,

    (ii) Adoption of the Plan of Distribution (ECF Nos. 1382 & 1411) to the PCA and Norampac Settlement Funds, and

    (iii) Final Determinations of Qualified Claims, Allowed Claims, Allowed Purchases and Payment Amounts to Qualified Claimants;

    (2) For Reimbursement of Unpaid Expenses of Class Counsel;

    (3) For an Award of Attorneys' Fees from the PCA and Norampac Settlement Funds; and

    (4) For an Award of Incentive Fees to Class Representative.

    You may view the motions at www.containerboardproductscase.com.
    No new claim forms are required.

- On November 8, 2010, Plaintiffs filed a Consolidated Amended Complaint (the "Complaint") alleging that the Defendants participated in an unlawful conspiracy to fix, raise, maintain or stabilize the price of Containerboard Products at artificially high levels, including via various types of supply restrictions, in the United States in violation of Section 1 of the Sherman Act. Plaintiffs filed later amendments to the Complaint. The lawsuit claimed that any person or entity that purchased Containerboard Products *directly from any Defendant* during the Class Period paid a price higher than they otherwise would have paid in a competitive market. The lawsuit sought to recover three times the actual damages that Plaintiffs allege the Defendants' conduct caused, and injunctive relief, attorneys' fees and costs. Settling Defendants and the Non-Settling Defendants denied any liability.

- The Defendants included PCA, Norampac (also referred to as Cascades Canada, Inc./Norampac Holdings U.S., Inc.), International Paper Company ("IP"), Temple-Inland Inc. (now known as Temple-Inland LLC), TIN Inc. (now known as TIN LLC) ("collectively "TIN", Weyerhaeuser Company ("WY"), Georgia-Pacific LLC (GP), and WestRock CP, LLC (formerly known as Smurfit-Stone Container Corporation) ("WestRock") and included their predecessor companies (including Containerboard Products manufacturers merged with or acquired by them) and each of their subsidiaries or affiliates that sold Containerboard Products in the United States during the Class Period.

- A "direct purchaser" is a person or business that bought Containerboard Products directly from any of the Defendants, including their predecessors, affiliates, or subsidiaries at any time during the Class Period, rather than from an intermediary or a company that is not a Defendant, for use or delivery in the United States. A direct purchaser did not have to purchase exclusively from a Settling Defendant during the Class Period to be a Class Member. The Class Period is February 15, 2004 through November 8, 2010.

- On May 6, 2014, the Court granted Preliminary Approval of a settlement with Defendant PCA for $17.6 million and other consideration and approved the form of Notice. On September 3, 2014, the Court granted Final Approval to a settlement with Defendant PCA, including certification of the PCA Settlement Class, defined as "all persons who purchased Containerboard Products directly from any of the Defendants or their subsidiaries or affiliates for use or delivery in the United States between February 15, 2004 through November 8, 2010, subject to certain exclusions. (see below)

- On February 17, 2015, the Court granted Preliminary Approval of a settlement with Defendant Norampac for $4.8 million and other consideration and approved the form of Notice. On May 21, 2015, the Court granted Final Approval to a settlement with Defendant Norampac, including certification of the Norampac Settlement Class defined the same as the PCA Settlement Class.

- To date Class Plaintiffs have not sought approval of a Plan of Distribution, award of attorneys' fees, or reimbursement of expenses from the PCA or Norampac Settlement Funds. Nor have Class Plaintiffs sought class representative incentive awards for the eight representative Class Plaintiffs.

- On March 26, 2015, after contested class certification proceedings, the Court certified a Class to litigate the merits of this case (Certified Litigation Class") and the Seventh Circuit Court of Appeals affirmed this ruling on August 4, 2016. The Defendants then filed a Petition for Writ of Certiorari, seeking review by the United States Supreme Court, which was denied on April 17, 2017.

- The Certified Ligation Class includes:

    All persons who purchased Containerboard Products directly from any of the Defendants or their subsidiaries or affiliates for use or delivery in the United States during the Certified Class Period of February 15, 2004 through November 8, 2010.

    Specifically excluded from the Certified Class are the Defendants; officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from the Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his or her immediate family and judicial staff, and any juror assigned to this action.

- On August 1, 2017, the Court granted Preliminary Approval of a settlement with Defendants IP, TIN and WY for $354 million and other consideration, subject to a one-third holdback until certain conditions expired ("Three-Defendant Settlement") and approved the form of Notice. On October 17, 2017, the Court granted Final Approval of the settlement. The Court also granted an Interim Award of Attorneys' Fees and approved a Plan of Distribution from the Three-Defendant Settlement Fund.

- On August 3, 2017, the Court granted motions for summary judgment in favor of the Non-Settling Defendants (GP and Westrock) and on September 13, 2017, judgment was entered in their favor.

- On December 7, 2018, the Seventh Circuit Court of Appeals affirmed the judgment for the Non-Settling Defendants.

- On November 16, 2018, the holdback provisions of the Three-Defendant Settlement expired.

- "Claim Form" means a completed, Court- approved form submitted by a Class Member verifying the total Containerboard Products purchased during the Class Period and accompanied by the requisite supporting documentation.

- A "Claimant" is a Class Member that submitted a Claim Form to the Settlement Administrator by July 15, 2018. A "Qualified Claimant is a Class Member that submitted a Qualified Claim. A "Qualified Claim" is a timely and compliant Claim Form submitted by a Class Member to the Settlement Administrator supported by such evidence as required by the Claim Form or as otherwise determined by the Settlement Administrator, signed under penalty of perjury by an authorized person and complies with the Plan of Distribution, the Settlement Agreements and any other applicable orders of the Court.

- "Allowed" means approved and authorized for payment by the Settlement Administrator or the Court'. "Allowed Claim" means a Qualified Claim that has been Allowed. "Allowed Purchases" means the amount of claimed Containerboard Products purchases qualifying and allowed for payment. "Allowed Claimant" means a Qualified Claimant whose claim has been Allowed.

- "Payment Amount" means the amount paid to an Allowed Claimant based upon its pro rata share of all Allowed Purchases relative to the Distribution Amount.

- One purpose of this motion is to provide for a distribution of the balance of the Three-Defendant Settlement Fund together with distribution of the balance the PCA and Norampac Settlement Funds to Qualified Claimants and to finalize Allowed Claims and Claimants, Allowed Purchases and Payment Amounts.

- Other purposes of this motion are for Reimbursement of Unpaid Expenses incurred by Class Counsel in connection with this case of approximately $4,097,184.26 for an award of attorneys' fees from the PCA and Norampac Settlement Funds in the amount of $6,370,000 (28.4%) plus accrued interest, and for an award of Class Representative Incentive Awards in the aggregate amount of $350,000 for the named class representatives.[1]

- The Plan of Distribution and the Order Granting Motion for Final Approval of Plan of Distribution for the Three-Defendant Settlement established requirements for Qualified Claims and Qualified Claimants, Allowed Claims and Allowed Purchases, and Payment Amounts. It also included procedures for distribution of the settlement fund and claims procedures and approved two types of claims forms. One form included pre-populated purchase amounts based on Defendants' records produced during the case. A second form was not pre-populated and allowed Class Members the option to fill in purchase data and submit supporting documentation.

  - To participate in any distribution of settlement funds in the Three-Defendant Settlement, Class Members must have been recognized as the owner of an Allowed Claim. To determine the owner of an Allowed Claim, each Claim Form submitted was required to be examined by the Settlement Administrator who, under the supervision of Co-Lead Counsel, determined whether it was a Qualified Claim, whether the claim would be Allowed, and the amount of Allowed Purchases, subject to Court Order. Claim Forms that did not meet the submission requirements were required to be rejected. Prior to rejection of a claim, the Settlement Administrator through Claims

---

[1] If approved by the Court, Class Plaintiffs Ferraro Foods of North Carolina, LLC. and Ferraro Foods, Inc. will receive a single award of $50,000.

> Deficiency Notices, notified all Claimants whose claims were marked for rejection, in whole or in part, of their deficiency or ineligibility condition, explained the reason(s) for the deficiency or ineligibility conditions and requested either that the Claimants provide additional information necessary to remedy the deficiency or provided an opportunity for the Claimant to object to the determination. Claimants who received a Claims Deficiency Notice were allowed to contest the rejection of their Claim within 20 days after mailing of the Claims Deficiency Notice, by serving upon the Settlement Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting along with any supporting documentation. If a dispute about a claim was not resolved to the satisfaction of the Settlement Administrator and Class Member, Co-Lead Counsel reserved the right to present such disputes to the Court.

- The Settlement Administrator has received and processed a total of 13,828 Claim Forms and determined 10,795 are valid claims with no deficiencies. The Settlement Administrator also determined that 303 claims are valid, but deficient in their attempt to augment their claimed purchase amounts. More specifically, these claims sought a claimed purchase amount more than what was either evidenced through Defendant purchase records and/or supported by Claimant documentation. The Settlement Administrator rejected 2,730 claims as ineligible. Claimants were advised of the status of their claims throughout the process.

- The Settlement Administrator has recommended that the Court approve its administrative determination to accept late claims received by July 15, 2018, perfected claims received between July 15, 2018 and September 25, 2018, and all corrective correspondence received by September 25, 2018. The Settlement Administrator has further recommended that all deficient claims received after July 15, 2018 and claims received after September 25, 2018 be rejected as late because they could not be processed without delaying the progress of the administration. The Settlement Administrator has also recommended that any late corrective correspondence received after September 25, 2018 not be used to correct any outstanding deficiencies that remained as of September 25, 2018 for the same reason.

- After the time for filing claims ended, the Settlement Administrator issued to Co-Lead Counsel a report of the number of approved claims, and the total amount of allowed claims. The Settlement Administrator calculated the amount available for distribution after deducting all court-approved costs of Notice, Settlement Administration and Escrow, taxes and related expenses, other Court-ordered payments and additional reserves for future expenses and court-ordered attorneys' fees.

- Subject to Court approval, the review procedures and recommendations of the Settlement Administrator relating to distribution of settlement funds from the Three-Defendant Settlement shall also be applied to distributions from the PCA and Norampac Settlements and no claims forms will be sent or required in order for Qualified Claimants to participate in a distribution from the PCA Settlement or the Norampac Settlement

- On or about November 20, 2018, the Settlement Administrator began the first distribution of the Three-Defendant Settlement.

- Subject to court approval, Qualified Claimants who accept the Final Determinations by the Settlement Administrator of their Qualified Claims, Allowed Claims, Allowed Purchases and Payment Amounts of more than $10 from the **first** distribution of the Three-Defendant Settlement do not need to take any action to receive their pro rata payments from the **second** distribution from the Three-Defendant Settlement or any distributions from the PCA or Norampac Settlement Amounts.

- For further details, answers to frequently asked questions, and more information, see www.containerboardproductscase.com, call 888-764-8864, or write to Containerboard Products Class Action, c/o A.B. Data, Ltd., P.O. Box 173014, Milwaukee, WI 53217

**DO NOT CONTACT THE COURT OR THE CLERK OF COURT REGARDING THIS NOTICE.**

| LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT: | | |
|---|---|---|
| **YOU OR YOUR COMPANY MAY:** | **RESULT:** | **DUE DATE:** |
| **DO NOTHING** | You will remain part of the PCA Settlement Class, the Norampac Settlement Class and the Certified Ligation Class and will be bound by any resulting orders. If you are a Qualified Claimant and your Payment Amount is more than $10 you will receive your pro rata share of any distributions. | Not applicable |
| **OBJECT TO FINAL DETERMINATIONS OF YOUR CLAIM** | If you are a Class Member who submitted a Claim Form to the Settlement Administrator before July 15, 2018 you may object to the Final Determinations of by the Settlement Administrator of Your Qualified Claims, Allowed Claims, Allowed Purchases and Payment Amounts | Postmarked by XXXXX, 2019 |
| **OBJECT TO THE MOTIONS** | You may oppose any of the motions:<br><br>(1) For the Approval of Final Distribution, including Adoption of the Plan of Distribution for The PCA and Norampac Settlement Funds and;<br>(2) For Reimbursement of Unpaid Expenses;<br>(3) For an Award of Attorneys' Fees from the PCA and Norampac Settlement Funds; and<br>(4) For an award of Incentive Fees to Class Representatives.<br>If you oppose any of these motions you must support your opposition with documentation establishing your right to oppose any motion and your reasons for opposition. | Postmarked by XXXXX, 2019 |
| **ATTEND A HEARING** | The Court may hold a hearing on the Motions. You may write to the Court to ask permission to speak at the hearing | Postmarked by XXXXX, 2019 |

## DISTRIBUTION OF THE SETTLEMENT PROCEEDS

**1. How do we tell the Court we don't like the Motions or my Qualified Claims, Allowed Claims, Allowed Purchases or Payment Amounts?**

- If you filed a Claim Form to participate in the first distribution from the Three-Defendant Settlement and object to the determinations of Your Qualified Claims, Allowed Claims, Allowed Purchases or Payment Amounts you must support your motion with proof of purchase documentation relating to the total purchases for which you are submitting a claim. Supporting documentation should include the product

6

name, number of units, date of purchase, defendant purchased from, and net purchase amount. You may present the facts and law that you believe support your objection. You will not be represented by Co-Lead Counsel. However, you may be represented by your own attorney.

- If you are a Qualified Claimant, you can object to the Motions for Reimbursement of Unpaid Expenses; An Award of Attorneys' Fees from the PCA and Norampac Settlement Funds, or an Award of Incentive Fees to the Class Representatives. To object, you send a letter that includes:

  - A statement saying which motions you object to and the basis for your objection and your name, address, telephone number, and signature. (Deletion)

  - Proof that you are a Qualified Claimant such as your claim form and invoices showing you purchased Containerboard Products (linerboard, corrugated medium, rollstock, corrugated sheets and corrugated products, including displays, boxes and other containers) during the Class Period (February 15, 2004 through November 8, 2010) directly from the Defendants for use or delivery in the United States.

- Your ability to object will not apply to any objection made in a class you previously excluded yourself from or fall within the exclusions listed above.

Your objection must identify this case and case number and must be filed at this address, **postmarked by XXXXX, 2019.**

> Clerk of Court
> United States District Court
> for the Northern District of Illinois
> Everett McKinley Dirksen
> United States Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604

You must also mail copies of the objection to all the following, **postmarked by XXXXX, 2019**.

| Michael J. Freed | Daniel J. Mogin | Containerboard Products |
|---|---|---|
| FREED KANNER LONDON & MILLEN LLC | MOGINRUBIN LLP | P.O. Box 173014 |
| 2201 Waukegan Rd., Suite 130 | One America Plaza | Milwaukee, WI 53217 |
| Bannockburn, IL 60015 | 600 West Broadway, Suite 3300 | Telephone: (888) 764-8864 |
| Telephone: (224) 632-4500 | San Diego, CA 92101 | |
| Fax: (224) 632-4521 | Telephone: (619) 687-6611 | |

## THE HEARING

The Court may hold a hearing to decide whether to grant the motions. You may attend, but do <u>not have to do so</u>. <u>If you attend, you may ask to speak, but you don't have to participate.</u>

**2. When and where will the Court decide whether to approve the Proposed Settlement?**

The Court has set a Hearing Date at 10:00 a.m. on XXXXXX, 2019, in Courtroom 1941 at the United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At this hearing, the Court will give consideration to any properly filed motions and objections (Deletion) and may accept argument from people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Motions.

The Court may change the time and date of the Hearing and may also determine that no Hearing is required in order to make a ruling. Notice of any change will be posted at the courthouse or on the Court's website.

### 3. Do I have to come to the hearing?

If there is a hearing, you do not have to attend but you may come at your own expense. You may also pay your own lawyer to attend.

### 4. May I speak at the hearing?

You may ask the Court for permission to speak at the Hearing. To do so, you must send a letter stating:

- "Notice of Intention to Appear in *Kleen Products LLC, et al. v. International Paper, et al.*"
- The position(s) you will take on the Motions and your reasons.
- Your name, address, telephone number, and signature.
- Proof that you are a Qualified Claimant, such as described in Question 1, above.

Your Notice of Intention to Appear must identify this case and the case number and must be filed at this address, **postmarked by** XXXXXXX, 2019,

> Clerk of Court
> United States District Court
> for the Northern District of Illinois
> Everett McKinley Dirksen
> United States Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 1, above.

## THE LAWYERS REPRESENTING YOU AS A CLASS MEMBER

### 5. Are the lawyers seeking payment?

The Motions include a petition by Class Counsel for payment of attorneys' fees from the PCA and Norampac Settlement Funds. Class Counsel are also seeking Reimbursement of Unpaid Expenses from all of the Settlement Funds. No payment of attorneys' fees or reimbursement of expenses shall be made absent an order of the Court. Class Members shall have no obligation to pay any fees or expenses of Class Counsel.

## GETTING MORE INFORMATION

### 6. How do I get more information?

You can learn more about the litigation and distributions by visiting www.containerboardproductscase.com, calling 888-764-8864, or writing to Containerboard Products Class Action, c/o A.B. Data, Ltd., P.O. Box 173014, Milwaukee, WI 53217.

You may also write to any of Class Counsel at these addresses:

Michael J. Freed
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Rd., Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Fax: (224) 632-4521

Daniel J. Mogin
MOGINRUBIN LLP
One America Plaza
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 687-6611
Fax: (619) 687-6610

**Do not contact the Judge or the Clerk of Court regarding this settlement.**

## 7. Can I update my address?

Yes. If your address changes, please contact the Settlement Administrator by email at info@containerboardproductscase.com or by mail at Containerboard Products Class Action, c/o A.B. Data, Ltd., P.O. Box 173014, Milwaukee, WI 53217.

DATED: <mark>XXXXXX</mark>, 2019          BY ORDER OF THE COURT
                                                    UNITED STATES DISTRICT COURT
                                                    NORTHERN DISTRICT OF ILLINOIS

CONTAINERBOARD PRODUCTS CLASS ACTION
ADMINISTRATOR
c/o A.B. DATA, LTD.
PO BOX 173014
MILWAUKEE, WI 53217-8091

COURT-APPROVED NOTICE REGARDING
CONTAINERBOARD PRODUCTS CLASS ACTION

DATED MATERIAL—OPEN IMMEDIATELY
CBD_SS_54129S8

10

# EXHIBIT B

**Legal Notice**

Kleen Products LLC et al. v. International Paper, et al.,
Case No. 1:10-cv-05711
TO: All Members of the Certified Litigation Class AND
All Members of the PCA and Norampac Settlement Classes
That Submitted Claim Forms to the Settlement Administrator by July 15, 2018

Notice of Motions

(1) For Approval of Final Distribution of All Settlement Funds, Including:
 (i) Distribution of Remaining Proceeds in Three-Defendant Settlement Fund,
 (ii) Adoption of the Plan of Distribution for the PCA and Norampac Settlement Funds, and
 (iii) Final Determinations of Qualified Claims, Allowed Claims, Allowed Purchases and Payment Amounts to Qualified Claimants;
(2) For Reimbursement of Unpaid Expenses of Class Counsel;
(3) For an Award of Attorneys' Fees from the PCA and Norampac Settlement Funds and
(4) For an Award of Incentive Fees to Class Representatives

If You Directly Purchased Containerboard Products Between February 15, 2004 through November 8, 2010 and Did Not Timely Exclude Yourself from the Certified Litigation Class or the PCA or Norampac Settlement Classes You are Members of These Classes and Your Rights May Be Affected. If You are a Member of These Classes and Submitted a Claim Form to the Settlement Administrator by July 15, 2018 You are a Claimant and Your Rights as a Claimant and Distribution May Be Affected.

**What is This Notice About?**

*Kleen Products LLC et al. v. International Paper, et al.*, is a class action lawsuit involving the price of Containerboard Products purchased directly from the Defendants pending in the United States District Court for the Northern District of Illinois.

"Containerboard Products" include linerboard, corrugated medium, rollstock, corrugated sheets and corrugated products, including displays, boxes and other containers.

This notice concerns distributions from settlements with: (i) Defendants International Paper Company, Temple-Inland Inc. and Weyerhaeuser Company ("Three-Defendant Settlement"), (ii) Packaging Corporation of America ("PCA") ("PCA Settlement") and (iii) Norampac ("Norampac Settlement").

On November 20, 2018, the Settlement Administrator began distributing part of the Three-Defendant Settlement, as previously approved by the Court. Claimants were advised of their Allowed Claims, Allowed Purchase Amounts and Payment Amounts. Payments were made via check or wire transfer

The first listed motion provides for a second distribution of the balance of the Three-Defendant Settlement Fund together with distribution of the balance the PCA and Norampac Settlement Funds to Qualified Claimants and to finalize Allowed Claims and Claimants, Allowed Purchases and Payment Amounts. The other motions are for (i) Reimbursement of Unpaid Expenses incurred by class counsel of approximately $4,097,184.26, (ii) for an award of attorneys' fees from the PCA and Norampac Settlement Funds in the amount of $6,370,000, (28.4%) plus accrued interest, and (iii) for an award of incentive fees in the total amount of $350,000 for the eight class representatives. You may view the motions at www.containerboardproductscase.com.

**Who is a Class Member and Claimant?**

You are a Class Member if, between February 15, 2004 and November 8, 2010, you purchased Containerboard Products directly from any of the Defendants for use or delivery in the United States and you did not request to be excluded from the lawsuit by December 5, 2016. You are a Claimant and subject of this Notice if you are a Class Member and submitted a claim form to the Settlement Administrator

**Do We Need to Re-Submit Claim Forms?**
NO, new claim forms are not required and will not be accepted.

**What Are My Rights?**

You will remain part of the PCA Settlement Class, the Norampac Settlement Class and the Certified Ligation Class and will be bound by any resulting orders. If you are a Qualified Claimant and your Payment Amount is more than $10 you will receive your *pro rata* share of any distributions.

Qualified Claimants may object to the Final Determinations of Your Qualified Claims, Allowed Claims, Allowed Purchases and Payment Amounts. You may also oppose to any of the motions. If you oppose any of the motions, you must support your opposition with documentation establishing your right to oppose any motion and your reasons for opposition.

Additional information about your rights may be obtained in the manner referred to below.

**Hearing Date**

A Hearing is scheduled to be held at the United States District Court for the Northern District of Illinois in Courtroom 1941 at 10:00 a.m. on XXXXXXXXX. The date and location for this hearing may be changed on further Order of the Court.

**This is a Summary; Where Can I Get More Information?**

You can get complete Settlement information, including a copy of the full Notice, by visiting www.containerboardproductscase.com, calling 888-764-8864, or writing to Containerboard Products Class Action, c/o A.B. Data, Ltd., P.O. Box 173014, Milwaukee, WI 53217.

Do not contact the Court in about the Motions. If you have any questions you may contact Co-Lead Counsel for the Class:

| | |
|---|---|
| Michael J. Freed | Daniel J. Mogin |
| FREED KANNER LONDON & MILLEN LLC | MOGINRUBIN LLP |
| 2201 Waukegan Rd., Suite 130 | One America Plaza |
| Bannockburn, IL 60015 | 600 West Broadway, Suite 3300 |
| Telephone: (224) 632-4500 | San Diego, CA 92101 |
| Fax: (224) 632-4521 | Telephone: (619) 687-6611 |
| | Fax: (619) 687-6610 |

before July 15, 2018. A "Qualified Claimant" submitted a timely and compliant Claim Form to the Settlement Administrator by July 15, 2018 supported by such evidence as required by the Claim Form or as otherwise determined by the Settlement Administrator, signed under penalty of perjury by an authorized person. Additional information is contained in the full Notice available at www.containerboardproductscase.com